1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEX SOTO and VINCE EAGEN, on behalf of
themselves and all others similarly situated,

                            Plaintiffs,

      v.

AMERICAN HONDA MOTOR CO., INC.,

                            Defendant.
_____/

No. C 12-01377 SI

**ORDER DENYING MOTION FOR
RECONSIDERATION**

      On October 3, 2012, the Court denied a motion by defendant American Honda Motor Co., Inc. ("AHM") to compel arbitration and stay proceedings as to plaintiff Vince Eagen. On October 10, 2012, AHM filed a motion for leave to file a motion for reconsideration of the Court's order in light of a recent decision in this district. The Court granted that motion, and the parties have submitted briefs on the issue. Having considered the parties' papers and the evidentiary record, the Court hereby DENIES defendant's motion for reconsideration.

**BACKGROUND**

      Plaintiffs Vince Eagen and Alex Soto are current or former owners of 2008 Honda Accord automobiles manufactured by defendant AHM. They allege that the vehicles suffer from a systemic design defect that results in burning motor oil at a faster rate than intended.

      When Vince Eagen purchased his vehicle, he signed an Installment Sale Contract with the dealership San Leandro Honda, which assigned its rights in the contract to American Honda Finance Corp., Inc. ("AHFC"). The Installment Sale Contract contained an arbitration clause. However, defendant AHM was not a signatory to the Eagen/AHFC Installment Sale Contract. AHM seeks to

compel arbitration of Eagen's claims as a third party nonsignatory of the contract.

Originally, AHM argued four alternative grounds in its motion to compel arbitration: (1) the Installment Sale Contract directly incorporates third parties; (2) under the principle of equitable estoppel, AHM can compel arbitration pursuant to the Installment Sale Contract because Eagen must rely on the contract to assert his claims; (3) under an agency theory, it may compel arbitration because AHFC signed the arbitration agreement as AHM's agent; and (4) as an initial matter, the question of whether they may compel arbitration as a third-party nonsignatory must be decided by the arbitrator and not the courts.   The Court rejected each of these arguments.

## STANDARD OF REVIEW

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000)).  A motion for reconsideration may not be used to present arguments that were presented initially or "reasonably could have been raised" during the initial motion.  *Id.*  The district court has discretion to deny a motion for reconsideration. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

## DISCUSSION

In its motion for reconsideration, AHM argues that the Court should reconsider its denial of the motion to compel arbitration because: (1) there has been an intervening change in controlling law when another judge in the Northern District of California issued a ruling on similar facts granting a motion to compel arbitration; and (2) the Court committed clear error when it failed to consider the equitable estoppel legal argument, the fact that the Instalment Sale Contract excludes the warranties at issue, and the impact of Eagen's request for rescission.

**United States District Court**
For the Northern District of California

1   **1.        Whether There Has Been an Intervening Change in Controlling Law**

2           After the briefing was completed in AHM's initial motion for to compel arbitration, but before

3   the Court issued its Order, a similar case was decided in this district.  Magistrate Judge Laurel Beeler

4   granted defendant Mercedes-Benz's motion to compel arbitration as a third party nonsignatory to

5   plaintiff's Retail Installment Contract.  *Mance v. Mercedes-Benz USA*, CV 11-03717 LB, 2012 WL

6   4497369 (N.D. Cal. Sept. 28, 2012).  The facts in the *Mance* case are very similar to the facts in this

7   case, and the arbitration clause contains identical language to the arbitration clause in Eagen's

8   Installment Sale Contract.  *See* Mallow Decl., Ex C.

9           The *Mance* court found that Mercedes-Benz could compel arbitration under the same equitable

10  estoppel argument that was initially proffered by AHM.  The court found that:

11          upon examination, Mercedes–Benz should be allowed to compel Mr. Mance to arbitrate
            his claim because his claim "makes reference to or presumes the existence of" the
12          underlying contract. MercedesBenz's duty to comply with its warranty arose only when
            Mr. Mance bought the car. Had he not signed the contract, he would not have received
13          the warranty from Mercedes–Benz. In other words, his claim for breach of warranty is
            premised on, and arises out of, the contract. . . . In such a situation, it would not be fair
14          to allow Mr. Mance to rely upon his signing the contract to buy the car and get the
            warranty but to prevent Mercedes–Benz from attempting to enforce the contract's
15          arbitration clause.

16  *Mance*, 2012 WL 4497369 at *5.  The *Mance* court thus relies on a but-for theory of equitable estoppel

17  almost identical to the theory that was articulated by AHM and the court in *Lau v. Mercedes-Benz USA,*

18  *LLC*, CV 11-1940 MEJ, 2012 WL 370557 (N.D. Cal. Jan. 31, 2012), which was cited throughout

19  AHM's moving papers.  However, the *Mance* court does not distinguish its holding from two other very

20  recent and very similar cases, *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices &*

21  *Products Liab. Litig.*, 828 F. Supp. 2d 1150 (C.D. Cal. 12/12/11), and *In re Toyota Motor Corp.*

22  *Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 838 F. Supp. 2d 967, 990

23  (C.D. Cal. 3/12/12).  Because these cases were not even mentioned in the opinion, it is possible that they

24  were not brought to the attention of the *Mance* court.  However, this Court has had the opportunity to

25  consider both cases, and finds their logic very persuasive.

26          As this Court explained in its Order, it is not persuaded by the logic that the *Mance* court relies

27  on.  The *Mance* court cites to another district court case for the legal standard for equitable estoppel, of

28  whether the claim "makes reference to or presumes the existence of the written agreement."  *Fujian Pac.*

*Elec. Co. Ltd. v. Bechtel Power Corp.*, C 04-3126 MHP, 2004 WL 2645974, at *5 (N.D. Cal. Nov. 19, 2004). But the Ninth Circuit has since clarified the equitable estoppel test that district courts must use: whether there is "a close relationship between the entities involved" and whether "the claims were intertwined with the underlying contractual obligations." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009) (citing *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Resin & Fiber Intermediates, S.A.S.*, 269 F.3d 187, 201 (3rd Cir. 2009)).

In *Mundi*, the Ninth Circuit affirmed the district court's denial of the defendant's motion to compel arbitration as a third party nonsignatory because it found that the claims were not intertwined with the underlying action. The *Mundi* court did not use the "but-for" test or the "makes reference to" test that AHM advocates. The defendant in *Mundi* had issued an insurance policy to cover a loan taken out by the plaintiff's decedent spouse. *Id.* at 1043. The insurance policy did not contain an arbitration agreement, but the loan agreement with a third party did contain an arbitration clause. *Id.* Plaintiff claimed that defendant owed him money on the insurance policy that defendant refused to pay because it claimed that the decedent had lied about her health. *Id.* at 1044. Thus, plaintiff's claims necessarily "made reference to" the loan agreement, because, "but for" the loan agreement, defendant would not have issued the insurance policy. However, the Ninth Circuit found that the claims were not intertwined with the loan agreement because "[t]he resolution of [the plaintiff's] claim does not require the examination of any provisions of the [contract]" and the plaintiff was not making any allegations against the other signatory of the contract. *Id.* at 1047.

As the Court explained in its Order, Eagen's product liability claims do not rely on any provisions of the Installment Sale Contract. Instead, he relies on express warranties from AHM's warranty booklet and implied warranties from marketing materials. Indeed, the Installment Sale Contract expressly disclaims any warranties. Moreover, as in *Mundi*, Eagen is not alleging any wrongdoing by the signatory of the Installment Sale Contract, AHFC. The *Mance* court and AHM's theory that, but for the sales contract there could be no warranty claim, is contradicted by *Mundi*. Eagen's claims against AHM for defects in his Honda Accord are not intertwined with the mere fact that Eagen purchased his vehicle with an installment sales contract. *See In re Toyota Motor Corp. Hybrid Brake Mktg.*, 828 F. Supp. 2d at 1161; *In re Toyota Motor Corp. Unintended Acceleration Mktg.*, 838

F. Supp. 2d at 991.

Accordingly, and in light of the recent *Toyota Motor Corp.* cases, the Court does not find *Mance* persuasive.  Moreover, the *Mance* theory of equitable estoppel is the same theory initially presented to the Court by AHM, and the Court has already rejected this interpretation of the law.  Therefore, the Court finds that there has been no intervening change in controlling law.

**2.      Whether the Court Committed Clear Error or Was Manifestly Unjust**

AHM also argues that the Court should reconsider its Order because the Court failed to consider three different material facts or arguments, and therefore the Court committed clear error or was manifestly unjust.

First, AHM argues that the Court did not properly consider the law on equitable estoppel, saying that the Court "dismisses the first type as inapplicable 'because it concerns a signatory seeking to compel a nonsignatory to arbitrate.'"  Defendant's Mot. 7 (quoting Order 5-6).  The Ninth Circuit has recognized two types of equitable estoppel in the arbitration context.  "In the first, a *nonsignatory* may be held to an arbitration clause where the nonsignatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement."  *Mundi*, 555 F.3d at 1046 (emphasis added).  As the Court explained, this type does not apply to the instant case, because Eagen is a *signatory* to the arbitration clause, and it is AHM as a *nonsignatory* which is seeking to compel arbitration.  However, the Ninth Circuit has also recognized a second type of equitable estoppel, where a *nonsignatory* is seeking to compel a *signatory* to arbitrate.  *Id.* at 1047 (citing *Brantley v. Republic Mortgage Insurance Co.*, 424 F.3d 392 (4th Cir.2005), and applying it in a case where the nonsignatory insurer was seeking to compel the signatory plaintiff to arbitrate his claims).  This Court applied the equitable estoppel test that was used in *Mundi*, as was appropriate because, just as in *Mundi*, in this case the *nonsignatory* is seeking to compel a *signatory* to arbitrate his claims.  Therefore, the Court properly considered the law on equitable estoppel.

Second, AHM argues that the Court did not properly consider the warranty disclaimer in the Installment Sale Contract.  The contract explicitly states that "the seller makes no warranties . . . on the vehicle," but the warranty disclaimer "does not affect any warranties covering the vehicle that the

manufacturer may provide."  AHM argues that the second sentence has the effect of incorporating the manufacturer's warranties into the Installment Sale Contract.  This argument is belied by the plain language of the contract.  The disclaimer merely distinguishes between warranties made by the signatory, AHFC, and warranties made by nonsignatory AHM.  By specifically *exempting* warranties made by AHM, this clause underscores the fact that Eagen cannot rely on the Sales Installment Contract for his warranty claims, and it in no way "incorporates" AHM's product warranties.  Therefore, the Court did not fail to properly consider the warranty disclaimer.  *See* Order at 6, 8.  Furthermore, this argument could have reasonably been raised during the initial motion, and is therefore not a proper basis for reconsideration.

Finally, AHM argues that the Court failed to address the impact of Eagen's request for rescission.  Eagen asks, as alternative relief, that the Installment Sale Contract be rescinded.  AHM argues that this requested remedy "necessarily validates" its equitable estoppel argument.  Defendant's Motion at 8-9.  However, AHM cites no law in support of its argument.  On the contrary, the Ninth Circuit is clear that an equitable estoppel inquiry focuses on the intertwining of the *claims* with the contract, and has nothing to do with the relief requested.  AHM also argues that the rescission request bolsters its agency argument because AHFC will be directly affected if this relief is granted.  However, the agency inquiry, like the equitable estoppel inquiry, is focused on whether the plaintiff's *claims* arise out of the contract containing the arbitration agreement.  *Britton v. Co-op Banking Group*, 4 F.3d 742, 747 (9th Cir.1993).  AHM cites no law for the proposition that the agency inquiry must also include the remedy.  Moreover, AHM raised this argument for the first time in its reply brief, and "arguments not raised by a party in its opening brief are deemed waived."  *United States v. Romm*, 455 F.3d 990, 997 (9th Cir.2006) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).  Therefore, the Court may deny the motion for reconsideration, because it "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (affirming denial of reconsideration).

*///*

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's Motion for Reconsideration of the Court's Order Denying the Motion to Compel Arbitration.  (Docket No. 50).

**IT IS SO ORDERED.**

Dated: November 20, 2012

_Susan Illston_
SUSAN ILLSTON
United States District Judge