Steven N. Berk (admitted *pro hac vice*)
*steven@berklawdc.com*
Matthew J. Bonness (Cal. Bar No. 229226)
*matt@berklawdc.com*
**BERK LAW PLLC**
2002 Massachusetts Avenue, NW, Ste. 100
Washington, District of Columbia  20036
Telephone:    (202) 232-7550
Facsimile:    (202) 232-755

Michael Ram (Cal. Bar No. 104805)
*mram@ramolson.com*
Jeffrey B. Cereghino (Cal. Bar No. 99480)
*jbc@rocklawcal.com*
**RAM, OLSON, CEREGHINO, &
KOPCZYNSKI LLP**
555 Montgomery Street, Ste. 820
San Francisco, California  94111
Telephone:    (415) 433-4949
Facsimile:    (415) 433-7311

Beth E. Terrell (Cal. Bar No. 178181)
*bterrell@tmdwlaw.com*
Kimberlee L. Gunning (admitted *pro hac vice*)
*kgunning@tmdwlaw.com*
**TERRELL MARSHALL DAUDT &
WILLIE PLLC**
936 North 34th Street, Ste. 300
Seattle, Washington  98103
Telephone:    (206) 816-6603
Facsimile:    (206) 350-3528

Lawrence Deutsch (admitted *pro hac vice*)
*ldeutsch@bm.net*
Shanon Carson (admitted *pro hac vice*)
*scarson@bm.net*
Eugene Tompkins (admitted *pro hac vice*)
*gtompkins@bm.net*
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania  19103
Telephone:    (215) 875-3062
Facsimile:    (215) 875-4604

Attorneys for Individual and
Representative Plaintiffs
ALEX SOTO and VINCE EAGEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX SOTO and VINCE EAGEN, on behalf of themselves and all others similarly situated, | Case No.: 3:12-cv-01377-SI |
| | Assigned to Hon. Susan Illston |
| Plaintiffs, | Courtroom: 10 |
| v. | **PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | CLASS ACTION |
| | Complaint Filed:    March 19, 2012 |
| | Hearing Date:  October 18, 2013, or such sooner date that the Court may order |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 18, 2013, at 9:00 a.m., or on such sooner date as the Court may order, before the Honorable Susan Illston, in Courtroom 10, on the 19th floor of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Vince Eagen and Alex Soto will, and hereby do, move for entry of an order: (i) granting preliminary approval of the proposed settlement as set forth in the Class Action Settlement and Release (the "Settlement Agreement")[1] (Dkt. 73-1); (ii) preliminarily certifying the Settlement Class for purposes of such settlement by way of a [Proposed] Order Preliminary Approving Class Action Settlement (submitted herewith); (iii) appointing, for settlement purposes only, Named Plaintiff Vince Eagen and Class Counsel as representative of and attorneys for the Settlement Class; (iv) appointing, for settlement purposes only, American Honda Motor Co., Inc., as Settlement Administrator; (v) approving the Notice Plan set forth in the Settlement Agreement; (vi) approving the form of Notice and Claim Form (attached to the Settlement Agreement as Exhibits A and C); and (vii) setting a date for a Final Approval Hearing pursuant to Rule 23(e)(2).

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Law, the Declaration of Steven N. Berk, dated September 13, 2013, and accompanying exhibit, the Declaration of Beth E. Terrell, dated September 12, 2013, the Declaration of Michael F. Ram, dated September 12, 2013, the Settlement Agreement, other papers on file in this action, and such other submissions or arguments that may be presented before or at the hearing on this motion.

As set forth in the attached Memorandum of Law, the Settlement Agreement contains all of the material terms of the settlement, including the manner and form of notice to be provided to the Settlement Class, the conditions or contingencies pertaining to

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Settlement Agreement, lodged with the Court on September 11, 2013.  *See* Settlement Agreement (Dkt. 73-1).

PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO.: 3:12-CV-01377-SI

the settlement's final approval, and other necessary and proper terms pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  The settlement meets the criteria for preliminary approval, and is well within the range of what might be approved as fair, reasonable, and adequate.

Dated:   September 13, 2013      BERK LAW PLLC
                                 Attorneys for Individual and Representative Plaintiffs
                                 ALEX SOTO and VINCE EAGEN


                          By:  _____/s/ Matthew J. Bonness_____
                                 STEVEN N. BERK, *Admitted P.H.V.*
                                 Email:   steven@berklawdc.com
                                 MATTHEW J. BONNESS, CSB #229226
                                 Email:   matt@berklawdc.com
                                 BERK LAW PLLC
                                 2002 Massachusetts Ave., NW, Suite 100
                                 Washington, District of Columbia  20036
                                 Telephone:  (202) 232-7550
                                 Facsimile:  (202) 232-7556

Steven N. Berk (admitted *pro hac vice*)
*steven@berklawdc.com*
Matthew J. Bonness (Cal. Bar No. 229226)
*matt@berklawdc.com*
**BERK LAW PLLC**
2002 Massachusetts Avenue, NW, Ste. 100
Washington, District of Columbia  20036
Telephone:      (202) 232-7550
Facsimile:      (202) 232-755

Michael Ram (Cal. Bar No. 104805)
*mram@ramolson.com*
Jeffrey B. Cereghino (Cal. Bar No. 99480)
*jbc@rocklawcal.com*
**RAM, OLSON, CEREGHINO, &
KOPCZYNSKI LLP**
555 Montgomery Street, Ste. 820
San Francisco, California  94111
Telephone:      (415) 433-4949
Facsimile:      (415) 433-7311

Beth E. Terrell (Cal. Bar No. 178181)
*bterrell@tmdwlaw.com*
Kimberlee L. Gunning (admitted *pro hac vice*)
*kgunning@tmdwlaw.com*
**TERRELL MARSHALL DAUDT &
WILLIE PLLC**
936 North 34th Street, Ste. 300
Seattle, Washington  98103
Telephone:      (206) 816-6603
Facsimile:      (206) 350-3528

Lawrence Deutsch (admitted *pro hac vice*)
*ldeutsch@bm.net*
Shanon Carson (admitted *pro hac vice*)
*scarson@bm.net*
Eugene Tompkins (admitted *pro hac vice*)
*gtompkins@bm.net*
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania  19103
Telephone:      (215) 875-3062
Facsimile:      (215) 875-4604

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX SOTO and VINCE EAGEN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC., <br><br> Defendant. | Case No.: 3:12-cv-01377-SI <br><br> Assigned to Hon. Susan Illston <br><br> Courtroom: 10 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> <u>CLASS ACTION</u> <br><br> Complaint Filed:   March 19, 2012 |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................. 1

II.    PERTINENT BACKGROUND.............................................................. 1

    A.     Relevant Procedural History ....................................................... 1

    B.     Discovery And Settlement Negotiations...................................... 3

III.   SUMMARY OF THE SETTLEMENT .................................................. 4

    A.     Settlement Class ......................................................................... 5

    B.     Benefits to the Settlement Class ................................................. 5

    C.     Notice Plan and Claims Process ................................................. 6

    D.     Class Counsel Fees and Expenses Award and Incentive Award ................. 7

IV.    THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL .................... 8

    A.     The Standard for Preliminary Approval....................................... 8

    B.     The Settlement is Presumptively Fair ......................................... 9

        1.     The Risks Inherent In The Litigation Favor Settlement ................... 9

        2.     Significant Discovery Has Been Conducted................................... 10

        3.     The Experience and Views of Counsel............................................ 12

        4.     The Parties Reached Agreement Though Vigorous Arm's Length Negotiations.......................................................................... 13

V.     THE PROPOSED SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23 ........................................................ 14

    A.     Numerosity.................................................................................. 15

    B.     Commonality................................................................................ 15

    C.     Typicality.................................................................................... 17

    D.     Adequacy of Representation ....................................................... 18

    E.     Predominance.............................................................................. 19

    F.     Superiority.................................................................................. 21

VI.    PLAINTIFFS RESPECTFULLY REQUEST THE COURT ENTER THE PROPOSED PRELIMINARY APPROVAL ORDER AND DIRECT DISSEMINATION OF THE PROPOSED CLASS NOTICE .............................. 22

**TABLE OF CONTENTS (CONT'D)**

**Page**

A.    The Notice Plan Satisfies the Requirements of Rule 23(c)(2)(B) .............. 22

B.    The Manner of Providing Notice Fully Satisfies Due Process ................... 24

VII.    CONCLUSION ...................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Acosta v. Trans Union, LLC,
    243 F.R.D. 377 (C.D. Cal. 2007)................................................................. 8

Alaniz v. Cal. Processors, Inc.,
    73 F.R.D. 269 (C.D. Cal. 1976)................................................................. 9

Amchem Prods., Inc. v. Windsor,
    521 U.S. 591 (1997) ........................................................... 9, 15, 20, 21

In re Apple In-App Purchase Litig.,
    No. CV-11-01758-EJD, 2013 U.S. Dist. LEXIS 63138
    (N.D. Cal. May 2, 02013)............................................................. 15

Armstrong v. Davis,
    275 F.3d 849 (9th Cir. 2001) ..................................................... 17

Boyd v. Bechtel Corp.,
    485 F. Supp. 610 (N.D. Cal. 1979)............................................ 12

Churchill Vill. v. GE,
    361 F.3d 566 (9th Cir. 2004) ..................................................... 22

Class Plaintiffs v. Seattle,
    955 F.2d 1268 (9th Cir. 1992) ................................................. 8, 14

Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.),
    213 F.3d 454 (9th Cir. 2000) ..................................................... 10

Ellis v. Costco Wholesale Corp.,
    657 F.3d 970 (9th Cir. 2011) ..................................................... 17

Ellis v. Naval Air Rework Facility,
    87 F.R.D. 15 (N.D. Cal. 1980), aff'd,
    Ellis v. Naval Air Rework Facility, 661 F.2d 939 (9th Cir. 1981) ................. 9, 13

Erica P. John Fund, Inc. v. Halliburton Co.,
    131 S. Ct. 2179, 180 L. Ed. 2d 24 (2011)................................... 20

Estrella v. Freedom Fin. Network, LLC,
    No. C 09-03156 SI, 2010 U.S. Dist. LEXIS 61236
    (N.D. Cal. June 2, 2010)............................................................. 15

iii

1

## TABLE OF AUTHORITIES (CONT'D)

2

**Page(s)**

3

Fisher Bros. v. Cambridge-Lee Indus.,
4
 630 F. Supp. 482 (E.D. Pa. 1985)................................................................. 12

5

Flinn v. FMC Corp.,
6
 528 F.2d 1169 (4th Cir. 1975) ................................................................. 13

7

Fraser v. Asus Computer Int'l,
 No. C 12-00652 WHA, 2013 U.S. Dist. LEXIS 22338
8
 (N.D. Cal. Feb. 19, 2013) ............................................................... 17, 18, 19

9

Gribble v. Cool Transps., Inc.,
10
 2008 U.S. Dist. LEXIS 115560 (C.D. Cal. Dec. 15, 2008) ......................................... 14

11

Hanlon v. Chrysler Corp.,
 150 F.3d 1011 (9th Cir. 1998) ...........................................................*passim*

12

Harris v. Palm Springs Alpine Estates, Inc.,
13
 329 F.2d 909 (9th Cir. 1964) ................................................................. 15

14

In re Heritage Bond Litig.,
15
 2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) ......................................... 8, 9

16

In re Immune Response Sec. Litig.,
17
 497 F. Supp. 2d 1166 (S.D. Cal. 2007) ....................................................... 10

18

Jordan v. Cnty. of L.A.,
 669 F.2d 1311 (9th Cir. 1982), vacated on other grounds,
19
 459 U.S. 810, 103 S. Ct. 35, 74 L. Ed. 2d 48 (1982)................................................. 15

20

Koz v. Kellogg Co.,
 No. 09-CV-1786-IEG, 2013 U.S. Dist. LEXIS 64577
21
 (S.D. Cal. May 3, 2013) ................................................................. 16, 21

22

Lamb v. Bitech, Inc.,
23
 No. CV-11-05583-EDL, 2013 U.S. Dist. LEXIS 109875
 (N.D. Cal. Aug. 5, 2013) ................................................................. 14
24

25

Lerwill v. Inflight Motion Pictures, Inc.,
 582 F.2d 507 (9th Cir. 1978) ................................................................. 18
26

Linney v. Cellular Alaska P'ship,
27
 151 F.3d 1234 (9th Cir. 1998) ................................................................. 10

28

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1

## TABLE OF AUTHORITIES (CONT'D)

2

Page(s)

3

M. Berenson Co. v. Faneuil Hall Marketplace, Inc.,

4
    671 F. Supp. 819 (D. Mass. 1987)..................................................................... 13

5

In re M.L. Stern Overtime Litig.,
    No. 07-CV-0118-BTM (JMA), 2009 U.S. Dist. LEXIS 31650

6
    (S.D. Cal. Apr. 13, 2009)................................................................................... 8

7

Mullane v. Cent. Hanover Bank & Trust Co.,

8
    339 U.S. 306 (1950) ..................................................................................... 22, 24

9

Nat'l Rural Telcoms. Coop. v. Directv, Inc.,

10
    2003 U.S. Dist. LEXIS 25375 (C.D. Cal. Jan. 5, 2003) ......................................... 13, 14

11

Officers for Justice v. Civil Serv. Com.,
    688 F.2d 615 (9th Cir. 1982) ....................................................................... 10, 14

12

In re Omnivision Techs.,

13
    559 F. Supp. 2d 1036 (N.D. Cal. 2007) ........................................................... 13

14

Oppenlander v. Standard Oil Co. (Indiana),

15
    64 F.R.D. 597 (D. Colo. 1974) ...................................................................... 13

16

Principe v. Ukropina (In re Pac. Enters. Sec. Litig.),

17
    47 F.3d 373 (9th Cir. 1995) .......................................................................... 12

18

Rannis v. Recchia,
    380 F. App'x 646 (9th Cir. 2010)................................................................... 15

19

20

Rodriguez v. Hayes,
    591 F.3d 1105 (9th Cir. 2010) ...................................................................... 17

21

Rodriguez v. W. Publ'g,

22
    563 F.3d 948 (9th Cir. 2009) ........................................................................ 12

23

Ross v. Trex Co.,
    No. C 09-670 JF, 2009 U.S. Dist. LEXIS 69633

24
    (N.D. Cal. Jul 30, 2009) ............................................................................... 17

25

S. F. NAACP v. San Francisco Unified Sch. Dist.,

26
    59 F. Supp. 2d 1021 (N.D. Cal. 1999)............................................................ 22

27

Silber v. Mabon,

28
    18 F.3d 1449 (9th Cir. 1994) ..................................................................... 22, 24

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

Thomas v. Baca,
  231 F.R.D. 397 (C.D. Cal. 2005)................................................................ 19

W. Va. v. Chas. Pfizer & Co.,
  314 F. Supp. 710 (S.D.N.Y. 1970), *aff'd* sub nom,
  440 F.2d 1079 (2d Cir. 1971),
  *cert. denied*, 404 U.S. 871 (1971)............................................................. 10

Wal-Mart Stores, Inc. v. Dukes,
  131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)........................................... 15, 16

Yokoyama v. Midland Nat'l Life Ins. Co.,
  594 F.3d 1087 (9th Cir. 2010) ................................................................... 20

**Statutes**

Cal. Com. Code § 2313 .................................................................................. 2

California Consumers Legal Remedies Act ..................................................... 4

California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ................... 2

California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ................ 2

Class Action Fairness Act, 28 U.S.C. § 1715 ............................................... 24

Consumers Legal Remedies Act ............................................................. 16, 20

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ................................ 2

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................ 1, 14, 22, 24

Fed. R. Civ. P. 23 (a)................................................................................. 19

Fed. R. Civ. P. 23 (a)(1)........................................................................... 15

Fed. R. Civ. P. 23 (a)(2)........................................................................... 15

Fed. R. Civ. P. 23 (a)(4)........................................................................... 18

Fed. R. Civ. P. 23 (b)(1) (2) ..................................................................... 19

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

## TABLE OF AUTHORITIES (CONT'D)

Page(s)

Fed. R. Civ. P. 23 (b)(3) ................................................................................ 19, 21, 22

Fed. R. Civ. P. 23 (b)(3)(A) ........................................................................................ 21

Fed. R. Civ. P. 23 (b)(3)(B) ........................................................................................ 21

Fed. R. Civ. P. 23 (c)(2)(B) ............................................................................. 22, 23, 24

Fed. R. Civ. P. 23 (e) ............................................................................................ 14, 22

Fed. R. Civ. P. 23 (e)(1) .............................................................................................. 24

Fed. R. Civ. P. 23 (e)(2) ................................................................................................ 1

Fed. R. Civ. P. 23(f) ...................................................................................................... 9

Fed. R. Civ. P. 30 (b)(6) .............................................................................................. 11

Fed. R. Civ. P. 33 ......................................................................................................... 11

Fed. R. Civ. P. 34 ......................................................................................................... 11

Brian Walters, "Best Notice Practicable" in the Twenty-First Century,
    2003 UCLA J.L. & TECH. 4  (2003) ..................................................................... 24

W. Rubenstein *et al.*, Newberg on Class Actions, § 11.27
    (4th ed. 2012 West) ............................................................................................... 15

# I.    INTRODUCTION

Plaintiffs Alex Soto and Vince Eagen[1] respectfully submit this memorandum in support of his Motion for Preliminary Approval of Settlement.  Under the terms of the Class Action Settlement Agreement and Release ("Settlement Agreement") (Dkt. 73-1) between Plaintiffs and Defendant American Honda Motor Co., Inc. ("AHM"), AHM has agreed to provide valuable and substantial benefits to Settlement Class Members to resolve this Litigation.[2]

As set forth in detail below, the Settlement Agreement contains all of the material terms of the settlement, including the manner and form of notice to be provided to the Settlement Class, the conditions or contingencies pertaining to the settlement's final approval, and other necessary and proper terms pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  The settlement meets the criteria for preliminary approval, and is well within the range of what might be approved as fair, reasonable, and adequate. As such, Plaintiff respectfully moves this Court to enter the [Proposed] Preliminary Approval Order, filed concurrently herewith, preliminarily approving the proposed settlement, conditionally certifying for settlement purposes only a Settlement Class (described below), and providing for notice to be disseminated to Settlement Class Members.  Plaintiff further requests that the Court set a hearing to consider whether the settlement should be given final approval pursuant to Fed. R. Civ. P. 23 (e)(2).

# II.    PERTINENT BACKGROUND

## A.    Relevant Procedural History

On March 19, 2012, plaintiffs Alex Soto ("Soto") and Vince Eagen ("Eagen," together with Soto, "Plaintiffs"), on behalf of a nationwide proposed class, filed a

---

[1] Concurrently herewith, Plaintiffs are filing with the consent of AHM, *see* Stipulation to file Second Amended Complaint (Dkt. 76), a Second Amended Complaint ("SAC") removing Named Plaintiff Alex Soto from the Litigation and further refining Plaintiff's claims, *see* Second Amended Complaint (Dkt. 76-1).

[2] Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Settlement Agreement, lodged concurrently herewith.  *See* Settlement Agreement (Exh. 1 to Dkt. 73).

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

complaint in the Northern District of California alleging "a systemic design defect" in 2008, 2009 and 2010 Honda Accord vehicles (the "Subject Vehicles") that "enables oil to enter into the engine's combustion chamber" (referred to therein as the "Defect"). (*See, e.g.*, Dkt. 1, ¶¶ 1-4, 18-19.)  Plaintiffs also alleged that AHM refused to repair the Subject Vehicles under the New Vehicle Limited Warranty and the Powertrain Limited Warranty.  (*See id.*, ¶¶ 15-17, 23-25.)  Plaintiffs alleged causes of action for: (1) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL"); (3) breach of written warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("Magnuson-Moss"); and (4) breach of express warranty under Cal. Com. Code § 2313.  On May 18, 2012, Plaintiffs filed a first amended complaint (FAC), which included a cause of action for unjust enrichment.  (*See* Dkt. 11.)

AHM filed an Answer on June 8, 2012 denying Plaintiffs' allegations and interposing a number of affirmative defenses, including that Plaintiff Vince Eagen's claims were subject to arbitration.  (Dkt. 15).  AHM concurrently filed a Motion To Compel Arbitration And Stay Proceedings As To Vince Eagen and memorandum in support thereof (Dkt. 16, 17, 18 and 19).  Plaintiffs filed their opposition on September 4, 2012 (Dkt. 39, 40, 41).  AHM filed its reply on September 18, 2012.  (Dkt. 42).

This Court denied AHM's motion by order dated October 3, 2013.  (Dkt. 44).  AHM respectfully requested the Court reconsider its order.  (Dkt. 45, 46).  Leave to file a motion for reconsideration was given (Dkt. 47), but the request for consideration itself was denied by the Court on November 20, 2012 (Dkt. 52).  AHM appealed the Court's decision to the Ninth Circuit Court of Appeal (Dkt. 55-56).  The appeal remains pending, but the Court granted the Parties' request for an extension of time up to and including October 16, 2013 for Plaintiffs to file their answering brief and November 18, 2013 for AHM to file its reply, with the anticipation that the appeal will be dismissed if the Court finally approves the proposed settlement.  *See* Declaration of Steven N. Berk In Support Of Plaintiffs'

Unopposed Motion For Preliminary Approval Of Class Action Settlement, dated September 13, 2013 ("Berk Decl.") at ¶ 9 (Exh. 1 hereto).

**B.     Discovery And Settlement Negotiations**

In the interim, the Parties conducted a meaningful and thorough investigation of Plaintiffs' claims and AHM's defenses.[3]  As a result, Plaintiffs learned the following:

- A software update for 4-cylinder Accords issued by AHM significantly improves oil consumption and reduces customer return rates (*i.e.*, the rate at which customers return to a dealership to complain about the same problem or concern) in all but 1/5 of a percent (.2%) of the 4-cylinder fleet, as evidenced by review and analysis of internal AHM documents produced in discovery, discussions with AHM's counsel and a 30(b)(6) deposition of an AHM senior manager of service engineering (Berk. Decl. ¶ 12);

- Certifying any class defined, in part, by "excessive oil consumption" would be problematic.  The applicable warranties make no promises regarding oil consumption, and there is no clear industry standard.  Class Counsel came to this conclusion as a result of conferring with experts and representatives of AHM, reviewing other manufacturers' standards for oil consumption (which vary from as few as 700 miles per quart to 2,500 miles per quart).  *Id.* ¶ 8.

- Even if Plaintiffs could prove the existence of a standard rate of oil consumption, the hurdles concerning commonality and predominance would be significant because most vehicle owners do not know precisely how much motor oil their vehicles burn and variations in driving styles and other factors may also contribute to oil consumption. *Id.* ¶¶ 8-18.

---

[3] Plaintiffs conducted a seven-hour deposition of AHM's 30(b)(6) designee. Plaintiffs also interposed three sets of interrogatories and requests for production , to which AHM provided written responses.  In response to Plaintiffs' requests, AHM produced more than 17,000 pages of documents, as well as ESI, containing information relating to both Excessive Oil Consumption and Engine Misfire.  For its part, AHM deposed the Plaintiffs, and interposed one set of interrogatories and two sets of document requests. Plaintiffs produced written responses and over 860 pages of documents.

On the other hand, Plaintiffs believe there is a significant and rising trend in claims concerning spark plug fouling and cracking and engine misfires in 6-cylinder Honda Accords ("Engine Misfire").[4]  Berk Decl. ¶ 13.  In April 2013, while Plaintiffs were preparing for class certification and pressing hard for additional documents concerning this issue, Class Counsel initiated an in-person settlement meeting of the Parties' counsel.

The Parties engaged in substantial arm's length negotiations to reach the proposed settlement that is presently before the Court.  Class Counsel and counsel for AHM met in person at least twice over the course of several weeks to negotiate different settlement scenarios and proposals, one meeting taking place for a full day with a presentation by AHM's counsel of confidential settlement documents containing data about the efficacy of the repairs on the Class Vehicles.  There were also numerous and lengthy telephone conference calls, and written correspondence between the Parties' counsel to negotiate and iron out the details of the proposed settlement, including the data and analysis from AHM that was ultimately used to question a senior Honda service engineering manager in a 30(b)(6) confirmatory deposition by Class Counsel.  *See, e.g*., Berk Decl. ¶ 11.  As a result, the Parties agreed to resolve the case by addressing Engine Misfire in all Honda vehicles that have a VCM-2 engine (over 1.4 million vehicles in total), and (2) eliminating claims concerning oil consumption in 4-cylinder Accords.  *Id*. ¶ 13.

## III.   SUMMARY OF THE SETTLEMENT

The settlement provides two types of relief to Settlement Class Members.   Berk Decl. ¶ 15.  *First*, the settlement provides for full reimbursement of out-of-pocket expenses

---

[4] Plaintiffs' came to this conclusion as a result of extensive investigation and analysis, including the following:  (i) conducting extensive legal research and factual analysis in order to assess the viability of the Plaintiffs' and class members' legal claims; (ii) working with automotive experts to identify and confirm the defect; (iii) communicating extensively with members of the Class, including compiling and analyzing data concerning their experiences; (iv) analyzing relevant Honda Technical Service Bulletins; (v) drafting notice letters pursuant to the California Consumers Legal Remedies Act; (vi) drafting and filing pleadings and other court documents; (vii) preparing and propounding formal discovery requests; (viii) researching and drafting responses to Honda's motion to compel arbitrations; (ix) drafting and negotiating settlement terms; and (x) drafting mediation briefing.  Berk Decl. ¶ 16.

for repairs related to engine misfires and spark plug fouling occasioned by the defect.

*Second*, the settlement provides a three-year extension of the class vehicles' Powertrain

Warranty for Engine Misfire to eight (8) years total with no mileage limitation

whatsoever.[5]  Concurrently with the submission of Plaintiff's motion for preliminary

approval of the proposed settlement, Plaintiff has filed with AHM's consent a Second

Amended Complaint (Dkt. 76) to define the class to: (1) include only owners and lessees

whose vehicles may have experienced Engine Misfire; (2) include only allegations that

pertain to Engine Misfire, its symptoms and causes; and (3) voluntarily dismiss claims

pertaining only to Excessive Oil Consumption in 4-cylinder Accords.

### A.   Settlement Class

In the Settlement Agreement (Dkt. 73-1), the Settlement Class is defined as:

All purchasers and lessees who reside in, and who purchased or leased their vehicles in the United States (other than for purposes of resale or distribution), of any: (a) Model-Year 2008, 2009, 2010, 2011, and 2012 Honda Accord vehicles equipped with a 6-cylinder engine with VCM-2; (b) Model-Year 2008, 2009, 2010, 2011, and 2013 Honda Odyssey vehicles equipped with a 6-cylinder engine with VCM-2; (c) Model-Year 2009, 2010, 2011, 2012, and 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with VCM-2; (d) Model-Year 2010, and 2011 Honda Accord Crosstour vehicles equipped with a 6-cylinder engine with VCM-2; and (e) Model Year 2012 Crosstour vehicles equipped with a 6-cylinder engine with VCM-2.[6]

### B.   Benefits to the Settlement Class

The terms of the settlement provide meaningful relief to Settlement Class Members.

*First*, the settlement provides for full reimbursement of out-of-pocket expenses for repairs

---

[5] Although AHM has satisfied Plaintiffs that the software update for 4-cylinder Accords adequately addresses the defect in those vehicles, Class Counsel were concerned that owners of those vehicles not be prejudiced by this settlement.  Although the 4-cylinder update might have arrested excessive oil consumption, it is possible that one or more vehicles might have experienced physical damage as a result of excessive oil consumption that a software update cannot reverse.  Therefore, Class Counsel negotiated a tolling agreement that preserves all claims concerning the 4-cylinder Accords.  Berk Decl. ¶ 14.

[6] Excluded from the Settlement Class are (1) [AHM], (2) any affiliate, parent, or subsidiary of [AHM], (3) any entity in which [AHM] has a controlling interest, (4) any officer, director, or employee of [AHM], (5) any successor or assign of [AHM], (6) any Judge to whom the Litigation is assigned, and (7) any person or entity who purchased a Settlement Class Vehicle for the purpose of resale.  Settlement Agreement, Section II(1).

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

related to Engine Misfire.  "Engine Misfire" is specifically defined in the Settlement

Agreement, and means:

> the alleged condition in the Settlement Class Vehicles equipped with
> engines with variable cylinder management ("VCM-2") where the cycling
> of the cylinder under certain drive conditions allows for spark plug cooling,
> which may result in carbon fouling of the spark plugs, and is defined by the
> diagnostic trouble code ("DTC") numbers  P0301, P0302, P0303, or P0304.

Settlement Agreement (Dkt. 73-1) at Section I(I).  "Out-Of-Pocket Expenses" is defined,

in turn, to include "a Settlement Class Member's direct outlay of funds to pay for Engine

Misfire repairs prior to the end of the Claims Period."  *Id*. at Section I(T).[7]

Second, the settlement provides a three-year extension of the class vehicles'

Powertrain Warranty for Engine Misfire to eight (8) years total with no mileage limitation

whatsoever.  *Id*. at Section III(A).  This warranty extension as to Engine Misfire is

complete and unqualified.  *Id*.  Moreover, Settlement Class Members do not even need to

file a Claim Form to obtain this benefit:  the warranty extension will *automatically* go into

effect for owners and lessees of Settlement Class Vehicles who remain in the settlement

once the proposed settlement becomes in all respects Final.  *Id*.

### C.    Notice Plan and Claims Process

The Parties have agreed to request the Court appoint AHM as Settlement

Administrator.  Settlement Agreement (Dkt.73-1) at Section III(D).  The Settlement

Administrator shall be responsible (among other things) for providing notice to the

Settlement Class and compiling the Class List. [8]  *Id*. at Section I(F), IV.  The Class List

shall be run through the National Change of Address database for the purpose of updating

addresses before the Notice is mailed.  *Id*.  Section I(F).

---

[7] After the Claims Period, the Extended Warranty will cover these claims and no Out-Of-Pocket Expenses will be incurred by Settlement Class Members for Engine Misfire during the Extended Warranty period.

[8] In order to accomplish this, AHM will compile a complete list of all Settlement Class Vehicles' VINs and provide them to R.L. Polk & Co. (or a similar entity), who will then obtain names and mailing addresses from the Departments of Motor Vehicles of every State and the District of Columbia of the Settlement Class Members to whom the vehicles are registered.  Settlement Agreement, Section I(F).

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

The Settlement Administrator shall undertake various administrative tasks, including without limitation:  (1) mailing or arranging for the mailing of the Notice and Claim Form from the information compiled from the Class List by first-class mail, postage prepaid to each Settlement Class Member on the Class List; (2) the creation and maintenance of a settlement website; (3) developing processes and procedures for handling returned mail and deficient Claim Forms; (4) providing to counsel within ten (10) business days of receipt copies of notices of intention to appear and requests for exclusion from the Settlement Class; (5) preparing an Opt-Out list of the Settlement Class Members requesting exclusion and submitting an affidavit to the Court before the Final Approval Hearing attesting to the accuracy of that list; (6) preparing a list of all persons who submitted objections to the settlement and submitting an affidavit to the Court attesting to the accuracy of that list; (7) maintaining a P.O. Box to which Settlement Class Members can send requests for exclusion, objections, Claim Forms and other correspondence; and, after the Effective Date, (8) processing Claim Forms submitted. Settlement Agreement Section IV(A) (Dkt. 73-1).

### D.    Class Counsel Fees and Expenses Award and Incentive Award

At the time of the Final Approval Hearing, Class Counsel will make a separate motion for an award of attorneys' fees, expenses, and for an incentive award, all of which will be paid separate and apart from benefits paid to class members.  In negotiating the class benefits, the parties did not negotiate or agree on any award of attorneys' fees to Class Counsel or incentive award.  Berk Decl. ¶ 19.  However, after agreeing on all other aspects of the agreement, the Parties then began negotiating Plaintiffs' attorneys' fees and costs, and the incentive award amount that the Plaintiffs would ask the Court to approve without defense objection.  After a full day mediation with retired Los Angeles Superior Court Judge Peter D. Lichtman, Class Counsel agreed that they would not seek an award of attorneys' fees and expenses over $800,000 or for an incentive award in excess of $1000, and AHM agreed it would not contest such an award.  The Class Counsel Fees and Expenses Award and Incentive Award will be determined by the Court at the Final

Approval Hearing, and approval of the settlement is not contingent upon any particular award.  Settlement Agreement, Section I(E), Section V(C) (Dkt. 73-1).

## IV.    THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A.    The Standard for Preliminary Approval

At the preliminary approval stage, the Court determines whether the proposed settlement is "within the range of possible judicial approval." In re M.L. Stern Overtime Litig., No. 07-CV-0118-BTM (JMA), 2009 U.S. Dist. LEXIS 31650 , at *10 (S.D. Cal. Apr. 13, 2009) (quoting A. Conte & H.B. Newberg, NEWBERG ON CLASS ACTIONS § 11.25 (4th ed. 2002)).  The Court "need not review the settlement in detail at this juncture," because the Settlement Class Members will be given notice of the settlement and an opportunity to be heard.  *Id.*

"To determine whether preliminary approval is appropriate, the settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval, after such time as any party has had a chance to object and/or opt out." Acosta v. Trans Union, LLC, 243 F.R.D. 377, 386  (C.D. Cal. 2007) (emphasis in original).

In determining whether a settlement is fair, reasonable, and adequate, courts balance several factors, including:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant ; and the reaction of the class members to the proposed settlement.

Class Plaintiffs v. Seattle, 955 F.2d 1268, 1291  (9th Cir. 1992) (citing Officers for Justice v. Civil Serv. Com., 688 F.2d 615, 625  (9th Cir. 1982)).

A class action settlement is presumed fair where: (1) the settlement was reached through arm's length negotiations; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; and (3) counsel is experienced in similar litigation.  In re Heritage Bond Litig., 2005 U.S. Dist. LEXIS 13555 , at *11-12 (C.D. Cal.

June 10, 2005) (citation omitted); <u>Ellis v. Naval Air Rework Facility</u>, 87 F.R.D. 15, 18 (N.D. Cal. 1980), <u>aff'd</u>, <u>Ellis v. Naval Air Rework Facility</u>, 661 F.2d 939  (9th Cir. 1981).

Preliminary approval should be granted where a settlement has no obvious deficiencies and is within the range of possible approval.  <u>Alaniz v. Cal. Processors, Inc.</u>, 73 F.R.D. 269, 273  (C.D. Cal. 1976).  This proposed settlement satisfies these criteria.

### B.    The Settlement is Presumptively Fair

#### 1.    The Risks Inherent In The Litigation Favor Settlement

The risks associated with maintaining a class action through trial are a relevant criterion in evaluating the reasonableness of a proposed class action settlement.  <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591  (1997); <u>see also</u> <u>In re Heritage Bond Litig.</u>, 2005 U.S. Dist. LEXIS 13555 .  Here, there were a number of obstacles facing Plaintiffs if this action did not settle, and these obstacles remain.  Berk Decl. ¶¶ 8-13.  While Class Counsel are confident in their position, in the absence of a settlement, there would be several risks associated with this case going forward, including:

- Attempting to certify a class defined in part by "excessive oil consumption" would be problematic at best for reasons stated above (Berk Decl. ¶ 8);

- The uncertainty of the outcome of the appeal on AHM's motion to compel arbitration of Plaintiff Vince Eagen's claims further undermines class certification, as an order compelling arbitration would cause Mr. Eagen to be dropped from the case, and in any event, the issue of the arbitrability of the claims of proposed class members would undoubtedly cause AHM to argue the existence of serious manageability concerns (<u>see</u>, <i>e.g</i>., <i>Id.</i> at 8-11);

- AHM would continue to vigorously oppose both class certification as well as the merits of the claims if certification were granted.  Indeed, even if Plaintiffs were successful in obtaining class certification, AHM would likely pursue an interlocutory appeal pursuant to Rule 23(f).  The outcome of such an appeal would also be uncertain, and, at a minimum, would delay and add complexity and additional risk and cost to the proceedings.

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

In short, while Class Counsel are confident in their ability certify a class and maintain class action status through trial, there are always risks inherent in litigation, including challenges in proving liability and damages, as well as the possibility that AHM will raise meritorious defenses to the certified  claims.  This is especially true in class action litigation.  As one court observed:

> It is known from past experience that no matter how confident one may be of the outcome of litigation, such confidence is often misplaced. Merely by way of example, two instances in this Court may be cited where offers of settlement were rejected by some plaintiffs and were disapproved by this Court. The trial in each case then resulted unfavorably for plaintiffs; in one case they recovered nothing and in the other they recovered less than the amount which had been offered in settlement.

W. Va. v. Chas. Pfizer & Co., 314 F. Supp. 710, 743-44  (S.D.N.Y. 1970), *aff'd* sub nom, 440 F.2d 1079  (2d Cir. 1971), *cert. denied*, 404 U.S. 871  (1971).  In summary, the risks associated with class certification support preliminary approval of the proposed settlement.

## 2.    Significant Discovery Has Been Conducted

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement." Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1239  (9th Cir. 1998).  As the Ninth Circuit reiterated, "[i]n the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement."  Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.), 213 F.3d 454, 459  (9th Cir. 2000) (quoting Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1239  (9th Cir. 1998)).  The Court need not reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.  Officers for Justice v. Civil Serv. Com., 688 F.2d 615, 625 (9th Cir. 1982). Approval of a class action settlement does not require that discovery be exhaustive.  See, e.g., In re Immune Response Sec. Litig., 497 F. Supp. 2d 1166, 1174

10

1    (S.D. Cal. 2007) (settlement approved where informal discovery gave parties a clear view

2    of the strengths and weaknesses of their case).

3        Here, discovery was vigorous and more than sufficient for Class Counsel to

4    realistically evaluate the strengths and weaknesses of the Plaintiffs' claims.  Among other

5    things, the following discovery occurred:

6        • Plaintiffs conducted a seven-hour deposition of AHM's designee pursuant to

7          Fed. R. Civ. P. 30 (b)(6).

8        • Plaintiffs propounded three sets of interrogatories and requests for

9          production pursuant to Fed. R. Civ. P. 33, 34, respectively, to which AHM

10         provided written responses.

11       • Plaintiffs reviewed more than 17,000 pages of documents produced by AHM

12         from various sources, as well as electronically stored information in native

13         format, containing information relating to both Excessive Oil Consumption

14         and Engine Misfire.

15       • AHM conducted depositions of each of the Plaintiffs.

16       • AHM propounded one set of interrogatories and two sets of requests for

17         production pursuant to Fed. R. Civ. P. 33 , 34, respectively, to which

18         Plaintiffs substantively responded.

19       • Plaintiffs produced over 860 pages of documents.

20   Plaintiffs also conducted vigorous investigation and analysis, including extensive legal

21   research and factual analysis in order to assess the viability of the Plaintiffs' and class

22   members' legal claims; consulting with automotive experts to identify and confirm the

23   existence of a potential defect; communicating extensively with members of the proposed

24   class, including compiling and analyzing data concerning their experiences; analyzing

25   relevant Technical Service Bulletins; conducting confirmatory discovery and other

26   relevant tasks.  Berk. Decl. ¶ 16.  Class Counsel firmly believes it understands the

27   strengths and weaknesses of Plaintiffs' claims, and further understands why the relief

28   being offered in the settlement precisely addresses the issues and concerns Plaintiffs

11

identified as a result of the Litigation.  *Id.*   ¶ 17-18.  This factor is readily met in this case.  Rodriguez v. W. Publ'g, 563 F.3d 948, 967  (9th Cir. 2009).

### 3.        The Experience and Views of Counsel

The judgment and views of experienced counsel entering into a settlement are "entitled to significant weight."  Fisher Bros. v. Cambridge-Lee Indus., 630 F. Supp. 482, 488  (E.D. Pa. 1985).  Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.  Principe v. Ukropina (In re Pac. Enters. Sec. Litig.), 47 F.3d 373, 378  (9th Cir. 1995).  The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.  Boyd v. Bechtel Corp., 485 F. Supp. 610, 622  (N.D. Cal. 1979).  As the docket in this case reflects, Class Counsel has vigorously prosecuted this case from the beginning, and are willing, able, and prepared to litigate this case through trial and beyond.  Class Counsel has considerable experience in handling complex class actions in general, and consumer class actions in particular.

As set forth in the Declaration of Steven N. Berk, lead Class Counsel has  over twenty years of litigation experience spanning both the public and private sectors.  Berk Decl. ¶ 20.  Mr. Berk served as an Assistant United States Attorney for the District of Columbia and a Trial Attorney in the Office of the General Counsel of the Securities and Exchange Commission, and was thereafter a Partner in the law firm of Jenner & Block where he specialized in complex litigation.  *Id.*  Mr. Berk has been involved in a number of nationwide class actions and served as class counsel, or in a substantial leadership position, in cases on behalf of consumers against, for example: Hewlett-Packard, Dell, Sony, JVC, General Motors, Nissan, American Home Shield, Bank of America and Mercury Marine.  *Id.*  He has achieved excellent results for consumers, particularly in product defect litigation.

In litigating this case and reaching a resolution, Mr. Berk worked closely with co-counsel Michael F. Ram and Beth E. Terrell.[9]  Mr. Ram and Ms. Terrell are leading class action attorneys, with a particular expertise in automotive defect litigation.  Berk Dec at 18.  Every material decision made in this proceeding was the result of informed discussions and thoughtful deliberation.  This settlement was the product of consensus among counsel.  *Id.*  Thus, the experience and views of Class Counsel also favor a grant of preliminary approval.  In re Omnivision Techs., 559 F. Supp. 2d 1036, 1043  (N.D. Cal. 2007).

### 4.    The Parties Reached Agreement Though Vigorous Arm's Length Negotiations

Courts accord "considerable weight" to settlements that are the product of hard-fought negotiations by experienced counsel.  Ellis, 87 F.R.D. at 18 ; M. Berenson Co. v. Faneuil Hall Marketplace, Inc., 671 F. Supp. 819, 822  (D. Mass. 1987).  Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.  Nat'l Rural Telcoms. Coop. v. Directv, Inc., 2003 U.S. Dist. LEXIS 25375 , at *13 (C.D. Cal. Jan. 5, 2003).  When a settlement is achieved through arms-length negotiations between experienced counsel, the Court should be hesitant to substitute its own judgment for that of counsel absent a showing of fraud, collusion or other forms of bad faith.  Flinn v. FMC Corp., 528 F.2d 1169, 1173 (4th Cir. 1975); Oppenlander v. Standard Oil Co. (Indiana), 64 F.R.D. 597, 624  (D. Colo. 1974).

As discussed above, the parties engaged in protracted settlement negotiations to achieve the proposed settlement.  Plaintiffs then engaged in additional, confirmatory discovery to further confirm that the proposed settlement meaningfully resolves the issues and concerns identified by Plaintiffs in the Litigation.  Even though Class Counsel ultimately concluded the claims arising solely from Excessive Oil Consumption likely were not viable (due in part to the fact that AHM had already implemented a fix that

---

[9] *See* the accompanying Declaration of Beth E. Terrell, dated September 12, 2013 ("Terrell Decl."), and the accompanying Declaration of Michael F. Ram, dated September 13, 2013 ("Ram Decl.").

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

resolved the issue), Class Counsel negotiated a tolling agreement and a voluntary dismissal of those claims to preserve them for individual class members who believe they have suffered harm as a result of Excessive Oil Consumption.[10]  Berk Decl. ¶ 14.  These robust negotiations further favor a finding that the proposed settlement is entitled to a presumption of fairness and meets the standard for a grant of preliminary approval.  Nat'l Rural Telcoms. Coop., 2003 U.S. Dist. LEXIS 25375 , at *13; Gribble v. Cool Transps., Inc., 2008 U.S. Dist. LEXIS 115560 , at *26 (C.D. Cal. Dec. 15, 2008).

## V.   THE PROPOSED SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions.  Class Plaintiffs, 955 F.2d at 1276 ; see also Officers for Justice, 688 F.2d at 625  (noting that voluntary conciliation and settlement are the preferred means of dispute resolution in complex class action litigation).  A class action settlement like the one proposed here must be approved by the Court to be effective.  See FED. R. CIV. P. 23 (e). The decision to approve or reject a settlement is committed to the sound discretion of the trial court.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026  (9th Cir. 1998).  At the first step of the court approval process, *i.e.* the preliminary approval hearing, the Court considers whether the proposed settlement is within the range of reasonableness and possibly meriting final approval.  See MANUAL FOR COMPLEX LITIGATION (FOURTH) §§ 21.632-34 (2004).  Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.  Lamb v. Bitech, Inc., No. CV-11-05583-EDL, 2013 U.S. Dist. LEXIS 109875  (N.D. Cal. Aug. 5, 2013) (citation omitted).

Class certification for settlement purposes may be appropriately granted so long as the requirements of 23(a) and 23(b)(3) are met:  numerosity, commonality, typicality,

---

[10] And, as noted above, the Parties did not even brooch the subject of attorneys' fees or incentive awards until after the Parties had agreed upon the benefits to be provided to the proposed Settlement Class.  Berk Decl. ¶ 19.

adequacy, predominance, and superiority.[11]  W. Rubenstein *et al.*, NEWBERG, supra, § 11.27 (4th ed. 2012 West).  In the proposed settlement, each of these criteria is readily met.

### A.    Numerosity

The numerosity requirement is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23 (a)(1).  "Impracticability" is not equated with impossibility; it is only an apparent difficulty or inconvenience from joining all members of the class.  Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14  (9th Cir. 1964).  The plaintiff must "affirmatively demonstrate" that in fact there are sufficiently numerous parties. See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374  (2011) [hereinafter, "*Dukes*"].[12]

In this case, the proposed settlement class includes more than 1.4 million vehicle owners nationwide.  Berk Decl. ¶ 13-15.  Thus, the numerosity requirement is easily satisfied.

### B.    Commonality

Commonality is satisfied if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23 (a)(2).  The "commonality requirement has been 'construed permissively,' and its requirements deemed 'minimal.'" Estrella v. Freedom Fin. Network, LLC, No. C 09-03156 SI, 2010 U.S. Dist. LEXIS 61236  (N.D. Cal. June 2, 2010) (*quoting* Hanlon, 150 F.3d at 1019-20 ).  "All questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies

---

[11] Manageability, however, does not have to be satisfied.  See Amchem Prods., 521 U.S. at 591.

[12] While the numerosity requirement is not tied to any fixed numerical threshold, in general, courts have found the numerosity requirement satisfied when a class includes at least 40 members. See Jordan v. Cnty. of L.A., 669 F.2d 1311, 1319  (9th Cir. 1982), vacated on other grounds, 459 U.S. 810, 103 S. Ct. 35, 74 L. Ed. 2d 48  (1982); Rannis v. Recchia, 380 F. App'x 646, 651  (9th Cir. 2010) (concluding a class of 20 was sufficient to satisfy numerosity requirement) ; In re Apple In-App Purchase Litig., No. CV-11-01758-EJD, 2013 U.S. Dist. LEXIS 63138  (N.D. Cal. May 2, 2013) ("[W]here the number of class members exceeds forty, and particularly where class members number in excess of one hundred, the numerosity requirement will generally be found to be met.") (quoting *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 461 (N.D. Cal. 1983)).

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

within the class." <u>Hanlon</u>, 150 F.3d at 1019.

The Supreme Court has recently emphasized that commonality requires that the class members' claims "depend upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke " <u>Dukes</u>, 131 S. Ct. 2541, 2551.

In this case, a number of common questions of fact and law exist, including:

• Whether the Settlement Class Vehicles Have a Propensity to Have Engine Misfire (including its symptoms or causes);

• Whether Engine Misfire could potentially manifest after the expiration of the Power Train Warranty;

• Whether Settlement Class Members have had to incur expense to repair Settlement Class Vehicles as a result of Engine Misfire;

• Whether AHM provided Plaintiff and Class members with a vehicle inherently defective in its ability to prevent or avoid spark plug fouling, premature spark plug degradation, and engine misfires;

• Whether the engines' being subject to spark plug fouling, premature spark plug degradation, and engine misfires would be considered material by a reasonable consumer;

• Whether AHM has a duty to disclose the defect to Plaintiff and Class Members;

• Whether AHM has violated the Consumers Legal Remedies Act ;

• Whether AHM has engaged in unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code;

• Whether AHM breached the express warranties by refusing to provide warranty coverage for the defect;

• Whether Plaintiff and the other Class members are entitled to equitable relief, including but not limited to restitution or a preliminary and/or permanent injunction; and

• Whether Plaintiff and Class members are entitled to damages and monetary relief. *See* SAC (concurrently filed herewith) (Dkt. 76-1) at ¶ 41. As set forth above, the "commonality" requirement is readily satisfied here. *See* <u>Koz v. Kellogg Co.</u>, No. 09-CV-

1786-IEG , 2013 U.S. Dist. LEXIS 64577 , at *8 (S.D. Cal. May 3, 2013) ("determination of whether the challenged cereal advertising is or is not misleading would resolve a central issue class-wide in one stroke"); Fraser v. Asus Computer Int'l, No. C 12-00652 WHA, 2013 U.S. Dist. LEXIS 22338 , at *5 (N.D. Cal. Feb. 19, 2013) (finding commonality satisfied where "the claims of each class member regarding the GPS and Wifi functionality of the TF201 product and Asus' liability therefor" were common to the class); Ross v. Trex Co., No. C 09-670 JF, 2009 U.S. Dist. LEXIS 69633 , at *14 (N.D. Cal. Jul 30, 2009) (finding that there were multiple common questions of fact among class members, among them whether the wood-composite decking products were defectively manufactured and whether Trex misrepresented the quality of the decking products).

**C.   Typicality**

"Like the commonality requirement, the typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" Rodriguez v. Hayes, 591 F.3d 1105, 1124  (9th Cir. 2010) (*quoting Hanlon*, 150 F.3d at 1020 ).  To satisfy typicality, Plaintiff must show that: (1) "other members have the same or similar injury"; (2) "the action is based on conduct which is not unique to the named plaintiffs"; and (3) "other class members have been injured by the same course of conduct."  Ellis v. Costco Wholesale Corp., 657 F.3d 970, 984  (9th Cir. 2011); see also Armstrong v. Davis, 275 F.3d 849, 868  (9th Cir. 2001) (stating that typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citation omitted).

Named Plaintiff Vince Eagen's claims are typical of the claims of the proposed settlement class members, because, among other things, Plaintiff purchased a Settlement Class Vehicle that contained the same problem – Engine Misfire – that could potentially manifest in all other Settlement Class Vehicles.  As Plaintiff alleges:

- Plaintiff Vince Eagen purchased his 2008 V6 Honda Accord with VCM and automatic transmission in or around October 2008 in California.  (SAC ¶ 30.)

1    • Mr. Eagen's vehicle's spark plugs have twice become prematurely fouled as a result

2    of Engine Misfire.  (SAC ¶31.)

3    • When Mr. Eagen's vehicle had just 30,000 miles on the odometer, the engine began

4    to misfire.  The spark plugs, valve seals, intake valve seals, and gasket head covers were

5    replaced under warranty. (SAC ¶32.)

6    • However, later, when the vehicle's odometer reached approximately 55,000 miles,

7    Mr. Eagen noticed that his engine was again misfiring.  He diagnosed the problem himself

8    by running the onboard diagnostic codes that the vehicle provides through a database.

9    Using these codes, Mr. Eagen discovered that the spark plugs were once again fouled and

10   misfiring.  (SAC ¶33.)

11   • After a local mechanic shop replaced one spark plug at a cost of about $200, Mr.

12   Eagen decided to replace the rest himself at a cost of approximately $90.  (SAC ¶34.)

13   • Notably, the fouled spark plugs were markedly corroded.  This was surprising to

14   Mr. Eagen because the plugs had only been installed for about 25,000 miles.  (SAC ¶35.)

15   • The spark plugs corroded rapidly as a result of the defect.  (SAC ¶36.)

16   Thus, the typicality requirement is readily satisfied.  *See Fraser*, 2013 U.S. Dist. LEXIS

17   22338 , at *6-7 (finding "typicality" requirement satisfied where named plaintiff purchased

18   the tablet device at issue, which he alleged contained a defect that resulted in poor GPS

19   and WiFi functionality).

20        **D.    Adequacy of Representation**

21        The Court must also consider whether "the representative parties will fairly and

22   adequately protect the interests of the class."  Fed. R. Civ. P. 23 (a)(4).  Representation is

23   adequate where Plaintiff's counsel are qualified and competent to represent the class, and

24   the class representatives do not possess interests that are antagonistic to the remainder of

25   the class.  Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512  (9th Cir. 1978);

26   Hanlon, 150 F.3d at 1020 .  Thus, determining whether the representative parties will fairly

27   and adequately protect the interests of the class involves two inquiries: "(1) do the named

28   plaintiff and his counsel have any conflicts of interest with other class members, and (2)

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1  will the named plaintiff and his counsel act vigorously on behalf of the class?"  *Fraser*,

2  2013 U.S. Dist. LEXIS 22338 , at *6 (citing *Lerwill*, 582 F.2d at 512 ).

3  　　　As detailed above, Plaintiff and Class Counsel adequately represent the interests of

4  the proposed settlement class.  Plaintiff Vince Eagen owns a Settlement Class Vehicle, a

5  2008 Accord with a V-6 engine and VCM-2.  SAC ¶ 30.  He alleges to have experienced

6  Engine Misfire in his vehicle.  *Id*.   ¶¶ 31-36.  His interests are not adverse to any other

7  member of the proposed settlement class, given all (like Mr. Eagen) have vehicles that are

8  equipped with V-6 engines with VCM-2 that may be subject to Engine Misfire.  *Id*.

9  　　　In addition, as set forth in the accompanying declarations of counsel, Plaintiff's

10  counsel is well qualified and has investigated and prosecuted this case to effectively

11  advance the interests of class members.  Berk Decl. ¶ 20; *see also* Terrell Decl., Ram Decl.

12  　　　The adequacy of representation requirement is satisfied.  *Fraser*, 2013 U.S. Dist.

13  LEXIS 22338 , at *6-7 (declarations from plaintiff's counsel established that he had

14  investigated and prosecuted the case to effectively advance the interests of class members

15  and was provided with discovery from the defendant regarding sales, refunds, repairs, and

16  customer complaints related to the device and documentation that demonstrated that Wifi

17  functionality in the subject device was acceptable in comparison to other tablet devices).

18  　　　**E.    Predominance**

19  　　　"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking

20  class certification must also show that the action is maintainable under Fed. R. Civ. P. 23

21  (b)(1) (2) or (3)."  Hanlon, 150 F.3d at 1022 .  Plaintiff is seeking class certification

22  pursuant to Federal Rule of Civil Procedure 23(b)(3), which permits class certification

23  upon a showing of predominance and superiority—*i.e.*, that the questions common to class

24  members' legal claims predominate over those individualized questions, and that a class

25  proceeding is superior to any alternative methods for resolving the controversy.

26  　　　The predominance requirement "is essentially a heightened commonality inquiry:

27  do the common legal and factual questions appear more significant than the individualized

28  legal and factual questions?"  Thomas v. Baca, 231 F.R.D. 397, 402  (C.D. Cal. 2005).  In

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

the context of a settlement class, the class members' claims must be cohesive enough to allow them to be resolved on a class wide basis.  See Amchem Prods., 521 U.S. at 623 . Class certification is not defeated where the only individual determination necessary is the amount of damages due to each  class member. Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1094  (9th Cir. 2010).

"Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action." Erica P. John Fund, Inc. v. Halliburton Co., 131 S. Ct. 2179, 2184, 180 L. Ed. 2d 24 (2011).

Here, the common questions of law and fact include:

• Whether the Settlement Class Vehicles Have a Propensity to Have Engine Misfire (including its symptoms or causes);

• Whether Engine Misfire could potentially manifest after the expiration of the Power Train Warranty;

• Whether Settlement Class Members have had to incur expense to repair Settlement Class Vehicles as a result of Engine Misfire;

• Whether AHM provided Plaintiff and Class members with a vehicle inherently defective in its ability to prevent or avoid spark plug fouling, premature spark plug degradation, and engine misfires;

• Whether the engines' being subject to spark plug fouling, premature spark plug degradation, and engine misfires would be considered material by a reasonable consumer;

• Whether AHM has a duty to disclose the defect to Plaintiff and Class members;

• Whether AHM has violated the Consumers Legal Remedies Act ;

• Whether AHM has engaged in unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code;

• Whether AHM breached the express warranties by refusing to provide warranty coverage for the defect;

• Whether Plaintiff and the Class members are entitled to equitable relief, including

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

but not limited to restitution or a preliminary and/or permanent injunction; and

- Whether Plaintiff and Class members are entitled to damages and monetary relief.

SAC ¶¶ 41 (Dkt. 76).  The predominance requirement is satisfied.  *See Koz*, 2013 U.S. Dist. LEXIS 64577 , at *10-11 (finding predominance requirement satisfied where the asserted claims centered on two objectives questions, (1) the alleged falsity of the defendants' advertising; and (2) whether reasonable consumers would be deceived thereby, which could be proven by evidence common to the class).

## F.    Superiority

Rule 23(b)(3) also provides a non-exhaustive list of matters pertinent to the Court's determination that the class action device is superior to other methods of adjudication:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.
>
> Fed. R. Civ. P. 23 (b)(3).

In considering a motion to certify a settlement-only class, as opposed to a litigation class, the third and fourth factors are rendered moot and are irrelevant because "the proposal is that there be no trial."  *See* <u>Amchem Prods.</u>, 521 U.S. at 620.

The proposed settlement satisfies the requirements of Rule 23(b)(3)(A) and (B). The Class Members interests in individually controlling the prosecution of separate cases is outweighed by the benefits of adjudicating all of their claims in an efficient manner such as through the proposed Settlement Class.  Indeed, a class action would be the vastly superior means, and likely the only practical means, of adjudicating the claims of approximately 1.4 million settlement class members (and potentially more including subsequent purchasers and lessees) scattered all over the country.  Comparing the available mechanisms for dispute resolution, and where, as here, the individual claims are for relatively small amounts of money, the class action mechanism is clearly superior.  <u>See</u>

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1    Hanlon, 150 F.3d at 1023 .  Because the class action device provides the superior means to

2    effectively and efficiently resolve this controversy, and because the other requirements of

3    Federal Rule of Civil Procedure 23 are each satisfied, certification of the Settlement Class

4    proposed by the Parties is appropriate.

5
6

**VI.  PLAINTIFFS RESPECTFULLY REQUEST THE COURT ENTER THE PROPOSED PRELIMINARY APPROVAL ORDER AND DIRECT DISSEMINATION OF THE PROPOSED CLASS NOTICE**

7         The contents of a Rule 23(e) class notice are sufficient if it informs the class

8    members of the nature of the pending action, the general terms of the settlement, the

9    options available to class members (*e.g.*, submitting a claim form, opting out, and/or

10    objecting), the time and place of the fairness hearing, and ways to obtain more detailed

11    information. MANUAL FOR COMPLEX LITIGATION (FOURTH), § 21.312 (2004).  The

12    distribution of class notice is sufficient if it is given in a form and manner that does not

13    systematically leave an identifiable group without notice.  S. F. NAACP v. San Francisco

14    Unified Sch. Dist., 59 F. Supp. 2d 1021, 1027-28  (N.D. Cal. 1999), *quoting Officers for*

15    *Justice,* 688 F.2d at 624  *(citing Mandujano v. Basic Vegetable Prod., Inc.,* 541 F.2d 832,

16    835-36  (9th Cir. 1976)).  Due process requires only a procedure reasonably calculated to

17    reach class members.  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306  (1950).

18       **A.    The Notice Plan Satisfies the Requirements of Rule 23(c)(2)(B)**

19        Federal Rule of Civil Procedure 23(c)(2)(B) requires that members of a class

20    certified under Rule 23(b)(3) be given notice of the suit and its class action status.  The

21    class members are entitled to receive "the best notice that is practicable under the

22    circumstances."  Fed. R. Civ. P. 23 (c)(2)(B).  "Notice is satisfactory if it 'generally

23    describes the terms of the settlement in sufficient detail to alert those with adverse

24    viewpoints to investigate and to come forward and be heard.'"  Churchill Vill. v. GE, 361

25    F.3d 566, 575  (9th Cir. 2004); see Silber v. Mabon, 18 F.3d 1449, 1454  (9th Cir. 1994)

26    (the notice must be "reasonably calculated, under all the circumstances, to apprise

27    interested parties of the pendency of the action and afford them an opportunity to present

28

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1   their objections.").

2         Specifically, under Federal Rule of Civil Procedure 23(c)(2)(B), the notice must

3   "clearly and concisely state in plain, easily understood language":

4         (i) the nature of the action; (ii) the definition of the class certified; (iii) the
        class claims, issues or defenses; (iv) that a class member may enter an
5         appearance through an attorney if the member so desires; (v) that the court
        will exclude from the class any member who requests exclusion; (vi) the
6         time and manner for requesting exclusion; and (vii) the binding effect of a
        class judgment on members under Rule 23(c)(3).
7

8   Here, the proposed Notice complies with the requirements of Fed. R. Civ. P. 23 (c)(2)(B).

9         The Notice informs Settlement Class Members that a Settlement Class has been

10  conditionally certified and provides a description of the Settlement Class in a manner that

11  allows potential class members to easily determine whether they are a member of the

12  Settlement Class.  The notice describes the terms of the proposed settlement, the proposed

13  attorneys' fees, and the procedure for filing claims, noting that such benefits will be

14  distributed to Settlement Class Members only if the Court approves the settlement after the

15  fairness hearing.  The notice clearly apprises Settlement Class Members of their rights to

16  participate in, object to, or request exclusion from the proposed settlement, and to attend

17  the fairness hearing, providing sufficient descriptions of the process by which to exercise

18  such rights, deadlines associated with exercising such rights, and the time and place of the

19  fairness hearing.  The notice prominently displays the names and addresses of Class

20  Counsel and the procedures for making inquiries through the claims center or by

21  contacting Class Counsel; additionally directing the Settlement Class Member to the

22  Engine Misfire Website from which the Settlement Class Member can download a Claim

23  Form.  For those Settlement Class Members who do not have access to a computer or to

24  the internet, or for those Settlement Class Members who have additional questions, the

25  notice also contains all information necessary to contact the Settlement Administrator via a

26  toll free telephone number staffed during normal business hours and via U.S. mail.  Such

27  notices that contain a summary of the nature of the pending action, the general terms of the

28

23

1  settlement, the options available to class members (*e.g.*, submitting a claim form, opting

2  out, and/or objecting), the time and place of the fairness hearing, and ways to obtain more

3  detailed information are consistent with due process and satisfy the requirements of

4  Fed. R. Civ. P. 23 .  MANUAL FOR COMPLEX LITIGATION (FOURTH), § 21.312 (2004).

5  **B.     The Manner of Providing Notice Fully Satisfies Due Process**

6  Federal Rule of Civil Procedure 23(e)(1) requires that all class members who would

7  be bound by the settlement be given "notice in a reasonable manner."  The proposed

8  Notice will provide Settlement Class members with individual notice by first class mail,

9  thereby satisfying due process.  See Mullane, 339 U.S. at 310  (explaining that notice by

10 first class mail will often be the "best practicable notice"); Silber, 18 F.3d at 1453-54

11 (holding notice by direct mail and publication to be "best notice practicable" under the

12 circumstances).

13 The Parties believe that nearly all (if not all) members of the Settlement Class will

14 receive the direct mail notice, because AHM has agreed to acquire Class Member

15 addresses from R.L. Polk & Co., or a like a company, that specializes in obtaining this data

16 from State Departments of Motor Vehicles, and having R.L. Polk then run those addresses

17 through the National Change of Address database.  AHM has also agreed to post the notice

18 on a dedicated website.  Posting the notice on the Internet is a useful supplement to

19 individual direct notice, and can be provided at relatively low cost.  MANUAL FOR

20 COMPLEX LITIGATION (FOURTH) § 21.311 (2004); *see also* Brian Walters, "Best Notice

21 Practicable" in the Twenty-First Century, 2003 UCLA J.L. & TECH. 4  (2003).

22 In summary, the method of notice in the Settlement Agreement meets the standards

23 of Rule 23(c)(2)(B) and (e) and satisfies due process by providing for individual notice to

24 all Settlement Class Members by First Class mail.[13]

_____

25

26 [13] Notice of the proposed settlement will also be provided to the Attorney General of the United States and the appropriate state officials of all 50 states, as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  (*See* Settlement Agreement IV.A.6.)  In accordance with CAFA, not later than 10 days after a proposed settlement of a class action is filed in court, AHM will provide these government officials with copies of all of the required materials.  *See* 28 U.S.C. § 1715.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## VII.   CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court preliminarily approve the proposed settlement (Dkt. 73-1), enter the Preliminary Approval Order; conditionally certify the proposed settlement class; and order dissemination of Notice reflecting preliminary certification of a proposed settlement class, appointment of class representative and Class Counsel, and the Settlement Administrator for the proposed settlement; and schedule the date of the Final Approval Hearing, and other related deadlines as presented to the Court.

Dated:   September 13, 2013      BERK LAW PLLC
                                Attorneys for Individual and Representative Plaintiffs
                                ALEX SOTO and VINCE EAGEN


                        By:      /s/ Matthew J. Bonness
                                STEVEN N. BERK, *Admitted P.H.V.*
                                Email:  steven@berklawdc.com
                                MATTHEW J. BONNESS, CSB #229226
                                Email:  matt@berklawdc.com
                                BERK LAW PLLC
                                2002 Massachusetts Ave., NW, Suite 100
                                Washington, District of Columbia  20036
                                Telephone:  (202) 232-7550
                                Facsimile:  (202) 232-7556

<u>CERTIFICATE OF SERVICE</u>

I, Matthew J. Bonness, hereby certify that on September 13, 2013, I electronically filed the foregoing **PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** and accompanying **[Proposed] Order** granting the same with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael L. Mallow, CSB #188745
Email: mmallow@loeb.com
Denise A. Smith-Mars, CSB # 215057
Email: dmars@loeb.com
Michael B. Shortnacy, CSB #277035
Email: mshortnacy@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, California 90067
Telephone: (310) 282-2000
Facsimile: (310) 282-2200

*Attorneys for Defendant*

DATED this 13th day of September, 2013.

BERK LAW PLLC

By: _/s/ Matthew J. Bonness, CSB #229226_
Matthew J. Bonness, CSB #229226
Email: matt@berklawdc.com
2002 Massachusetts Ave., NW, Suite 100
Washington, DC 20036
Telephone: (202) 232-7550
Facsimile: (202) 232-7556

*Attorneys for Individual and Representative Plaintiffs Alex Soto and Vince Eagen*

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT