Michael Ram
(Cal. Bar No. 104805)
*mram@ramolson.com*
Jeffrey B. Cereghino
(Cal. Bar. No. 99480)
*jbc@rocklawcal.com*
**RAM, OLSON, CEREGHINO, & KOPCZYNSKI LLP**
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone:   (415) 433-4949
Facsimile:   (415) 433-7311

*Attorneys for Individual and Representative*
*Plaintiff Vince Eagen*

[Additional counsel listed on signature page.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE EAGEN, on behalf of himself and all others similarly situated,<br><br>                     Plaintiff,<br><br>         v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>                     Defendant. | Case No. 3:12-cv-01377-SI<br>(Hon. Susan Illston)<br><br>**SECOND AMENDED**<br>**CLASS ACTION COMPLAINT**<br><br>Complaint Filed:     Mar. 19, 2012<br>     Trial Date:   None set<br><br><u>CLASS ACTION</u><br><br><u>DEMAND FOR JURY TRIAL</u> |

SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Vince Eagen, on behalf of himself and all others similarly situated, alleges as follows:

## NATURE OF THE CASE

1.     Certain Honda vehicles equipped with 6-cylinder engines (or "V6 engines") with Variable Cylinder Management 2 ("VCM-2"), the "Class Vehicles," including (1) Model-Year 2008, 2009, 2010, 2011, and 2012 Honda Accord vehicles equipped with a 6-cylinder engine with VCM-2, (2) Model-Year 2008, 2009, 2010, 2011, 2012, and 2013 Honda Odyssey vehicles equipped with a 6-cylinder engine with VCM-2, (3) Model-Year 2009, 2010, 2011, 2012, and 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with VCM-2, (4) Model-Year 2010 and 2011 Honda Accord Crosstour vehicles equipped with a 6-cylinder engine with VCM-2, and (5) Model-Year 2012 Crosstour vehicles equipped with a 6-cylinder engine with VCM-2 (collectively, the "Class Vehicles"), suffer from a systemic design defect that causes spark plug fouling, premature spark plug degradation, and engine misfires.  This defect is present when the vehicles are sold and manifests prior to the expiration of the Class Vehicles' warranty periods.

2.     On information and belief, the systemic design defect is the result of the function of VCM-2.  During certain driving modes, the VCM-2 deactivates combustion in 2 or 3 of the engine's cylinders in order to increase fuel efficiency.  This effort, however, compromises the performance of the deactivated cylinders' spark plugs' self-cleaning mode, resulting in spark plug fouling, premature spark plug degradation, and engine misfires as well as symptoms and causes thereof.

3.     Hundreds of complaints concerning this defect appear online, including numerous complaints on *www.carcomplaints.com*. Numerous complaints are available on other websites too, including the complaints forum of the National Highway Traffic Safety Administration's ("NHTSA") website.

4.     As a result of Honda's practices, Plaintiff and the other members of the proposed class have suffered injury-in-fact, including economic damages, and have lost money or property.  Plaintiff brings claims for violations of the Consumers Legal

1

SECOND AMENDED CLASS ACTION COMPLAINT

Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*., for violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, and the Magnuson-Moss Warranty Act, codified at 15 U.S.C. § 2301 *et seq.*, as well as for breach of express warranty and unjust enrichment.

## PARTIES

5.     Plaintiff Vince Eagen is a resident of Campbell, California, located in the County of Santa Clara.

6.     Defendant American Honda Motor Co., Inc. ("Honda") is a corporation organized under the laws of the State of California and headquartered in Torrance, California, located in the County of Los Angeles.  Honda is the U.S. sales, marketing, and distribution subsidiary of its Japanese parent company, Honda Motor Co., Ltd.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. § 1332(d).  The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant Honda, on the other, are citizens of different states.

8.     This Court has jurisdiction over Honda because it maintains its principal headquarters in California; is registered to conduct business in California; has sufficient minimum contacts in California; or otherwise intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its vehicles to render the exercise of jurisdiction by this Court proper and necessary.  Moreover, Honda's wrongful conduct (as described herein) emanates from California and foreseeably affects consumers in California.  Most, if not all, of the events alleged herein occurred in or emanated from Honda's corporate headquarters located in Torrance, California.

SECOND AMENDED CLASS ACTION COMPLAINT

9.     Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## SUBSTANTIVE ALLEGATIONS

10.    Honda markets, distributes, and warrants the Class Vehicles in the United States.

11.   Honda widely advertises the Class Vehicles as safe and reliable vehicles.

12.   Honda provides owners and lessees of Class Vehicles with a New Vehicle Limited Warranty.  The New Vehicle Limited Warranty states that Honda will repair or replace, free of charge, any part that is defective in material or workmanship under normal use for 3 years or 36,000 miles, whichever comes first.

13.   Honda provides owners and lessees of Class Vehicles with a Powertrain Limited Warranty that covers, among other things, the "[c]ylinder block and head and all internal parts, … valve covers, oil pan, oil pump, intake and exhaust manifolds, … engine/powertrain, … seals and gaskets."  The Powertrain Limited Warranty states that Honda will repair or replace, free of charge, any part that is defective in material or workmanship under normal use for 5 years or 60,000 miles, whichever comes first.

14.   Additionally, federal law, 42 U.S.C. § 7541, requires Honda to provide to owners and lessees of Class Vehicles a Federal Emissions-related Defects warranty, which, among other things, requires Honda, per Honda's representation, to "warrant[] that … [each Class Vehicle] is designed, built, and equipped to conform at the time of sale with all applicable emissions standards," and "is free from defects in materials and workmanship that would cause it to fail to conform with applicable emissions requirements during the specified time and mileage period," and to diagnose and make repairs of specified components – including any spark plugs that fail before the first scheduled maintenance – at no charge to owners.  Said "specified time and mileage period" is at least 3 years or 36,000 miles.

15.   The defect in the Class Vehicles is in the design and/or manufacture of their engines and VCM-2.

3

SECOND AMENDED CLASS ACTION COMPLAINT

16.   Despite hundreds of online complaints and Honda's issuance of Technical Service Bulletins implementing ineffective software updates meant to combat the engine misfire defect as well as the symptoms and causes thereof, Honda refuses to correct the defect in the Class Vehicles.

17.   Because the defective engines require repairs within 3 years and 36,000 miles, the New Vehicle Limited Warranty obligates Honda to repair the defect. However, Honda refuses to repair Class Vehicles under the New Vehicle Limited Warranty, refuses to replace the parts free of charge, and refuses to publicly acknowledge that the engines suffer from a defect.  Honda's refusal to honor the warranty harms Plaintiff and Class members by forcing them to incur out-of-pocket costs on repairs covered by the warranty and by forcing them to spend excessive time replacing oil and parts repeatedly damaged by the defect.

18.   Because the defective engines require repairs within 5 years and 60,000 miles, the Powertrain Limited Warranty obligates Honda to repair the defect.  However, Honda refuses to repair Class Vehicles under the Powertrain Limited Warranty, refuses to replace the parts free of charge, and refuses to publically acknowledge that the engine suffers from a defect.  Honda's refusal to honor the warranty harms Plaintiff and Class members by forcing them to incur out-of-pocket costs on repairs covered by the warranty and by forcing them to spend excessive time replacing oil and parts repeatedly damaged by the defect.

19.   Because the defective engines require repairs within 3 years or 36,000 miles, the Federal Emissions-related Defects Warranty requires Honda to repair the defect. However, Honda refuses to repair Class Vehicles under the Federal Emissions-related Defects Warranty, refuses to replace the parts free of charge, and refuses to publically acknowledge that the engine suffers from a defect.  Honda's refusal to honor the warranty harms Plaintiff and Class members by forcing them to incur out-of-pocket costs on repairs covered by the warranty.

4

SECOND AMENDED CLASS ACTION COMPLAINT

20.   Furthermore, Honda's refusal to permanently repair or remedy the defect harms Plaintiff and Class members by diminishing the Class Vehicles' reputation for reliability, thereby decreasing the resale value of Class Vehicles.

21.   Consumers have lodged numerous complaints concerning the defect in Class Vehicles with the National Highway Traffic Safety Administration (NHTSA).   These complaints reflect the abnormally high rates of spark plug fouling, premature spark plug degradation, and engine misfires; the symptoms and causes thereof; the repeated, unexpected repair costs; and Honda's refusal to honor its warranties or to take responsibility for the defect.

22.   Numerous owners of Class Vehicles have posted complaints on the Internet.  Below is a sampling from the approximately 130 complaints on *carcomplaints.com* alone.  These complaints, which are unedited, represent the ubiquity of the defect in the Class Vehicles and, although some complaint authors are not members of the proposed class, demonstrate Honda's systematic failure to remedy the defect in Class Vehicles.

- My 2009 Accord V6 is burning oil a bit more than 1 quart every 1000 miles. On a recent long trip, the engine light came on and the car started running rough. When I took the car to the dealer, they said the spark plugs were fould which was caused by a software problem in the car's engine computer. They said it was related to the excessive oil consumption. They also said a new service bulletin came out that instructs them to reprogram the computer with new software which is supposed to cure the oil consumption problem. They reprogrammed the computer and changed my spark plugs without charge. Time will tell if this fixes the problem.

- HELLO, FELLOW HONDA OWNERS!!! YOU ARE NOT ALONE. I PURCHASED A NEW 2008 HONDA ACCORD EX-V6 NAVI--- LOADED!!! GREAT CAR, SO I THOUGHT. I HAD THE TYPICAL FOULED # 3 SPARK PLUG PROBLEM 2 TIMES AND MASSIVE OIL CONSUMPTION. THE HONDA DEALER FIXED EVERYTHING FREE OF CHARGE. I THEN GOT TIRED OF GOING EVERY 3 MONTHS (40 K MI.) FOR THE SAME PROBLEM, SO STUPID ME GOES UPSTAIRS DURING THE LAST SPARK PLUG ISSUE AND TRADED THE 2008 IN FOR THE NEW PROBLEM FEE 2010 ACCORD EX-V6 NAVI. IT'S BEEN APPROX. 6 MONTHS AND 12,000 TROUBLE FREE MILES. LOW AND

BEHOLD THE OIL ISSUE IS ALWAYS IN THE BACK OF MY HEAD SO I GO OUTSIDE AND START CHECKING THE OIL EVERY STAURDAY AND FIND MY 2010 ACCORD IS USING OIL. I HAVE NOT NOTIFIED THE DEALER YET.

I AM A LOYAL HONDA OWNER AND TRULY BELIEVE IN THIS COMPANY. I HAVE OWNED 7 NEW HONDAS SINCE 1992. I HAVE NEVER PURCHASED A NEW CAR FROM ANOTHER COMPANY. I WORK CRAZY HOURS AND DRIVE ALOT OF MILES. (30 K YEAR) I HAVE NEVER NEEDED A TOW TRUCK DUE TO BREAKDOWNS.

BUT NEVER AGAIN WILL I BUY A NEW HONDA AUTOMOBILE. I WILL SEARCH FOR OTHER OPTIONS. MY HEART TELLS ME ONE THING AND MY MIND IS TELLING ME TO STAY AWAY. ( SOUND LIKE A SOAP OPERA ).

- Have a 2010 Honda Accord sedan V-6. I bougt it new in Feb. 2010, and at 3947 miles only had 2-1/4 quarts of oil in engine. The oil pressure light never came on, but the engine light did. I took it to the dealer and had a misfire on #3 cylinder in addition to oil deposit on #2 & #3 spark plugs, which where replaced. Honda dealer thought honda corp techies would aprove new engine but they told dealer to send me on my way and have me check my oil level every 1,000-2,000 miles. What happend to Honda reliability?
  Will file for lemon law WHEN problem continues!

23.    Honda has long known the Class Vehicles have the aforementioned defect. Honda has exclusive access to information about the defect through its dealerships, pre-release testing data, warranty data, customer complaint data, and replacement part sales data, among other sources of aggregate information about the problem.

24.    Notably, Honda has issued specific Technical Service Bulletins and Engine Control Module software updates through its dealerships' service departments, as an ineffective attempt to remedy this issue.  In contrast, the defect was not known or reasonably discoverable by Plaintiff and Class members prior to purchase and without experiencing the defect firsthand.

25.    Honda has actively concealed the defect from consumers.  Even when an owner or a lessee of a Class Vehicle specifically asks whether his or her vehicle suffers

6

SECOND AMENDED CLASS ACTION COMPLAINT

from a known problem, Honda's policy is to deny that there is a known problem and to continue concealing the defect.

26.   Honda directed its dealerships' service departments to maintain its campaign of active concealment through service bulletins, software updates, and a technician's telephone line.  Each of these mechanisms helped to ensure that owners and lessees received a uniformly misleading response from any Honda dealership regarding the existence of the defect.

27.   Authorized by Honda to evaluate any mechanical problems that a vehicle owner may encounter, the dealerships spoke with the authority of Honda itself when refusing to admit the fact that the Class Vehicles are defective.  This relationship ensured that all Class Vehicles were serviced under Honda's direction and control and that warranty coverage was uniformly denied.

28.   Honda knew that potential car buyers and lessees would deem the defect to be material such that reasonable consumers who knew of the defect either would have paid less for the Class Vehicles or would not have purchased or leased a Class Vehicle at all.

29.   As a result of Honda's practices, Plaintiff and Class members purchased Class Vehicles they otherwise would not have purchased, paid more for those vehicles than they would have paid, unnecessarily paid – and will continue to pay – repair costs as a result of the defect, and suffered diminution of those vehicles' resale value.

## PLAINTIFF'S EXPERIENCE

### Plaintiff Vince Eagen

30.   Plaintiff Vince Eagen purchased his 2008 V6 Honda Accord with VCM-2 and automatic transmission in or around October 2008 in California.

31.   Mr. Eagen's vehicle's spark plugs have twice become prematurely fouled as a result of the defect.

32.   When Mr. Eagen's vehicle had just 30,000 miles on the odometer, the engine began to misfire.  The spark plugs, valve seals, intake valve seals, and gasket head covers were replaced under warranty.

7

SECOND AMENDED CLASS ACTION COMPLAINT

33.     However, later, when the vehicle's odometer reached approximately 55,000 miles, Mr. Eagen noticed that his engine was again misfiring.  He diagnosed the problem himself by running the onboard diagnostic codes that the vehicle provides through a database.  Using these codes, Mr. Eagen discovered that the spark plugs were once again fouled and misfiring.

34.     After a local mechanic shop replaced one spark plug at a cost of about $200, Mr. Eagen decided to replace the rest himself at a cost of approximately $90.

35.     Notably, the fouled spark plugs were markedly corroded.  This was surprising to Mr. Eagen because the plugs had only been installed for about 25,000 miles.

36.     The spark plugs corroded rapidly as a result of the defect.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action on behalf of himself and a class of persons initially defined as follows:

> All purchasers and lessees who reside in, and who  purchased or leased their vehicles in the United States (other than for purposes of resale or distribution) of any:  (1) Model-Year 2008, 2009, 2010, 2011, and 2012 Honda Accord vehicles equipped with a 6-cylinder engine with VCM-2, (2) Model-Year 2008, 2009, 2010, 2011, 2012, and 2013 Honda Odyssey vehicles equipped with a 6-cylinder engine with VCM-2, (3) Model-Year 2009, 2010, 2011, 2012, and 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with VCM-2, or (4) Model-Year 2010 and 2011Honda Accord Crosstour vehicles equipped with a 6-cylinder engine with VCM-2; and Model-Year 2012 Crosstour vehicles equipped with a 6-cylinder engine with VCM-2.

(the "Class").

38.     Excluded from the Class are Honda; any affiliate, parent, or subsidiary of Honda; any entity in which Honda has a controlling interest; any officer, director, or employee of Honda; any successor or assign of Honda; any Judge to whom this action is assigned; and any owners or lessees of Class Vehicles that were not distributed for sale or lease in the United States.

SECOND AMENDED CLASS ACTION COMPLAINT

39.     This action has been brought and may properly be maintained on behalf of the Class proposed above under Federal Rule of Civil Procedure Rule 23.

40.     <u>Numerosity</u>.  Members of the Class are so numerous that their individual joinder herein is impracticable.  Hundreds of thousands of Class Vehicles have been sold or leased in the United States, with a substantial portion of those sales occurring in California.  Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

41.     <u>Existence and predominance of common questions</u>.  Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.  These common questions include the following:

a.     Whether Honda provided Plaintiff and Class members with a vehicle inherently defective in its ability to prevent or avoid spark plug fouling, premature spark plug degradation, and/or engine misfires;

b.     Whether the fact that the engine is subject to spark plug fouling, premature spark plug degradation, and/or engine misfires would be considered material by a reasonable consumer;

c.     Whether Honda has a duty to disclose the defect to Plaintiff and other Class members;

d.     Whether Honda has violated the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, as alleged in this Complaint;

e.     Whether Honda has engaged in unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code section 17200 *et seq.*, as alleged in this Complaint;

f.     Whether Honda breached the express warranties by refusing to provide warranty coverage for the defect;

g.     Whether Plaintiff and the other Class members are entitled to equitable relief, including but not limited to restitution or a preliminary and/or permanent injunction; and

9

SECOND AMENDED CLASS ACTION COMPLAINT

h.    Whether Plaintiff and the other Class members are entitled to damages and other monetary relief.

42.    Typicality.  Plaintiff's claims are typical of the claims of the Class, because, among other things, Plaintiff purchased a Class Vehicle that contained the same defect found in all other Class Vehicles.

43.    Adequacy.  Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intend to prosecute this action vigorously.  The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

44.    Superiority.  The class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Honda economically feasible.  Even if Class members themselves could afford such individualized litigation, the court system could not.  In addition to the burden and expense of managing myriad actions arising from the defect, individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation would increase the delay and expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

45.    In the alternative, the Class may be certified because:

a.    the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Honda;

b.    the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which

10

SECOND AMENDED CLASS ACTION COMPLAINT

would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.  Honda has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**(Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et. seq.*)**

46.   On behalf of himself and all others similarly situated, Plaintiff realleges, as if fully set forth, each and every allegation set forth herein.

47.   Honda is a "person" under Cal. Civ. Code section 1761(c).

48.   Plaintiff and the other Class members are "consumers" under Cal. Civ. Code section 1761(d).

49.   Plaintiff and the other Class members engaged in "transactions" under Cal. Civ. Code section 1761(e), including the purchase or lease of Class Vehicles from Honda and the presentation of Class Vehicles for repair or replacement of the defect to Honda.

50.   As set forth herein, Honda's acts, policies, and practices undertaken in transactions intended to result and which did result in the sale or lease of Class Vehicles, violate sections 1770(a)(5), (a)(7), (a)(9), (a)(14), and (a)(16) of the CLRA in that: (a) Honda represents that its goods have sponsorship, approval, characteristics, uses, or benefits which they do not have; (b) Honda represents that its goods are of a particular standard, quality, or grade, but are of another; (c) Honda advertises its goods with intent not to sell them as advertised; (d) Honda represents that a transaction confers or involves rights, remedies, or obligations which it does not have or involve; and (e) Honda represents that its goods have been supplied in accordance with a previous representation when they have not.

51.   The existence of the defect is a material fact.  Plaintiff and other Class members were unaware of the defect when they purchased the Class Vehicles. Consumers value reliability and dependability of automobiles and automobile parts,

SECOND AMENDED CLASS ACTION COMPLAINT

especially concerning vital protection of engine components in the Class Vehicles.  Had they known of the defect, Plaintiff and other Class members would not have purchased or leased the Class Vehicles, or would have done so only at lower prices.

52.   Reasonable consumers expect, among other things:

a.   New vehicles, including Class Vehicles, to be equipped with effective mechanisms for allowing the engine to effectively lubricate itself without compromising the integrity of the engine as a whole;

b.   New vehicles, including Class Vehicles, to function properly for the duration of the warranty and that defects will be covered under warranty; and

c.   New vehicles, including Class Vehicles, will not require a rebuild of the engine to replace defective seals or rings, or replacement of one quart of oil per 1,000 miles driven for the life of the vehicle.

53.   Honda had a duty to disclose the defect in the Class Vehicles for various reasons, including that:

a.   The defect's existence is contrary to Honda's representations and consumers' expectations;

b.   Honda's concealment of the defect and/or Honda's failure to disclose the defect was likely to deceive reasonable consumers;

c.   Honda intentionally concealed the defect with the intent to defraud consumers;

d.   Honda's concealment of the defect harmed Plaintiff and other Class members; and

e.   Honda never intended to fulfill its warranty obligation to repair or replace the defect or any of the damage caused thereby.

54.   As a result of Honda's practices, Plaintiff and the other Class members have suffered harm.

55.   Pursuant to the provisions of Cal. Civ. Code § 1780, Plaintiff seeks an order enjoining Honda from the unlawful practices described herein, a declaration that Honda's

12

SECOND AMENDED CLASS ACTION COMPLAINT

conduct violates the CLRA, actual and punitive damages, and attorneys' fees and costs of litigation.

## **SECOND CAUSE OF ACTION**

### **(For unlawful, unfair, and fraudulent business practices under California Business and Professions Code § 17200 *et seq.*)**

56.     Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

57.     Honda's acts and practices, as alleged in this Complaint, constitute unlawful, unfair and/or fraudulent business practices, in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

58.     The business practices engaged in by Honda that violate the Unfair Competition Law include failing to disclose at the point of sale, the point of repair, or otherwise, that the engine is defective.

59.     Honda engaged in unlawful business practices by violating the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*; and by engaging in conduct, as alleged herein, that breaches the express warranties.

60.     Honda engaged in unfair business practices by, among other things:

a.     Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and other members of the Class;

b.     Engaging in conduct that undermines or violates the stated policies underlying the CLRA and the Magnuson-Moss Warranty Act, each of which seeks to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace; and

c.     Engaging in conduct that causes a substantial injury to consumers, not outweighed by any countervailing benefits to consumers or to competition, which the consumers could not have reasonably avoided.

13

SECOND AMENDED CLASS ACTION COMPLAINT

61.     Honda engaged in fraudulent business practices by engaging in conduct that was and is likely to deceive consumers acting reasonably under the circumstances.

62.     As a direct and proximate result of Honda's unfair and fraudulent business practices as alleged herein, Plaintiff suffered injury-in-fact and lost money or property, in that they purchased or leased a vehicle they otherwise would not have purchased, paid for engine defect diagnoses, repairs, and oil replacements, and are left with Class Vehicles of diminished value and utility because of the defect.  Meanwhile, Honda has sold and leased more Class Vehicles than it otherwise could have and charged inflated prices for Class Vehicles, unjustly enriching itself thereby.

63.     Plaintiff and Class members are entitled to equitable relief including restitution of all fees, disgorgement of all profits accruing to Honda because of its unfair, fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining Honda from its unfair, fraudulent, and deceitful activity.

### THIRD CAUSE OF ACTION

**(For Breach of Written Warranty Under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*)**

64.     Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

65.     Plaintiff and the other Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

66.     Honda is a "supplier" and "warrantor" within the meaning of sections 2301(4)-(5).

67.     The Class Vehicles are "consumer product[s]" within the meaning of section 2301(1).

68.     Honda's express warranties are "written warrant[ies]" within the meaning of section 2301(6).

69.     Honda breached the express warranties by:

      a.     Extending a 3 year/36,000 mile New Vehicle Limited Warranty with the purchase or lease of the Class Vehicles, thereby warranting to

14

SECOND AMENDED CLASS ACTION COMPLAINT

repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

b.     Extending a 5 years/60,000 mile Powertrain Limited Warranty with the purchase or lease of the Class Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

c.     Extending, per its legal obligation, the Federal Emissions-related Defects Warranty, thereby warranting to repair or replace any parts covered under that warranty at no cost to the owner or lessee;

d.     Selling and leasing Class Vehicles with engines that were defective in material and workmanship, requiring repair or replacement within the warranty periods, as well as the replenishment of engine oil at an excessive rate; and

e.     Refusing to honor the express warranties by repairing or replacing, free of charge, the engine or any of its component parts.

70.    Honda's breach of the express warranties has deprived the Plaintiff and the other Class members of the benefit of their bargain.

71.    The amount in controversy of Plaintiff's individual claim meets or exceeds the sum or value of $25.  In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

72.    Honda has been afforded a reasonable opportunity to cure its breach of written warranties, including when Plaintiff and other Class members brought their vehicles in for diagnoses and repair of their defective engines.

73.    As a direct and proximate cause of Honda's breach of written warranties, Plaintiff and Class members sustained damages and other losses in an amount to be determined at trial.  Honda's conduct damaged Plaintiff and Class members, who are entitled to recover damages, consequential damages, specific performance, diminution in

15

SECOND AMENDED CLASS ACTION COMPLAINT

value of the Class Vehicles, costs, attorneys' fees, rescission, and/or other relief as appropriate.

### FOURTH CAUSE OF ACTION

**(For Breach of Express Warranty Under Cal. Comm. Code § 2313)**

74.    Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

75.    Honda provided all purchasers and lessees of the Class Vehicles with the express warranties described herein, which became part of the basis of the bargain. Accordingly, Honda's express warranties are express warranties under California law.

76.    The engines and their component parts were manufactured and/or installed by Honda in the Class Vehicles and are covered by the express warranties.

77.    Honda breached the express warranties by:

  a. Extending a 3 year/36,000 mile New Vehicle Limited Warranty with the purchase or lease of the Class Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

  b. Extending a 5 year/60,000 mile Powertrain Warranty with the purchase or lease of the Class Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

  c. Extending, per its legal obligation, the Federal Emissions-related Defects Warranty, thereby warranting to repair or replace any parts covered under that warranty at no cost to the owner or lessee;

  d. Selling and leasing Class Vehicles with engines that were defective in material and workmanship, requiring repair or replacement within the warranty periods, as well as the replenishment of engine oil at an excessive rate; and

  e. Refusing to honor the express warranties by repairing or replacing, free of charge, the defective engine or any of its component parts.

16

SECOND AMENDED CLASS ACTION COMPLAINT

78.     Plaintiff notified Honda of the breach within a reasonable time and/or was not required to do so because affording Honda a reasonable opportunity to cure its breach of written warranty would have been futile.  Honda was also on notice of the defect from the complaints and service requests it received from Class members, from repairs and/or replacements of the defective engine or a component thereof, and through its own maintenance records.

79.     As a direct and proximate cause of Honda's breach, Plaintiff and the other Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale or lease, that is, the difference between the value of the vehicle as promised and the value of the vehicle as delivered.  Additionally, Plaintiff and the other Class members either have incurred or will incur economic damages at the point of repair in the form of the cost of repair and replacement oil.

80.     Plaintiff and the other Class members are entitled to legal and equitable relief against Honda, including damages, consequential damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief as appropriate.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment)

81.     Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

82.     Defendant has been, and continues to be, unjustly enriched, to the detriment of and at the expense of Plaintiff and Class members, as a result of its conduct directed against Plaintiff and the Class as a whole, including the collection of money from the sale of Class Vehicles and the avoidance of or refusal to incur expenses associated with repair of said defective vehicles.

83.     Defendant has been unjustly benefitted through the unlawful or wrongful collection of money from the sale of Class Vehicles, and continues to so benefit to the detriment and at the expense of Class members.

84.     Accordingly, Defendant should not be allowed to retain the proceeds from the benefits conferred up on it by Plaintiff and Class members, who seek disgorgement of

Defendant's unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, and seek restitution for the benefit of Plaintiff and Class members, in an equitable and efficient fashion as the Court deems just and proper.

85.     Plaintiff and Class members are entitled to the imposition of a constructive trust upon Defendant such that its unjust enrichment, unjust benefit, and ill-gotten gains may be allocated and distributed equitably by the Court to and for the benefit of Plaintiff and Class members.

SECOND AMENDED CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class members, prays for judgment as follows:

    a.    For an order certifying the Plaintiff Class and appointing Plaintiff and his counsel to represent the Class;

    b.    For an order awarding Plaintiff and the members of the Class damages, consequential damages, specific performance, and/or rescission;

    c.    For an order awarding Plaintiff and the members of the Class restitution and disgorgement of profits, or other equitable relief as the Court deems proper;

    d.    For an order enjoining Honda from continuing to engage in unlawful business practices as alleged herein;

    e.    For an order awarding Plaintiff and the members of the Class pre-judgment and post-judgment interest;

    f.    For an order awarding Plaintiff and the members of the Class reasonable attorneys' fees and costs of suit, including expert witness fees; and

    g.    For an order imposing a constructive trust over the revenues from sales of and resulting profits received by Defendant as a result of its wrongful conduct.

    h.    For an order awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

19

SECOND AMENDED CLASS ACTION COMPLAINT

1    DATE:  September 30, 2013          Respectfully submitted,

2

3                                       **BERK LAW PLLC**

4
                                        **/s/** Matthew J. Bonness
5                                       Matthew J. Bonness (Cal. Bar No. 229226)
                                        *matt@berklawdc.com*
6                                       Steven N. Berk
7                                       (admitted *pro hac vice*)
                                        *steven@berklawdc.com*
8
                                        **BERK LAW PLLC**
9                                       2002 Massachusetts Avenue, Northwest, Suite 100
10                                      Washington, District of Columbia  20036
                                        Telephone:   (202) 232-7550
11                                      Facsimile:    (202) 232-7556

12
                                        Beth E. Terrell (Cal. Bar No. 178181)
13                                      *bterrell@tmdlegal.com*
14                                      Kimberlee L. Gunning
                                        (admitted *pro hac vice*)
15                                      *kgunning@tmdwlaw.com*
16                                      **TERRELL MARSHALL DAUDT & WILLIE
                                        PLLC**
17
                                        936 North 34th Street, Suite 300
18                                      Seattle, Washington  98103
19                                      Telephone:   (206) 816-6603
                                        Facsimile:    (206) 350-3528
20

21                                      Michael Ram (Cal. Bar No. 104805)
22                                      *mram@ramolson.com*
                                        Jeffrey B. Cereghino (Cal. Bar No. 99480)
23                                      *jbc@rocklawcal.com*
24                                      **RAM, OLSON, CEREGHINO, &
                                        KOPCZYNSKI LLP**
25
                                        555 Montgomery Street, Suite 820
26                                      San Francisco, California  94111
27                                      Telephone:   (415) 433-4949
                                        Facsimile:    (415) 433-7311
28

---

20

SECOND AMENDED CLASS ACTION COMPLAINT

Lawrence Deutsch
(admitted *pro hac vice*)
*ldeutsch@bm.net*
Shanon Carson
(admitted *pro hac vice*)
*scarson@bm.net*
Eugene Tompkins
(admitted *pro hac vice*)
*gtompkins@bm.net*
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania  19103
Telephone:   (215) 875-3062
Facsimile:    (215) 875-4604

*Attorneys for Individual and Representative*
*Plaintiff Vince Eagen*

21

SECOND AMENDED CLASS ACTION COMPLAINT

## CERTIFICATE OF SERVICE

I, Matthew J. Bonness, hereby certify that on this 30th day of September 2013, I electronically filed the foregoing **Second Amended Class Action Complaint** with the Clerk of the Court using the Court's CM/ECF system which will send notification of such filing of the following:

Michael L. Mallow, Cal. Bar. No. 188745
*mmallow@loeb.com*
Denise A. Smith-Mars, CSB #215057
*dmars@loeb.com*
Michael B. Shortnacy, CSB # 277035
*mshortnacy@loeb.com*
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California  90067
Telephone:   (310) 282-2000
Facsimile:   (310) 282-2200

*Attorneys for Defendant American Honda Motor Co., Inc.*

DATE:  September 30, 2013        **BERK LAW PLLC**

By:  _/s/ Matthew J. Bonness_
Matthew J. Bonness, CSB #229226
Email:  matt@berklawdc.com
2002 Massachusetts Ave., NW, Suite 100
Washington, DC  20036
Telephone:   (202) 232-7550
Facsimile:   (202) 232-7556

*Attorneys for Individual and Representative*
*Plaintiffs Alex Soto and Vince Eagen*