UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX SOTO and VINCE EAGEN, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>            Defendant. | Case No.: 3:12-cv-01377-SI<br><br>Assigned to Hon. Susan Illston<br><br>Courtroom: 10<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT<br><br><u>CLASS ACTION</u><br><br>Complaint Filed:   March 19, 2012 |

The parties to the above-captioned litigation (the "Litigation") have entered into a Class Action Settlement Agreement and Release, dated September 9, 2013, together with exhibits (collectively, the "Settlement Agreement"), that sets forth the terms and conditions for a proposed settlement, which if approved by the Court, would fully and finally resolve this proposed class action. The Settlement Agreement was submitted to this Court on September 11, 2013 (Dkt.#73-1). Unless otherwise defined herein, terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, which is incorporated herein by reference.

Plaintiffs have filed a motion for preliminary approval of the Settlement Agreement and for an order directing dissemination of class notice, which Defendant American Honda Motor Co., Inc., ("Honda") does not oppose. The motion came for hearing on September 27, 2013, at 9:00 a.m. before the undersigned. The Court has read and considered the Settlement Agreement including the Notice and Claim Form, has considered the submissions in support of the preliminary approval motion and the pleadings and other papers on file in this action, and has heard the statements and presentations of counsel at the hearing on this motion, and finds there is sufficient basis

for: (i) granting preliminary approval of the Settlement Agreement; (ii) preliminarily certifying a class for settlement purposes; (iii) appointing Named Plaintiff Vince Eagan as "Settlement Class Representative" and his counsel as Class Counsel; (iv) directing that Notice be disseminated to the Settlement Class Members; and (v) setting a Final Approval Hearing at which the Court will consider whether to grant final approval of the proposed settlement and Settlement Agreement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1. The Court preliminarily certifies, for settlement purposes only, the following Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All purchasers and lessees who reside in, and who purchased or leased their vehicles in the United States (other than for purposes of resale or distribution), of any: (a) Model-Year 2008, 2009, 2010, 2011, and 2012 Honda Accord vehicles equipped with a 6-cylinder engine with VCM-2; (b) Model-Year 2008, 2009, 2010, 2011, 2012, and 2013 Honda Odyssey vehicles equipped with a 6-cylinder engine with VCM-2; (c) Model-Year 2009, 2010, 2011, 2012, and 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with VCM-2; (d) Model-Year 2010 and 2011 Honda Accord Crosstour vehicles equipped with a 6-cylinder engine with VCM-2; and (e) Model Year 2012 Crosstour vehicles equipped with a 6-cylinder engine with VCM-2.

Excluded from the stipulated Settlement Class are: (1) Honda; (2) any affiliate, parent, or subsidiary of Honda; (3) any entity in which Honda has a controlling interest; (4) any officer, director, or employee of Honda; (5) any successor or assign of Honda; (6) any Judge to whom the Litigation is assigned; (7) anyone who purchased a Settlement Class Vehicle for the purpose of resale; and (8) any owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the United States.

2. The preliminary certification of the Settlement Class and the Litigation as a class action is for settlement purposes only and shall be terminated and without further force or effect and without prejudice to either party in connection with any future proceedings in the Litigation, including any future motion with respect to class

certification, if: (i) the Court fails to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified; or (ii) the Final Approval Order and Judgment is not entered by the Court or is reversed or modified on appeal or otherwise fails for any reason.

3.     For settlement purposes only, the Court appoints Mr. Vince Eagen as Settlement Class Representative and his counsel, Berk Law PLLC; Terrell Marshall Daudt & Willie PLLC; Ram, Olson, Cereghino & Kopczynski; and Berger & Montague, P.C. as Class Counsel pursuant to Rule 23(g)(1).

4.     The Court preliminarily approves the settlement and Settlement Agreement as sufficiently fair, reasonable, and adequate to warrant dissemination of Notice of the proposed settlement to the Settlement Class, the posting of the Notice on the Website, and the scheduling of a formal Final Approval Hearing.

5.     The Court further finds that the Settlement Agreement contains no obvious deficiencies and that the parties entered into the settlement in good faith, following arm's length negotiation between their respective counsel.

6.     Solely for the purpose of implementing this Settlement Agreement and effectuating the settlement, the Parties stipulate that Honda shall be appointed as Settlement Administrator.

7.     The Settlement Administrator will administer this settlement in accordance with the Settlement Agreement and the Notice Plan therein, and this Order, and Honda will bear all costs and expenses related to the administration of this settlement.

8.     The Settlement Administrator shall be responsible for providing notice to the Settlement Class in accordance with the Notice Plan set forth in the Settlement Agreement and this Order, and shall assist with various administrative tasks, including, without limitation: (i) mailing or arranging for the mailing by first-class mail, postage prepaid of the Notice and Claim Form from the information compiled from the Class List to each Settlement Class Member on the Class List; (ii) the creation and maintenance of the Website; (iii) developing processes and procedures for handling returned mail and

1  deficient Claim Forms; (iv) providing to Class Counsel and Honda's Counsel within ten
2  (10) business days of receipt copies of notices of intention to appear and requests for
3  exclusion from the Settlement Class; (v) preparing a list of the Settlement Class Members
4  requesting exclusion and submitting a declaration to the Court before the Final Approval
5  Hearing attesting to the accuracy of that list; (vi) providing true and correct copies of all
6  objections to the settlement submitted to the Settlement Administrator by Settlement Class
7  Members who are not represented by counsel and submitting a declaration to the Court
8  attesting to the copies of all such objections have been provided; (vii) maintaining a
9  P.O. Box to which Settlement Class Members can send requests for exclusion, objections,
10 Claim Forms and other correspondence; and, (viii) processing Claim Forms submitted.

11     9.     The Court hereby approves the form of the Notice, without material
12 alteration from Exhibit C annexed to the Settlement Agreement, and the procedure for
13 disseminating Notice to the proposed Settlement Class as set forth in the Notice Plan.  The
14 Court finds that the Notice and Notice posted on the Website inform the Settlement Class
15 Members of the material terms of the Settlement Agreement and their rights and
16 responsibilities in connection with the settlement, and further finds that the Notice and
17 Notice posted on the Website: (i) is the best practicable notice; (ii) is reasonably
18 calculated, under the circumstances, to apprise Settlement Class Members of the pendency
19 of the Litigation and of their right to object or to exclude themselves from the proposed
20 settlement; (iii) is reasonable, and constitutes due, adequate and sufficient notice to all
21 persons entitled to receive notice; and (iv) meets all applicable requirements of Due
22 Process and applicable law.

23     10.    Pursuant to Rule 23(c)(2)(B) and Rule 23(e), the Court orders that the
24 Settlement Administrator mail the Notice via postage prepaid first class U.S. mail to the
25 persons on the Class List, and that such mailing be completed no later than January 10,
26 2014.  The Notice shall be accompanied by a Claim Form that does not materially differ
27 from the form annexed as Exhibit A to the Settlement Agreement.
28

11. The Court further orders the posting of the Notice and Claim Form on the Website as promptly as practicable subsequent to the date of entry of this Order. The Court further orders the Settlement Administrator to file with the Court proof of mailing of the Notice and publication of both the Notice and Claim Form on the Website at or before the Final Approval Hearing.

12. The Court orders each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or the proposed settlement, the request for a Class Counsel Fees and Expenses Award, or the request for an Incentive Award to: (i) mail to the Settlement Administrator, and serve upon Class Counsel and Honda's Counsel at the addresses listed on the Notice, (ii) postmarked no later than February 24, 2014, (iii) a statement of the objection signed by the Settlement Class Member and containing all of the following information:

 (a) the objector's full name, current address and telephone number;
 (b) identify the date of acquisition and Vehicle Identification Number for his, her or its Settlement Class Vehicle;
 (c) state that the objector has reviewed the Settlement Class definition and understands that he, she or it is a Settlement Class Member;
 (d) provide a written statement of all grounds for the objection accompanied by any legal support for such objections;
 (e) copies of any papers, briefs or other documents upon which the objection is based; and
 (f) a statement of whether the objector intends to appear at the Final Approval Hearing.

13. In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector and/or by the objector's counsel, to any class action settlements submitted in any state or federal court in the United States in the previous five (5) years. If the Settlement Class Member or his, her or its

counsel has not objected to any other class action settlement in the previous five years, he, she or it shall affirmatively so state in the objection.

14. No later than March 10, 2014, the Settlement Administrator will submit to the Court all objections it received from Settlement Class Members.

15. Any Settlement Class Member who does not both provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, and file an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice (as applicable), will be deemed to have waived any objections to the settlement, and shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise, subject to the discretion of the Court.

16. The submission of an objection shall allow Class Counsel or Honda's Counsel to take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

17. Settlement Class Members may exclude themselves from the settlement (*i.e.*, "Opt-Out"), relinquishing their rights to any benefits under the Settlement Agreement. A Settlement Class Member wishing to exclude himself, herself or itself must send the Settlement Administrator a letter postmarked no later than February 24, 2014, containing: (i) the Settlement Class Member's name, current address, and telephone number; (ii) the approximate date of acquisition and VIN for his, her or its Settlement Class Vehicle; and (iii) a clear statement communicating that he, she or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to the settlement.

18. Any request for exclusion must be postmarked no later than February 24, 2014. Any member of the Settlement Class who does not submit a timely, written Opt-Out from the Settlement Class in accordance with the requirements set forth in the Notice will be bound by all proceedings, orders, and judgments in the Litigation, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release and the Released Claims, as defined in the Settlement Agreement.

19. Not later than March 10, 2014, the Settlement Administrator shall provide the Court, Class Counsel and Honda's Counsel a list identifying each Settlement Class Member who submitted an exclusion request together with copies of the exclusion requests together with a declaration attesting to the completeness and accuracy thereof.

20. The Court hereby enjoins Settlement Class Members asserting Engine Misfire claims as set forth in the Second Amended Complaint (and anyone who purports to act on the behalf of any such Settlement Class Member) unless and until they have timely excluded themselves from the Settlement Class as set forth in the Notice: (i) from filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action asserted by the Second Amended Complaint, or the facts and circumstances alleged in the Second Amended Complaint, and/or the Released Claims; (ii) from filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action asserted by the Second Amended Complaint, or the facts and circumstances alleged in the Second Amended Complaint, and/or the Released Claims; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating

to or arising out of the claims and causes of action asserted by the Second Amended Complaint, or the facts and circumstances alleged in the Second Amended Complaint, and/or the Released Claims.

21. The Court hereby directs the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion, objections, notices of intention to appear and any other communications.

22. The Court hereby approves the Claim Form, which is annexed as Exhibit A to the Settlement Agreement.

23. Based on the Declaration submitted by Michael B. Shortnacy on October 2, 2013 (Dkt.#83), the Court finds that Honda filed proof of timely mailing of notices required pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).  The Court therefore finds that Honda fully complied with the requirements of 28 U.S.C. § 1715(b) and served notice of the proposed settlement upon the appropriate federal official and appropriate State official of each State in which a Settlement Class Member resides and the information required to be provided pursuant to that statute. Honda shall file any additional documents required by the statute (as applicable), evidencing continued compliance with CAFA in advance of the Final Approval Hearing.

24. The parties shall file any memoranda or other materials in support of final approval of the Settlement Agreement and motion for entry of Final Approval Order and Judgment, including any responses to any timely and properly filed objection to the Settlement Agreement, no later than January 10, 2014.  AHM may file its response, if any, on or before February 7, 2014, and Class Counsel may file a reply, if any, on or before March 7, 2014.  Such materials shall be served on Class Counsel, Honda's Counsel, and on any Settlement Class Member (or his, her or its counsel, if represented) to whose objection to the Settlement Agreement the memoranda or other materials respond.

25. Class Counsel may apply to the Court for a Class Counsel Fees and Expenses Award and an Incentive Award no later than January 10, 2014.  AHM may file its response, if any, on or before February 7, 2014, and Class Counsel may file a reply, if

any, on or before March 7, 2014.  Class Counsel agree not to seek from the Court or to accept a Class Counsel Fees and Expenses Award in excess of eight hundred thousand dollars and no cents ($800,000.00), and Honda agrees not to contest an award of that sum.

26. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure and in accordance with 28 U.S.C. § 1715(d), the Court sets March 21, 2014, at 9:00 a.m., as the date and time of the Final Approval Hearing, at which the Court will determine: (i) whether the proposed settlement is fair, reasonable and adequate and should finally be approved by the Court; (ii) whether to issue a Final Approval Order and Judgment without material alteration from Exhibit B to the Settlement Agreement; and (iii) whether to approve any application for a Class Counsel Fees and Expenses Award, and/or an Incentive Award.  The Final Approval Hearing shall be held at the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 10 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

27. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by the Class Counsel and Honda's Counsel without further notice.

28. Pending final determination of the application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

IT IS SO ORDERED.

Dated:   October 9, 2013

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE