Steven N. Berk (admitted *pro hac vice*)
steven@berklawdc.com
Matthew J. Bonness (Cal. Bar No. 229226)
matt@berklawdc.com
**BERK LAW PLLC**
2002 Massachusetts Avenue, NW, Ste. 100
Washington, District of Columbia  20036
Telephone:     (202) 232-7550
Facsimile:     (202) 232-755

Michael Ram (Cal. Bar No. 104805)
mram@ramolson.com
Jeffrey B. Cereghino (Cal. Bar No. 99480)
jbc@rocklawcal.com
**RAM, OLSON, CEREGHINO, & KOPCZYNSKI LLP**
555 Montgomery Street, Ste. 820
San Francisco, California  94111
Telephone:     (415) 433-4949
Facsimile:     (415) 433-7311

Beth E. Terrell (Cal. Bar No. 178181)
bterrell@tmdwlaw.com
**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Ste. 300
Seattle, Washington  98103
Telephone:     (206) 816-6603
Facsimile:     (206) 350-3528

Lawrence Deutsch (admitted *pro hac vice*)
ldeutsch@bm.net
Shanon Carson (admitted *pro hac vice*)
scarson@bm.net
Eugene Tompkins (admitted *pro hac vice*)
gtompkins@bm.net
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania  19103
Telephone:     (215) 875-3062
Facsimile:     (215) 875-4604

Attorneys for Individual and Representative Plaintiff
VINCE EAGEN

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

VINCE EAGEN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

AMERICAN HONDA MOTOR CO., INC.,

Defendant.

Case No.: 3:12-cv-01377-SI

Assigned to Hon. Susan Illston
Courtroom:   10

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT & AWARD OF ATTORNEYS' FEES & EXPENSES**

CLASS ACTION

Complaint Filed:     March 19, 2012
Hearing Date         March 21, 2014

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 21, 2014, at 9:00 a.m., before the Honorable Susan Illston, in Courtroom 10, on the 19th floor of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Vince Eagen will, and hereby do, move for entry of a [Proposed] Final Approval Order and Judgment (filed herewith):  (i) granting final approval of the proposed settlement, as set forth in the Class Action Settlement and Release (the "Settlement Agreement")[1] (Dkt. 73-1), as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23; (ii) finally certifying the Settlement Class for purposes of such settlement; (iii) appointing, for settlement purposes only, Named Plaintiff Vince Eagen and Class Counsel as representative of and attorneys for the Settlement Class; (iv) confirming the ongoing appointing, for settlement purposes only, of American Honda Motor Co., Inc., as Settlement Administrator; (v) finding that the Notice was the best practicable under the circumstances and satisfied all Constitutional and other requirements; (vi) confirming Settlement Class Members who have timely submitted requests for exclusion; (vii) dismissing the action pursuant to the terms and conditions of the Settlement Agreement; (viii) retaining jurisdiction over the enforcement and implementation of the Settlement Agreement and any amendments thereto; (ix) awarding Plaintiff an Incentive Award of $1,000 to compensate him for his time and effort on behalf of the Settlement Class and (x) awarding Class Counsel a Class Counsel Fees & Expenses Award of $800,000.00.

This motion is based on this Notice of Motion and Motion; the attached Memorandum of Law; the Declarations of Steven N. Berk of September 13, 2013 (Dkt. 75-1), and January 10, 2014, and accompanying exhibits; the Declarations of Beth E. Terrell of September 12, 2013 (Dkt. 75-2), and January 10, 2014, and accompanying exhibits; the Declaration of Michael F. Ram of September 12, 2013 (Dkt. 75-3), and January 9, 2014, and accompanying exhibits; the Declaration of Lawrence Deutsch of January 9, 2014, and accompanying exhibits; the Declaration of [the]

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Settlement Agreement, filed with the Court on September 11, 2013.  *See* Settlement Agreement (Dkt. 73-1).

PL.'S UNOPPOSED MOT. FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT & AWARD OF
ATTORNEYS' FEES & EXPENSES

Settlement Administrator of January 10, 2014, and accompanying exhibits; the Settlement

Agreement (Dkt. 73-1); other papers on file in this action; and such other submissions or

arguments that may be filed with the Court or presented before or at the hearing on this motion.

As set forth in the attached Memorandum of Law, and as the Court recognized in its order

of October 9, 2013 (Dkt. 89) granting preliminary approval, the Settlement Agreement contains all

of the material terms of the settlement and other necessary and proper terms pursuant to Rule 23 of

the Federal Rules of Civil Procedure ("Rule 23").  The Settlement Administrator has complied,

and continues to comply, with the Court's order and the terms of the Settlement Agreement

regarding class notice and claims administration.  The settlement meets the criteria for final

approval, and is fair, reasonable, and adequate, as further supported by the small number of

requests for exclusion and objections submitted by class members.  Finally, the requested

Incentive Award and Class Counsel Fees & Expenses Award are reasonable and amply supported,

particularly in light of Class Counsel's significantly higher lodestar, and will in no way reduce the

benefit to the Settlement Class.

Dated:    January 10, 2014          BERK LAW PLLC
                                    Attorneys for Individual and Representative Plaintiff
                                    VINCE EAGEN


                         By:    ____/s/ Matthew J. Bonness_____
                                MATTHEW J. BONNESS, CSB #229226
                                Email:  matt@berklawdc.com
                                STEVEN N. BERK, *Admitted P.H.V.*
                                Email:  steven@berklawdc.com
                                BERK LAW PLLC
                                2002 Massachusetts Avenue, NW, Suite 100
                                Washington, District of Columbia  20036
                                Telephone:   (202) 232-7550
                                Facsimile:    (202) 232-7556

Steven N. Berk (admitted *pro hac vice*)
steven@berklawdc.com
Matthew J. Bonness (Cal. Bar No. 229226)
matt@berklawdc.com
**BERK LAW PLLC**
2002 Massachusetts Avenue, NW, Ste. 100
Washington, District of Columbia  20036
Telephone:      (202) 232-7550
Facsimile:      (202) 232-755

Michael Ram (Cal. Bar No. 104805)
mram@ramolson.com
Jeffrey B. Cereghino (Cal. Bar No. 99480)
jbc@rocklawcal.com
**RAM, OLSON, CEREGHINO, &
KOPCZYNSKI LLP**
555 Montgomery Street, Ste. 820
San Francisco, California  94111
Telephone:      (415) 433-4949
Facsimile:      (415) 433-7311

Attorneys for Individual and
Representative Plaintiff VINCE EAGEN

Beth E. Terrell (Cal. Bar No. 178181)
bterrell@tmdlaw.com
**TERRELL MARSHALL DAUDT &
WILLIE PLLC**
936 North 34th Street, Ste. 300
Seattle, Washington  98103
Telephone:      (206) 816-6603
Facsimile:      (206) 350-3528

Lawrence Deutsch (admitted *pro hac vice*)
ldeutsch@bm.net
Shanon Carson (admitted *pro hac vice*)
scarson@bm.net
Eugene Tompkins (admitted *pro hac vice*)
gtompkins@bm.net
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania  19103
Telephone:      (215) 875-3062
Facsimile:      (215) 875-4604

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE EAGEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No.: 3:12-cv-01377-SI<br><br>Assigned to Hon. Susan Illston<br>Courtroom:   10<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT & AWARD OF ATTORNEYS' FEES & EXPENSES**<br><br>CLASS ACTION<br><br>Complaint Filed:    March 19, 2012<br>Hearing Date:       March 21, 2014 |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................................1

II. PERTINENT BACKGROUND .............................................................................2

    A.  Relevant Procedural History ........................................................................2

    B.  Discovery And Settlement Negotiations .....................................................3

    C.  Preliminary Approval, Class Notice, and Administration............................4

III. SUMMARY OF THE SETTLEMENT .................................................................5

    A.  Settlement Class ...........................................................................................5

    B.  Benefits to the Settlement Class ..................................................................6

    C.  Class Counsel Fees and Expenses Award and Incentive Award...................6

IV. THE SETTLEMENT WARRANTS FINAL APPROVAL......................................6

    A.  The Standard for Final Approval .................................................................6

    B.  The Settlement is Presumptively Fair..........................................................7

        1.  The Risks Inherent In The Litigation Favor Settlement ...............7

        2.  Significant Discovery Has Been Conducted ..................................8

        3.  The Experience and Views of Class Counsel.................................9

        4.  The Parties Reached Agreement Though Vigorous Arm's Length Negotiations ................................................................................10

        5.  The Reaction of the Class ............................................................11

V.  THE PROPOSED SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23 ................................................................13

    A.  Numerosity.................................................................................................14

    B.  Commonality...............................................................................................14

    C.  Typicality....................................................................................................15

    D.  Adequacy of Representation .......................................................................16

    E.  Predominance .............................................................................................16

    F.  Superiority ..................................................................................................17

VI.   REQUEST FOR ENTRY OF THE PROPOSED FINAL APPROVAL
        ORDER AND JUDGMENT.................................................................18

        A.   The Notice Plan Satisfies the Requirements of Rule 23(c)(2)(B)..............18

        B.   The Manner of Notice Fully Satisfies Due Process....................................20

VII.  REQUEST FOR AWARD OF INCENTIVE FEE AND ATTORNEYS'
        FEES & EXPENSES ......................................................................20

        A.   Class Counsel's Efforts and Results ......................................................21

        B.   Percentage of the Fund Analysis ...........................................................23

        C.   Lodestar Cross-Check .........................................................................24

VIII. CONCLUSION.......................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Amchem Prods., Inc. v. Windsor,
 521 U.S. 591 (1997) ....................................................................................7, 13, 17

Armstrong v. Davis,
 275 F.3d 849 (9th Cir. 2001) ................................................................................ 15

In re Bluetooth Headset Prods. Liab. Litig.,
 654 F.3d 935, (9th Cir. 2011) ................................................................................. 7

Boyd v. Bechtel Corp.,
 485 F. Supp. 610 (N.D. Cal. 1979) ........................................................................ 9

Blum v. Stenson,
 465 U.S. 886 (1984) .............................................................................................. 24

Churchill Vill. v. GE,
 361 F.3d 566 (9th Cir. 2004) ................................................................................ 18

Class Plaintiffs v. Seattle,
 955 F.2d 1268 (9th Cir. 1992) ......................................................................... 6, 13

Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.),
 213 F.3d 454 (9th Cir. 2000) .............................................................................. 7, 8

Ellis v. Costco Wholesale Corp.,
 657 F.3d 970 (9th Cir. 2011) ................................................................................ 15

Ellis v. Naval Air Rework Facility,
 87 F.R.D. 15 (N.D. Cal. 1980), aff'd,
 Ellis v. Naval Air Rework Facility, 661 F.2d 939 (9th Cir. 1981)...................... 7, 10

Estrella v. Freedom Fin. Network, LLC,
 No. C 09-03156 SI, 2010 U.S. Dist. LEXIS 61236
 (N.D. Cal. June 2, 2010)........................................................................................ 14

Fisher Bros. v. Cambridge-Lee Indus.,
 630 F. Supp. 482 (E.D. Pa. 1985) .......................................................................... 9

Flinn v. FMC Corp.,
 528 F.2d 1169 (4th Cir. 1975)............................................................................... 10

MEMO ISO PL.'S UNOPPOSED MOT. FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT &
AWARD OF ATTORNEYS' FEES & EXPENSES

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

Fraser v. Asus Computer Int'l,
     No. C 12-00652 WHA, 2013 U.S. Dist. LEXIS 22338
     (N.D. Cal. Feb. 19, 2013) ........................................................................ 15, 16

Hanlon v. Chrysler Corp.,
     150 F.3d 1011 (9th Cir. 1998) ........................... 7, 13, 14, 15, 16, 17, 18, 23, 24

Harris v. Palm Springs Alpine Estates, Inc.,
     329 F.2d 909 (9th Cir. 1964) ........................................................................ 14

Hopson v. Hanesbrands Inc.,
     No. CV-08-0844 EDL, 2009 WL 928133
     (N.D. Cal. Apr. 3, 2009) ........................................................................24

In re Immune Response Sec. Litig.,
     497 F. Supp. 2d 1166 (S.D. Cal. 2007) .............................................................. 8

Koz v. Kellogg Co.,
     No. 09-CV-1786-IEG, 2013 U.S. Dist. LEXIS 64577
     (S.D. Cal. May 3, 2013) ........................................................................17

Lamb v. Bitech, Inc.,
     No. CV-11-05583-EDL, 2013 U.S. Dist. LEXIS 109875
     (N.D. Cal. Aug. 5, 2013) ........................................................................ 13

Lerwill v. Inflight Motion Pictures, Inc.,
     582 F.2d 507 (9th Cir. 1978) ........................................................................ 16

Linney v. Cellular Alaska P'ship,
     151 F.3d 1234 (9th Cir. 1998) ........................................................................ 8

M. Berenson Co. v. Faneuil Hall Marketplace, Inc.,
     671 F. Supp. 819 (D. Mass. 1987) .................................................................. 10

Mandujano v. Basic Vegetable Prod, Inc.,
     541 F.2d 832 (9th Cir. 1976) ........................................................................ 18

Mullane v. Cent. Hanover Bank & Trust Co.,
     339 U.S. 306 (1950) ........................................................................18, 20

Nat'l Rural Telcoms. Coop. v. Directv, Inc.,
     2003 U.S. Dist. LEXIS 25375 (C.D. Cal. Jan. 5, 2003) .......................................10

Officers for Justice v. Civil Serv. Com.,
     688 F.2d 615 (9th Cir. 1982) ........................................................................ 13, 18

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

In re Omnivision Techs.,
    559 F. Supp. 2d 1036 (N.D. Cal. 2007) ................................................................. 10

Oppenlander v. Standard Oil Co.,
    64 F.R.D. 597 (D. Colo. 1974) ............................................................................. 10

Paul, Johnson, Alston & Hunt v. Graulty,
    886 F.2d 268 (9th Cir. 1989) ................................................................................. 23

Principe v. Ukropina (In re Pac. Enters. Sec. Litig.),
    47 F.3d 373 (9th Cir. 1995) ..................................................................................... 9

Rodriguez v. Hayes,
    591 F.3d 1105 (9th Cir. 2010) ............................................................................... 15

Rodriguez v. W. Publ'g,
    563 F.3d 948 (9th Cir. 2009) ................................................................................... 7

S. F. NAACP v. San Francisco Unified Sch. Dist.,
    59 F. Supp. 2d 1021 (N.D. Cal. 1999) ................................................................. 18

Silber v. Mabon,
    18 F.3d 1449 (9th Cir. 1994) ..................................................................... 18, 19, 20

Six Mexican Workers v. Ariz. Citrus Growers,
    904 F.2d 1301 (9th Cir. 1990) ............................................................................... 23

Thomas v. Baca,
    231 F.R.D. 397 (C.D. Cal. 2005) .......................................................................... 17

Vizcaino v. Microsoft Corp.,
    290 F.3d 1043 (9th Cir. 2002) ............................................................................... 23

In re. Wash. Pub. Power Supply Sys. Sec. Litig.,
    19 F.3d 1291 (9th Cir. 1994) ........................................................................... 23, 24

Wershba v. Apple Computer,
    91 Cal. App. 4th 224 (2001) ................................................................................. 13

Williams v. MGM-Pathe Commc'ns. Co.,
    129 F.3d 1026 (9th Cir. 1997) ............................................................................... 24

Yokoyama v. Midland Nat'l Life Ins. Co.,
    594 F.3d 1087 (9th Cir. 2010) ............................................................................... 17

1

## TABLE OF AUTHORITIES (CONT'D)

2

**Page(s)**

3

**Statutes**

4

Cal. Com. Code § 2313 ....................................................................................... 2

5

California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ....................... 2, 3, 14

6

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* .......................... 2

7

Class Action Fairness Act, 28 U.S.C. § 1715 ................................................................ 20

8

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ................................................. 2

9

**Other Authorities**

10
11

Fed. R. Civ. P. 23 ........................................................................................... 1, 18, 20

12

Fed. R. Civ. P. 23 (a) ........................................................................................ 13, 16

13

Fed. R. Civ. P. 23 (a)(1) .................................................................................... 14

14

Fed. R. Civ. P. 23 (a)(2) .................................................................................... 14

15

Fed. R. Civ. P. 23 (a)(4) .................................................................................... 16

16

Fed. R. Civ. P. 23 (b)(1) .................................................................................... 16

17

Fed. R. Civ. P. 23 (b)(2) .................................................................................... 16

18

Fed. R. Civ. P. 23 (b)(3) ................................................................................. 13, 17, 18

19

Fed. R. Civ. P. 23 (b)(3)(A) ................................................................................ 17

20

Fed. R. Civ. P. 23 (b)(3)(B) ................................................................................ 17

21
22

Fed. R. Civ. P. 23 (c)(2)(B) ............................................................................. 18, 19, 20

23

Fed. R. Civ. P. 23 (e) ....................................................................................... 20

24

Fed. R. Civ. P. 23 (e)(1) .................................................................................... 20

25

Fed. R. Civ. P. 23 (e)(2) .................................................................................... 7

26

Fed. R. Civ. P. 23(f) ........................................................................................ 8

27

Fed. R. Civ. P. 30 (b)(6) ................................................................................. 8, 21

28

MEMO ISO PL.'S UNOPPOSED MOT. FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT &
AWARD OF ATTORNEYS' FEES & EXPENSES

1

## <u>TABLE OF AUTHORITIES (CONT'D)</u>

2

**<u>Page(s)</u>**

3

Brian Walters, "Best Notice Practicable" in the Twenty-First Century,

4

2003 UCLA J.L. & TECH. 4  (2003)....................................................................................20

5

W. Rubenstein *et al.*, Newberg on Class Actions, § 11.27

(4th ed. 2012 West) ...........................................................................................................14

6

7

W. Rubenstein *et al.*, Newberg on Class Actions, § 11.41

(4th ed. 2012 West) .........................................................................................................6, 7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO ISO PL.'S UNOPPOSED MOT. FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT &
AWARD OF ATTORNEYS' FEES & EXPENSES

## I.   INTRODUCTION

Plaintiff Vince Eagen respectfully submits this memorandum in support of his Motion for Final Approval of Class Action Settlement & Award of Attorneys' Fees & Expenses.  Under the terms of the Class Action Settlement Agreement and Release ("Settlement Agreement") (Dkt. 73-1) between Plaintiff and Defendant American Honda Motor Co., Inc. ("AHM"), which the Court previously preliminarily approved, *see* Order Preliminarily Approving Class Action Settlement (Oct. 9, 2013) ("Preliminary Approval Order") (Dkt. 89), AHM has agreed to provide valuable and substantial benefits to the Settlement Class Members to resolve this Litigation.[1]

The Settlement Agreement contains all of the settlement's material terms and other necessary terms pursuant to Fed. R. Civ. P. 23.  The Settlement Administrator has complied with the Court's order and the terms of the Settlement Agreement regarding class notice and claims administration.  The settlement meets the criteria for final approval, and is fair, reasonable, and adequate, as further supported by the fact that only a small number of requests for exclusion and objections have been submitted by Settlement Class Members.  Finally, the requested Incentive Award and Class Counsel Fees & Expenses Award are reasonable and amply supported by the relief provided to the Settlement Class, and Class Counsel's significant effort, as reflected its significantly larger lodestar and will in no way reduce the benefit to the Settlement Class.

As such, Plaintiff respectfully moves the Court to enter the [Proposed] Final Approval Order and Judgment (submitted herewith) (i) granting final approval of the proposed settlement, as set forth in the Class Action Settlement and Release (the "Settlement Agreement") (Dkt. 73-1), as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23; (ii) finally certifying the Settlement Class for purposes of such settlement; (iii) appointing, for settlement purposes only, Named Plaintiff Vince Eagen and Class Counsel as representative of and attorneys for the Settlement Class; (iv) confirming the ongoing appointing, for settlement purposes only, of American Honda Motor Co., Inc., as Settlement Administrator; (v) finding that the Notice was the best practicable

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Settlement Agreement, lodged concurrently herewith.  *See* Settlement Agreement (Exh. 1 to Dkt. 73).

MEMO ISO PL.'S UNOPPOSED MOT. FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT &
AWARD OF ATTORNEYS' FEES & EXPENSES

under the circumstances and satisfied all Constitutional and other requirements; (vi) confirming Settlement Class Members who have timely submitted requests for exclusion; (vii) dismissing the action pursuant to the terms and conditions of the Settlement Agreement; (viii) retaining jurisdiction over the enforcement and implementation of the Settlement Agreement and any amendments thereto; (ix) awarding Plaintiff an Incentive Award of $1,000 to compensate him for his time and effort on behalf of the Settlement Class and (x) awarding Class Counsel a Class Counsel Fees & Expenses Award of $800,000.00.

## II.   PERTINENT BACKGROUND

### A.   Relevant Procedural History

On March 19, 2012, plaintiffs Alex Soto ("Soto") and Vince Eagen ("Eagen," together with Soto, "Plaintiffs"), on behalf of a nationwide proposed class, filed a complaint with the Court alleging "a systemic design defect" in 2008, 2009 and 2010 Honda Accord vehicles (the "Subject Vehicles") that "enables oil to enter into the engine's combustion chamber." (*See, e.g.*, Dkt. 1, ¶¶ 1-4, 18-19.)  Plaintiffs also alleged that AHM refused to repair the Subject Vehicles under their New Vehicle Limited Warranties and Powertrain Limited Warranties.  (*See id.*, ¶¶ 15-17, 23-25.) Plaintiffs alleged causes of action for: (1) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL"); (3) breach of written warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("Magnuson-Moss"); and (4) breach of express warranty under Cal. Com. Code § 2313.  On May 18, 2012, Plaintiffs filed their First Amended Complaint ("FAC") (Dkt. 11), adding a claim for unjust enrichment.

AHM filed an Answer on June 8, 2012 denying Plaintiffs' allegations and interposing a number of affirmative defenses (Dkt. 15) and filed a Motion To Compel Arbitration as to Plaintiff Eagen (Dkt. 16, 17, 18 and 19).  The Court denied AHM's motion on October 3, 2013 (Dkt. 44) and, thereafter, denied reconsideration (Dkt. 52).  AHM appealed the Court's decision to the Ninth Circuit Court of Appeals (Dkt. 55-56).  At the Parties' request, the Court of Appeals stayed the appeal through March 28, 2014, in anticipation of final approval of this settlement.

### B.   Discovery And Settlement Negotiations

As the result of meaningful and thorough discovery, Plaintiff learned the following:

- AHM's software update for 4-cylinder Accords reduces oil consumption and customer return rates to 0.2% of the 4-cylinder fleet.  *See* Sept. Berk. Decl. ¶ 12.

- Certifying a class defined, in part, by "excessive oil consumption" would be problematic because the applicable warranties make no promises regarding oil consumption, and there is no clear industry standard for the same.  *Id*. ¶ 8.

- Even if Plaintiffs could establish a standard rate of oil consumption, hurdles concerning commonality and predominance would be significant because most vehicle owners do not know precisely how much oil their vehicles burn and variations between individuals' driving styles and other factors, such as climate, also impact the rates at which vehicles burn oil consumption.  *Id*. ¶¶ 8-18.

However, discovery has demonstrated that there is a significant and rising trend of spark plug fouling and cracking and engine misfires ("Engine Misfire") in Honda Accords with 6-cylinder engines equipped with VCM-2 ("variable cylinder management").[2]  Sept. Berk Decl. ¶ 13.

In April 2013, while Plaintiffs were preparing for class certification and pressing for discovery on this issue, the Parties' counsel jointly agreed to an in-person settlement meeting.  The Parties thereafter engaged in substantial arm's length negotiations to reach the settlement presently before the Court.  The Parties' counsel met in person twice over the course of several weeks and also negotiated via telephone numerous times, for several hours.  One of the in-person meetings lasted for a full day with a presentation by AHM's counsel of confidential settlement documents containing data about the efficacy of the repairs on the Class Vehicles.

---

[2] Plaintiff came to this conclusion as a result of extensive investigation and analysis, including the following:  (i) conducting extensive legal research and factual analysis in order to assess the viability of the Plaintiffs' and class members' legal claims; (ii) working with automotive experts to identify and confirm the defect; (iii) communicating extensively with members of the Class, including compiling and analyzing data concerning their experiences; (iv) analyzing relevant Honda Technical Service Bulletins; (v) drafting notice letters pursuant to the California Consumers Legal Remedies Act; (vi) drafting and filing pleadings and other court documents; (vii) preparing and propounding formal discovery requests; (viii) researching and drafting responses to Honda's motion to compel arbitrations; (ix) drafting and negotiating settlement terms; and (x) drafting mediation briefing.  Sept. Berk Decl. ¶ 16.

As a result, the Parties agreed to settle the case on a class basis by (1) addressing Engine Misfire in all Honda vehicles with 6-cylinder engines equipped with VCM-2, including various model-year Accords, Odyssey minivans, Pilot SUVs, and Crosstour crossover vehicles – over 1.8 million vehicles in total, *see* Decl. of Settlement Administrator of January 10, 2014 ("Admin. Decl.") ¶ 6 – and (2) eliminating claims concerning oil consumption in Accords with 4-cylinder engines.  Sept. Berk Decl. ¶ 13.  Once the Parties reached a tentative agreement, it was still necessary to confirm multiple details via numerous conferences, written correspondence, and the exchange of data about which Class Counsel deposed a senior Honda manager.  *See, e.g.*, *id.* ¶ 11.

### C.  Preliminary Approval, Class Notice, and Administration

On September 13, 2013, Plaintiffs Soto and Eagen moved unopposed for preliminary approval (Dkt. 75) of the Parties' Settlement Agreement (Dkt. 73-1) and AHM stipulated (*see* Dkt. 76) to Plaintiffs' amendment of the FAC, which the Court subsequently ratified (*see* Dkt. 78).  On September 27, 2013, the Court conducted an expedited hearing on Plaintiffs' motion.  On September 30, 2013, Plaintiff Eagen filed the Second Amended Complaint ("SAC") (Dkt. 81) (a) removing Plaintiff Soto and striking his individual allegations, (b) eliminating all allegations and claims concerning oil consumption in 4-cylinder Accords[3], and (c) revising and expanding the proposed class definition to include the owners and lessees of all of the Settlement Class Vehicles. (AHM answered the SAC on October 29, 2013.  (*See* Dkt. 90.))  After conducting a follow-up conference on October 9, 2013, concerning the Class Notice (*see* Dkt. 88), the Court preliminary approved the settlement and appointed AHM as Settlement Administrator.

Pursuant to the Preliminary Approval Order, AHM and its agent, R.L. Polk & Co., obtained the names and current addresses of the Settlement Class Members and mailed the Court-approved Class Notice and Claim Form ("Notice Packet") to a total of 1,877,390 Settlement Class

---

[3] Although AHM has satisfied Plaintiff and Class Counsel that the software update for 4-cylinder Accords adequately addresses the defect in those vehicles, Class Counsel were concerned that owners and lessees of those vehicles not be prejudiced by the settlement.  Although the 4-cylinder update might have arrested excessive oil consumption, it is possible that one or more vehicles might have experienced physical damage as a result of excessive oil consumption that a software update cannot reverse.  Therefore, Class Counsel negotiated a tolling agreement that preserves all claims concerning the 4-cylinder Accords.  Sept. Berk Decl. ¶ 14.

Members.  *See* Admin. Decl. ¶¶ 5-7.  R.L. Polk completed mailing of the Notice Packets on December 30, 2013.  *Id.* ¶ 8.  As of January 8, 2014, R.L. Polk had promptly re-mailed Notice Packets that were returned by the U.S. Postal Service with forwarding address information to 1,910 Settlement Class Members at updated addresses.  *Id.* ¶ 10.

Pursuant to the Preliminary Approval Order, AHM has also established and maintains a website dedicated to the Settlement (*enginemisfiresettlement.com*) at which Settlement Class Members may obtain (a) instructions on how to obtain reimbursement of qualifying out-of-pocket expenses; (b) instructions on how to contact the Settlement Administrator, AHM, and Class Counsel; (c) copies of the Claim Form, the Class Notice, and other filings and orders; and (d) answers to frequently asked questions concerning the settlement.  *Id.* ¶ 9.

Pursuant to the Preliminary Approval Order, AHM has also established and maintains (1) a Post Office box at which to receive Claim Forms, exclusion requests, objections, and notices of intention to appear from Settlement Class Members, *id.* ¶ 17, and (b) a toll-free telephone number for inquiries concerning the settlement, *id.* ¶ 19.  As of January 6, 2014, AHM had received 2,465 calls to the toll-free number, *id.*, and 4,385 Claim Forms, *id.* ¶¶ 16, 18.

## III.   SUMMARY OF THE SETTLEMENT

### A.   Settlement Class

The Settlement Agreement (Dkt. 73-1) defines the Settlement Class as:

> All purchasers and lessees who reside in, and who purchased or leased their vehicles in the United States (other than for purposes of resale or distribution), of any: (a) Model-Year 2008, 2009, 2010, 2011, and 2012 Honda Accord vehicles equipped with a 6-cylinder engine with VCM-2; (b) Model-Year 2008, 2009, 2010, 2011, 2012, and 2013 Honda Odyssey vehicles equipped with a 6-cylinder engine with VCM-2; (c) Model-Year 2009, 2010, 2011, 2012, and 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with VCM-2; (d) Model-Year 2010, and 2011 Honda Accord Crosstour vehicles equipped with a 6-cylinder engine with VCM-2; and (e) Model Year 2012 Crosstour vehicles equipped with a 6-cylinder engine with VCM-2.[4]

---

[4] Excluded from the Settlement Class are (1) [AHM], (2) any affiliate, parent, or subsidiary of [AHM], (3) any entity in which [AHM] has a controlling interest, (4) any officer, director, or employee of [AHM], (5) any successor or assign of [AHM], (6) any Judge to whom the Litigation is assigned, and (7) any person or entity who purchased a Settlement Class Vehicle for the purpose of resale.  Settlement Agreement, Section II(1).

### B.    Benefits to the Settlement Class

First, the settlement provides for full reimbursement through the Claims Period[5] of out-of-pocket expenses for repairs related to Engine Misfire, *i.e.*,

> the alleged condition in the Settlement Class Vehicles equipped with engines with variable cylinder management ("VCM-2") where the cycling of the cylinder under certain drive conditions allows for spark plug cooling, which may result in carbon fouling of the spark plugs, and is defined by the diagnostic trouble code ("DTC") numbers  P0301, P0302, P0303, or P0304.

Settlement Agreement (Dkt. 73-1) at Section I(I).

Second, the settlement provides a three-year extension of the Class Vehicles' 5-year / 60,000 mile Powertrain Warranty as to Engine Misfire through eight (8) years total with no mileage limitation.  *Id*. at Section III(A).  Moreover, Settlement Class Members do not need to submit a Claim Form to obtain this benefit:  if the settlement is approved, the warranty extension will go into effect for all owners and lessees of Settlement Class Vehicles who do not opt-out.  *Id*.

### C.    Class Counsel Fees and Expenses Award and Incentive Award

Class Counsel also moves for an award of attorneys' fees and expenses, and for an incentive award, to be paid separate and apart from benefits paid to Settlement Class Members. The Parties negotiated Class Counsel's fees and expenses, and Plaintiff's incentive award, only after agreeing on all other aspects of the settlement.  Sept. Berk Decl. ¶ 19.  Class Counsel agreed to seek, and AHM agreed not to contest, an award of attorneys' fees and expenses of no more than $800,000 and an incentive award for Plaintiff Eagen of $1,000.  Approval of the settlement is not contingent upon any award.  *See* Settlement Agreement §§ I(E), V(C) (Dkt. 73-1).

## IV.   THE SETTLEMENT WARRANTS FINAL APPROVAL

### A.    The Standard for Final Approval

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, costs, and rigors of prolonged litigations.  <u>Class Plaintiffs v. Seattle</u>, 955 F.2d 1268, 1276 (9th Cir. 1992); ALBA CONTE &

---

[5] After the Claims Period, the Extended Warranty will cover these claims and no Out-Of-Pocket Expenses will be incurred by Settlement Class Members because AHM's dealers or authorized technicians will perform the necessary repairs, free of charge.

HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2002) (hereinafter "NEWBERG") ("[B]y their very nature, because of the uncertainties of outcome, difficulties of proof, length of litigation, class action suits lend themselves readily to compromise").  The decision "to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants, and their strategies, positions, and proof."  In re Mego Fin. Corp. Secs. Litig., 213 F.3d 454, 458 (9th Cir. 2000) (citation omitted).

A class action settlement may be approved if the Court, after allowing class members an opportunity to be heard, finds that the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  When assessing a proposed settlement, "the court's intrusion upon what is otherwise a private consensual agreement … must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  Rodriguez v. West Publ'g Corp., 563 F.3d 948, 965 (9th Cir. 2009) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)).

In assessing fairness, reasonableness, and adequacy, courts weigh many factors, including:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement.

In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 946 (9th Cir. 2011).  A class action settlement is presumed fair where: (1) it was reached through arm's length negotiations; (2) investigation and discovery were sufficient to allow counsel and the court to act intelligently; and (3) counsel is experienced in similar litigation.  Ellis v. Naval Air Rework Facility, 87 F.R.D. 15, 18  (N.D. Cal. 1980), aff'd, Ellis v. Naval Air Rework Facility, 661 F.2d 939  (9th Cir. 1981).

### B.   The Settlement is Presumptively Fair

#### 1.   The Risks Inherent In The Litigation Favor Settlement

The risks associated with maintaining a class action through trial are a relevant criterion in evaluating the reasonableness of a proposed class action settlement.  Amchem Prods., Inc. v.

<u>Windsor</u>, 521 U.S. 591 (1997).  Here, there were a number of obstacles facing Plaintiff if this action did not settle, and those obstacles remain.  Sept. Berk Decl. ¶¶ 8-13.  While Class Counsel are confident in their position, in the absence of a settlement, the risks going forward include:

- The difficulty of certifying a class defined by "excessive oil consumption":

- The uncertainty of the outcome of the appeal of denial of AHM's motion to compel arbitration of Plaintiff's claims;

- The likelihood that AHM would continue to vigorously oppose both class certification as well as the merits.  Indeed, even if Plaintiff were to obtain preliminary certification, AHM would likely pursue an interlocutory appeal pursuant to Rule 23(f).  The outcome of such an appeal would, at a minimum, occasion delay and add complexity.

In short, while Class Counsel is confident in their ability certify a class and maintain class status through trial, there are always risks inherent in litigation.  In summary, the risks associated with class certification support final approval of the proposed settlement.

## 2.    Significant Discovery Has Been Conducted

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement."  <u>Linney v. Cellular Alaska P'ship</u>, 151 F.3d 1234, 1239  (9th Cir. 1998).  As the Ninth Circuit reiterated, "[i]n the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement."  <u>Dunleavy v. Nadler</u> (<u>In re</u> <u>Mego Fin. Corp. Sec. Litig.</u>), 213 F.3d 454, 459  (9th Cir. 2000) (quoting <u>Linney v. Cellular Alaska P'ship</u>, 151 F.3d 1234, 1239  (9th Cir. 1998)).  Approval of a class action settlement does not require that discovery be exhaustive.  <u>See, e.g.</u>, <u>In re Immune Response Sec. Litig.</u>, 497 F. Supp. 2d 1166, 1174  (S.D. Cal. 2007) (settlement approved where informal discovery gave parties a clear view of the strengths and weaknesses of their case).  Here, discovery was broad, informed, vigorous, and more than sufficient for Class Counsel to realistically evaluate the strengths and weaknesses of Plaintiff's claims:

- Plaintiff conducted a seven-hour deposition of 30(b)(6) AHM's designee.

- Plaintiff propounded three sets of interrogatories to which AHM provided responses.

- Plaintiff reviewed more than 17,000 pages of documents produced by AHM containing information relating to oil consumption and Engine Misfire.
- AHM conducted deposed both Plaintiff Soto and Plaintiff Eagen.
- AHM propounded one set of interrogatories and two sets of requests for production to which Plaintiff Soto and Plaintiff Eagen substantively responded.
- Plaintiff Soto and Plaintiff Eagen collectively produced over 860 pages of documents.

Plaintiff also conducted a detailed and informed investigation and analysis, including extensive legal research and factual analysis in order to assess the viability of the Plaintiffs' and class members' legal claims; consulting with automotive experts to identify and confirm the existence of a potential defect; communicating extensively with members of the proposed class, including compiling and analyzing data concerning their experiences; analyzing relevant Technical Service Bulletins; and significant confirmatory discovery.  Sept. Berk. Decl. ¶ 16.

Class Counsel understands the strengths and weaknesses of Plaintiff's claims, and further understands why the relief being offered in the settlement precisely addresses the concerns Plaintiff identified as a result of the Litigation.  *Id*.  ¶ 17-18.

### 3.    The Experience and Views of Class Counsel

The judgment and views of experienced counsel entering into a settlement are "entitled to significant weight."  Fisher Bros. v. Cambridge-Lee Indus., 630 F. Supp. 482, 488  (E.D. Pa. 1985).  Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.  Principe v. Ukropina (In re Pac. Enters. Sec. Litig.), 47 F.3d 373, 378  (9th Cir. 1995).  The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.  Boyd v. Bechtel Corp., 485 F. Supp. 610, 622  (N.D. Cal. 1979).  Here, Class Counsel has vigorously prosecuted this case and is willing, able, and prepared to litigate the case through trial and beyond.  Class Counsel has considerable experience with complex class actions and consumer class actions in particular.

Lead Class Counsel Steven N. Berk has over twenty years of litigation experience spanning the public and private sectors.  Sept. Berk Decl. ¶ 20.  Mr. Berk served as an Assistant United States Attorney for the District of Columbia and a Trial Attorney in the Office of the

General Counsel of the S.E.C., and was thereafter a Partner in the law firm of Jenner & Block where he specialized in complex litigation.  *Id*.  Mr. Berk has been involved in a number of nationwide class actions and served as class counsel, or in a substantial leadership position, in cases on behalf of consumers against Hewlett-Packard, Dell, Sony, JVC, General Motors, Nissan, American Home Shield, Bank of America, and Mercury Marine, and other corporations.  *Id*.  He has achieved excellent results for consumers, particularly in product defect litigation.

In litigating this case and reaching a resolution, Mr. Berk worked closely with co-counsel Michael F. Ram, Beth E. Terrell, and Lawrence Deutsch.[6]  Mr. Ram, Ms. Terrell, and Mr. Deutsch are leading class action attorneys, with a particular expertise in automotive defect litigation.  Sept. Berk Decl. at 18.  Every material decision made in this proceeding was the result of informed discussions and thoughtful deliberation.  This settlement was the product of consensus among counsel.  *Id*.  Thus, the experience and views of Class Counsel favor granting final approval.  In re Omnivision Techs., 559 F. Supp. 2d 1036, 1043  (N.D. Cal. 2007).

### 4.   The Parties Reached Agreement Though Vigorous Arm's Length Negotiations

Courts accord "considerable weight" to settlements that are the product of hard-fought negotiations by experienced counsel.  Ellis, 87 F.R.D. at 18; M. Berenson Co. v. Faneuil Hall Marketplace, Inc., 671 F. Supp. 819, 822  (D. Mass. 1987).  Settlements that follow sufficient discovery and genuine arm's length negotiation are presumed fair.  Nat'l Rural Telcoms. Coop. v. Directv, Inc., 2003 U.S. Dist. LEXIS 25375, at *13 (C.D. Cal. Jan. 5, 2003).  When a settlement is achieved through arm's length negotiations between experienced counsel, the Court should be hesitant to substitute its own judgment for that of counsel absent a showing of fraud, collusion or other forms of bad faith.  Flinn v. FMC Corp., 528 F.2d 1169, 1173 (4th Cir. 1975); Oppenlander v. Standard Oil Co., 64 F.R.D. 597, 624 (D. Colo. 1974).

As discussed above, the Parties engaged in protracted settlement negotiations to achieve the proposed settlement.  Plaintiff then engaged in additional, confirmatory discovery to verify

---

[6] *See* Decl. of Beth E. Terrell of September 12, 2013 ("Sept. Terrell Decl.") and the Decl. of Michael F. Ram of September 13, 2013 ("Sept. Ram Decl.").

MEMO ISO PL.'S UNOPPOSED MOT. FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT &
AWARD OF ATTORNEYS' FEES & EXPENSES

that the proposed settlement will meaningfully resolve the issues and concerns identified by Plaintiff in the Litigation.  Even though Class Counsel ultimately concluded that the claims concerning excessive oil consumption might not be viable, Class Counsel negotiated a tolling agreement and a voluntary dismissal of those claims to preserve them for individual class members who believe they have suffered harm as a result of Excessive Oil Consumption.[7]  Sept. Berk Decl. ¶ 14.  These robust negotiations further favor a finding that the proposed settlement is entitled to a presumption of fairness and meets the standard for final approval.

### 5.    The Reaction of the Class

Although the Settlement Class Members have until February 24, 2014, to opt-out or object, *see* Prelim. Approval Order (Dkt. 89) ¶¶ 12, 17-18, to date, the response has been very positive.  As of January 6, 2014, the Settlement Administrator had received 4,385 claims from Settlement Class Members seeking reimbursement of out-of-pocket expenses.  Admin. Decl. ¶¶ 16, 18.

Although there are over 1.8 million Settlement Class Members, *id.* ¶ 6, the Settlement Administrator has received only 97 requests for exclusion, *id.* ¶ 12.  Class Counsel has received another three (3) deficient requests for exclusion.  Decl. of Steven N. Berk of January 10, 2014 ("Jan. Berk Decl.") ¶ 9.  Together, the individuals who have requested exclusion constitute less than 1/10,000th of a percent of the Settlement Class.

Furthermore, from the more than 1.8 million Settlement Class Members, the Settlement Administrator, AHM's counsel, Class Counsel, and the Court have received a total of just six (6) objection letters.  *See* Admin. Decl. ¶ 14; Jan. Berk Decl. ¶ 7; Letter from Christian Stevens of November 25, 2013 ("Stevens Letter") (Dkt. 92).  Of those six, one reflected the Settlement Class Member's confusion about the proposed relief, *see* Exh. C to Jan. Berk Decl. at 47, and, after consultation with Class Counsel, that Member indicated that he no longer wished to object.

Two Settlement Class Members have objected on the basis that they purchased extensions for their Settlement Class Vehicles' warranties and desire that their Settlement Class Vehicles' Powertrain Warranties are extended by additional years.  One such objector purchased a 2-year /

---

[7] The Parties did not broach the subject of attorneys' fees or incentive awards until after the Parties had negotiated the benefits to the Settlement Class.  Sept. Berk Decl. ¶ 19.

20,000 mile extension through 7 years or 80,000 miles.  *See* Exh. C to Jan. Berk Decl. at 8-9.  The other such objector purchased a 2-year / 5,000 mile extension through 7 years or 65,000 miles. *See id.* at 48-49.  Both objectors argue that the settlement should be modified to provide them with a 3-year extension on top of their already extended Powertrain Warranties, rather than the uniform extension through 8 years / unlimited miles that the Settlement Agreement provides.

The proposed warranty extension provides not-insignificant benefit to these particular objectors:  an *additional* 1-year extension of their Settlement Class Vehicles' Powertrain Warranties (as they pertain to Engine Misfire)*, as well as* the elimination of the mileage cap.  As an example, a vehicle driven 12,000 miles per year will accumulate 96,000 miles in 8 years – 16,000 and 31,000 miles beyond the mileage limitations by which the objectors' current extended warranties are capped.  Simply put, the proposed uniform warranty extension through 8 years / *unlimited miles* provides a significant benefit in terms of duration and mileage, even to those Settlement Class Members who have already purchased extended warranties.  More importantly, the proposed extension provides ample time for the defect to manifest *and* for AHM to remedy the condition, free-of-charge, under warranty – a primary goal of the lawsuit.

Another Settlement Class Member doubts the validity of Plaintiff's claims and dismisses the existence of Engine Misfire on the basis of his personal experiences with his Settlement Class Vehicles:  "I've never had any issues with any of my [Settlement Class Vehicles'] engines ….  … I can't imagine any legitimate reason for this lawsuit."  *See* Stevens Letter at 1. [8]  AHM and Class Counsel have more thoroughly evaluated the allegations underlying the settlement, and, with the benefit of engineering expertise (in AHM's case), significant discovery, and access to data concerning a far larger set of Settlement Class Vehicles, determined that settlement is justified.

Finally a letter received from one couple[9] indicates their concern about why their late-model 2006 Honda Odyssey is not among the Settlement Class Vehicles.  *See* Exh. C to Jan. Berk

---

[8] Mr. Steven's objection letter is deficient in several respects, including the omission of his Settlement Class Vehicle(s)' VINs and approximate dates of purchase.

[9] Because the couple omitted the model year and VIN of any Settlement Class Vehicle they might own, Class Counsel has not yet been able to verify that they are Settlement Class Members. It is conceivable that they are not Settlement Class Members and only learned of the settlement through the Settlement Website.

1    Decl. at 33.  The couple explained that "[they] owned a 2006 [Honda] Odyssey that … had a

2    misfire that caused the spark plug to blow from the engine block and burn a hole in the battery …

3    [and] [they] would like to object on the basis that [the settlement] fail[s] to … include all model

4    years of the Honda Odyssey that have had a problem with 'misfire problems [*sic*].'"  They appear

5    to conflate any and all engine misfires – which can result from a wide variety of causes – with the

6    Engine Misfire condition related to the VCM-2 technology at issue in this case, *see* SAC ¶ 2.

7    There is no reason to believe that the misfire event they describe is a related to Engine Misfire,

8    particularly since it is not clear that 2006 Honda Odysseys featured the VCM-2 technology.

9           A court may appropriately infer that that a class action settlement is fair, adequate, and

10   reasonable when few class members object to it.  *See, e.g.*, *Wershba v. Apple Computer*, 91 Cal.

11   App .4th at 245 (2001).  Indeed a court can approve a class action settlement as fair, adequate, and

12   reasonable even over the objections of a large number of class members.  *See Class Plaintiffs*, 955

13   F.2d 1291-96.  Plaintiff respects the concerns raised by the five objections received thus far;

14   however none of these concerns seriously challenge the fairness, adequacy, and reasonableness of

15   the settlement.  Instead, the small number of the objections strongly suggests that the settlement is

16   satisfactory to a large percentage of the Settlement Class.

17   **V.    THE PROPOSED SETTLEMENT CLASS MEETS THE REQUIREMENTS OF
            RULE 23**
18
            The Ninth Circuit maintains a "strong judicial policy" favoring settlement of class actions.
19
20   Class Plaintiffs, 955 F.2d at 1276 ; see also Officers for Justice, 688 F.2d at 625.  The decision to

21   approve a settlement is committed to the sound discretion of the trial court.  Hanlon v. Chrysler

22   Corp., 150 F.3d 1011, 1026  (9th Cir. 1998).  Settlements that follow sufficient discovery and

23   genuine arms-length negotiation are presumed fair.  Lamb v. Bitech, Inc., No. CV-11-05583-EDL,

24   2013 U.S. Dist. LEXIS 109875  (N.D. Cal. Aug. 5, 2013) (citation omitted).  Class certification

25   for settlement purposes may be appropriately granted so long as the requirements of 23(a) and

26   23(b)(3) are met:  numerosity, commonality, typicality, adequacy, predominance, and superiority.[10]

27

28   [10] Manageability, however, does not have to be satisfied.  See Amchem Prods., 521 U.S. at 591.

W. Rubenstein *et al.*, NEWBERG, supra, § 11.27 (4th ed. 2012 West).  In the proposed settlement, each of these criteria is readily met.

### A.    Numerosity

The numerosity requirement is met where "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23 (a)(1).  "Impracticability" is not equated with impossibility; it is only an apparent difficulty or inconvenience from joining all members of the class.  Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14  (9th Cir. 1964).  In this case, the proposed Settlement Class includes more than 1.8 million owners and lessees.  Admin. Decl. ¶ 6.  Thus, numerosity is easily satisfied.

### B.    Commonality

Commonality is satisfied if "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23 (a)(2).  The "commonality requirement has been 'construed permissively,' and its requirements deemed 'minimal.'"  Estrella v. Freedom Fin. Network, LLC, No. C 09-03156 SI, 2010 U.S. Dist. LEXIS 61236  (N.D. Cal. June 2, 2010) (*quoting* Hanlon, 150 F.3d at 1019-20 ).  Here, several common questions of fact and law exist:

- Whether the Settlement Class Vehicles have a propensity to have Engine Misfire;

- Whether Engine Misfire could manifest after the Powertrain Warranty expires;

- Whether Settlement Class Members have incurred expenses from Engine Misfire;

- Whether AHM provided Plaintiff and the Settlement Class Members with vehicles inherently defective in their ability to prevent Engine Misfire and its symptoms;

- Whether the engines' being subject to premature spark plug fouling and engine misfires would be considered material by a reasonable consumer;

- Whether AHM has a duty to disclose the defect to Plaintiff and the Class Members;

- Whether AHM has violated the Consumers Legal Remedies Act ;

- Whether AHM has engaged in unlawful, unfair, or fraudulent business practices;

- Whether AHM breached the express warranties with relation to the defect;

- Whether Plaintiff and the other Class Members are entitled to equitable relief; and

- Whether Plaintiff and Class Members are entitled to damages and monetary relief.

14

*See* SAC (Dkt. 76-1) at ¶ 41.  The "commonality" requirement is readily satisfied here.  *See* <u>Fraser</u> <u>v. Asus Computer Int'l</u>, No. C 12-00652 WHA, 2013 U.S. Dist. LEXIS 22338,  at *5 (N.D. Cal. Feb. 19, 2013) (finding commonality satisfied where "the claims of each class member regarding the … functionality of the … product and Asus' liability therefor" were common to the class).

## C.   Typicality

"Like the commonality requirement, the typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" <u>Rodriguez v. Hayes</u>, 591 F.3d 1105, 1124 (9th Cir. 2010) (*quoting Hanlon*, 150 F.3d at 1020 ).  To satisfy typicality, Plaintiff must show that: (1) "other members have the same or similar injury"; (2) "the action is based on conduct which is not unique to the named plaintiffs"; and (3) "other class members have been injured by the same course of conduct." <u>Ellis v. Costco Wholesale Corp.</u>, 657 F.3d 970, 984  (9th Cir. 2011); <u>see also</u> <u>Armstrong v. Davis</u>, 275 F.3d 849, 868  (9th Cir. 2001).

Plaintiff's claims are typical of the claims of the proposed settlement class members, because, among other things, Plaintiff purchased a Settlement Class Vehicle that contained the same problem – Engine Misfire – that could potentially manifest in all other Settlement Class Vehicles.  As Plaintiff alleges:

- Plaintiff purchased his 2008 V6 Honda Accord with VCM-2 in California. (SAC ¶ 30.)
- Plaintiff's spark plugs have twice prematurely fouled from Engine Misfire. (SAC ¶ 31.)
- When Plaintiff's vehicle had just 30,000 miles on the odometer, the engine began to misfire.  The spark plugs, valve seals, intake valve seals, and gasket head covers were replaced under warranty. (SAC ¶ 32.)
- However, when the vehicle's odometer reached approximately 55,000 miles, Plaintiff's vehicle's engine began misfiring again.  He diagnosed the problem by running the onboard diagnostic codes that the vehicle provides through a database and discovered that the spark plugs were again fouled and misfiring.  (SAC ¶ 33.)
- After a local mechanic shop replaced one spark plug at a cost of about $200, Plaintiff decided to replace the rest himself at a cost of approximately $90.  (SAC ¶ 34.)

- Notably, the fouled spark plugs were markedly corroded.  This was surprising to Plaintiff because the plugs had only been installed for about 25,000 miles.  (SAC ¶ 35.)
- The spark plugs corroded rapidly as a result of the defect.  (SAC ¶ 36.)

Thus, the typicality requirement is readily satisfied.

## D.    Adequacy of Representation

The Court must also consider whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23 (a)(4).  Representation is adequate where a plaintiff's counsel is qualified and competent to represent the class, and the class representative does not possess interests that are antagonistic to the remainder of the class.  Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512  (9th Cir. 1978); Hanlon, 150 F.3d at 1020 .  Thus, determining whether the representative will fairly and adequately protect the interests of the class involves two inquiries:  "(1) do the named plaintiff and his counsel have any conflicts of interest with other class members, and (2) will the named plaintiff and his counsel act vigorously on behalf of the class?"  Fraser, 2013 U.S. Dist. LEXIS 22338 , at *6 (citing Lerwill, 582 F.2d at 512 ).

Plaintiff and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members.  Plaintiff owns a Settlement Class Vehicle.  See SAC ¶ 30.  He alleges that his vehicle suffered Engine Misfire.  Id.  ¶¶ 31-36.  His interests are not adverse to any other Settlement Class Member, given that all of them have vehicles that are equipped with V-6 engines with VCM-2 subject to Engine Misfire.  Id.

In addition, as set forth in the accompanying declarations of counsel, Class Counsel is well qualified and has investigated and prosecuted this case to effectively advance the interests of class members.  Sept. Berk Decl. ¶ 20; see also Sept. Terrell Decl.; Sept. Ram Decl.; Decl. of Larry Deutsch of January 9, 2014 ("Deutsch Decl.").  The adequacy of representation requirement is satisfied.  Fraser, 2013 U.S. Dist. LEXIS 22338 , at *6-7 (finding that declarations from the plaintiff's counsel established that he had investigated and prosecuted the case to effectively).

## E.    Predominance

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23 (b)(1) (2) or

(3)."  Hanlon, 150 F.3d at 1022 .  Plaintiff is seeking class certification pursuant to Rule 23(b)(3), which permits class certification upon a showing of predominance and superiority—*i.e.*, that the questions common to class members' legal claims predominate over individualized questions, and that a class proceeding is superior to any alternative methods for resolving the controversy.

The predominance requirement "is essentially a heightened commonality inquiry:  do the common legal and factual questions appear more significant than the individualized legal and factual questions?"  Thomas v. Baca, 231 F.R.D. 397, 402  (C.D. Cal. 2005).  In the context of a settlement class, the class members' claims must be cohesive enough to allow them to be resolved on a class wide basis.  See Amchem Prods., 521 U.S. at 623 .  Class certification is not defeated where the only individual determination necessary is the amount of damages due to each class member. Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1094  (9th Cir. 2010).

Here, the common questions of law and fact include those listed above.  *See* "Commonality," *supra*.  The predominance requirement is satisfied.  *See* Koz, 2013 U.S. Dist. LEXIS 64577 , at *10-11 (finding predominance requirement satisfied where the asserted claims centered on two objectives questions).

### F.    Superiority

Rule 23(b)(3) also provides a non-exhaustive list of matters pertinent to the Court's determination that the class action device is superior to other methods of adjudication:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23 (b)(3).

In considering a motion to certify a settlement-only class, the third and fourth factors are rendered moot and are irrelevant because "the proposal is that there be no trial."  *See* Amchem Prods., 521 U.S. at 620.

The proposed settlement satisfies the requirements of Rule 23(b)(3)(A) and (B).  The

Settlement Class Members' interests in individually controlling the prosecution of separate cases is outweighed by the benefits of adjudicating all of their claims in an efficient manner such as through the proposed Settlement Class.  Indeed, a class action would be the vastly superior means, and likely the only practical means, of adjudicating the claims of over 1.8 million settlement class members scattered across the country.  Given alternative mechanisms available and where, as here, the individual claims are for relatively small amounts of money, the class action mechanism is clearly superior.  See Hanlon, 150 F.3d at 1023.  Because the class action device provides the superior means to effectively and efficiently resolve this controversy, and because the other requirements of Rule 23 are each satisfied, certification is appropriate.

## VI.   REQUEST FOR ENTRY OF THE PROPOSED FINAL APPROVAL ORDER AND JUDGMENT

The contents of a Rule 23(e) class notice are sufficient if it informs the class members of the nature of the action, the general terms of the settlement, the options available to them (*e.g.*, submitting a claim form, opting out, or objecting), the time and place of the Final Approval Hearing, and ways to obtain more detailed information. MANUAL FOR COMPLEX LITIGATION (FOURTH)*,* § 21.312 (2004).  The distribution of class notice is sufficient if it is given in a form and manner that does not systematically leave an identifiable group without notice.  S. F. NAACP v. San Francisco Unified Sch. Dist.*,* 59 F. Supp. 2d 1021, 1027-28  (N.D. Cal. 1999), *quoting Officers for Justice,* 688 F.2d at 624  *(citing Mandujano v. Basic Vegetable Prod., Inc.,* 541 F.2d 832, 835-36  (9th Cir. 1976)).  Due process requires only a procedure reasonably calculated to reach class members.  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306  (1950).

### A.   The Notice Plan Satisfies the Requirements of Rule 23(c)(2)(B)

Federal Rule of Civil Procedure 23(c)(2)(B) requires that members of a class certified under Rule 23(b)(3) be given notice of the suit and its class action status.  The class members are entitled to receive "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23 (c)(2)(B).  "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" Churchill Vill. v. GE, 361 F.3d 566, 575  (9th Cir. 2004); see Silber v. Mabon, 18 F.3d 1449, 1454

(9th Cir. 1994) (the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Specifically, under Federal Rule of Civil Procedure 23(c)(2)(B), the notice must "clearly and concisely state in plain, easily understood language":

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Here, the proposed Notice complies with the requirements of Fed. R. Civ. P. 23 (c)(2)(B).

The Notice informs Settlement Class Members that a Settlement Class has been conditionally certified and provides a description of the Settlement Class in a manner that allows potential class members to easily determine whether they are a member of the Settlement Class. The notice describes the terms of the proposed settlement, the proposed attorneys' fees, and the procedure for filing claims, noting that such benefits will be distributed to Settlement Class Members only if the Court approves the settlement after the Final Approval Hearing.  The Notice clearly apprises Settlement Class Members of their rights to participate in, object to, or request exclusion from the proposed settlement, and to attend the Final Approval Hearing, providing sufficient descriptions of the process by which to exercise such rights, deadlines associated with exercising such rights, and the time and place of the Final Approval Hearing.  The Notice prominently displays the names and addresses of Class Counsel and the procedures for making inquiries through the Administrator or by contacting Class Counsel, and additionally directs the Settlement Class Member to the Engine Misfire Website from which the Settlement Class Member can download a Claim Form.  For those Settlement Class Members who do not have access to a computer or to the internet, or for those Settlement Class Members who have additional questions, the Notice also contains all information necessary to contact the Settlement Administrator via a toll-free telephone number staffed during normal business hours and via U.S. mail.  Such notices that contain a summary of the nature of the pending action, the general terms of the settlement, the

options available to class members (*e.g.*, submitting a claim form, opting out, and/or objecting), the time and place of the Final Approval Hearing, and ways to obtain more detailed information are consistent with due process and satisfy the requirements of Fed. R. Civ. P. 23 . MANUAL FOR COMPLEX LITIGATION (FOURTH), § 21.312 (2004).

### B.     The Manner of Notice Fully Satisfies Due Process

Federal Rule of Civil Procedure 23(e)(1) requires that all class members who would be bound by the settlement be given "notice in a reasonable manner."  The proposed Notice will provide Settlement Class members with individual notice by first class mail, thereby satisfying due process.  See Mullane, 339 U.S. at 310  (explaining that notice by first class mail will often be the "best practicable notice"); Silber, 18 F.3d at 1453-54  (holding notice by direct mail and publication to be "best notice practicable").

The Parties believe that nearly all (if not all) members of the Settlement Class have received the direct mail notice, because AHM acquired Settlement Class Members' addresses through R.L. Polk & Co., which specializes in obtaining contact information from State Departments of Motor Vehicles and the National Change of Address database.  AHM also posted the Class Notice on a dedicated website – a useful supplement to individual direct notice. MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.311 (2004); *see also* Brian Walters, "Best Notice Practicable" in the Twenty-First Century, 2003 UCLA J.L. & TECH. 4  (2003).  In summary, the notice meets the standards of Rule 23(c)(2)(B) and (e) and satisfies due process.[11]

## VII.   REQUEST FOR AWARD OF INCENTIVE FEE AND ATTORNEYS' FEES & EXPENSES

As a result of this lawsuit and Class Counsel's and Plaintiff Eagen's efforts over the past two and a half years, AHM has agreed to a settlement that will:  (1) extend the Powertrain Warranties for all 1.8 million Settlement Class Vehicles through eight years *with no mileage limit* as they pertain to Engine Misfire; and (2) provide *full reimbursement* for past repairs necessitated

---

[11]  In accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, AHM provided notice of the proposed settlement to the Attorney General of the United States and appropriate state officials of each state within 10 days of filing the Settlement Agreement with the Court.  *See* Decl. of Michael B. Shortnacy of October 2, 2013 ¶¶ 3-5.

by the defect.  The settlement is the product of Class Counsel's hard work, skill, creativity and

persistence.  The requested fees – $800,000 – is but a fraction (46%) of Class Counsel's lodestar

and expenses represent barely two percent (2%) of the potential value of the relief obtained for the

Settlement Class.  Class Counsel are entitled to reasonable fees and expenses based on the risks

they have taken and the strong results they have achieved.  Plaintiff is also entitled to a modest

incentive award in recognition of the effort he donated in the Class' interest.

### A.    Class Counsel's Efforts and Results

This settlement is the result of lawyers from four firms working conscientiously in the

interests of the Class.  Class Counsel spent significant time and money on this matter, up front and

to the exclusion of other matters.  (Class co-Counsel Berk Law PLLC, which has the most

significant investment of hours, has only two (2) attorneys).  The case was risky and complex, yet

each firm undertook it on a purely contingent basis.

The specific tasks that allowed Plaintiffs to reach this position include:

- conducting extensive legal research and factual analysis to assess the viability of the Plaintiffs' and class members' legal claims;

- collaborating with automotive experts to identify and confirm the defect;

- communicating extensively with members of the Class, including compiling and analyzing data concerning their experiences;

- reviwing and analyzing thousands of pages of discovery material;

- drafting and filing pleadings and supporting documents;

- preparing formal discovery requests;

- defending the depositions of Named Plaintiffs Alex Soto and Vince Eagen;

- researching and drafting responses to AHM's motion to compel arbitration;

- negotiating and drafting settlement terms;

- drafting mediation briefing and participating in a day-long mediation;

- twice deposing AHM's Fed. R. Civ. P. 30(b)(6) representative;

- drafting and revising the Class Notice;

MEMO ISO PL.'S UNOPPOSED MOT. FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT &
AWARD OF ATTORNEYS' FEES & EXPENSES

- filing the preliminary approval brief and supporting documentation;

- conferring with, *and continuing to confer with* on a daily basis, numerous Settlement Class Members by telephone and e-mail about the proposed settlement throughout the notice period; and

- drafting and filing the final approval brief and supporting documents.

In the event that the Court grants final approval, Class Counsel might still:

- brief and argue any appeals that might be taken;

- communicate with Settlement Class Members regarding the proposed settlement throughout the term of the settlement period;

- assist class members with the settlement claims;

- participate in the claims appeals process; and

- monitor the claims process and enforcing the settlement throughout its duration.

At this stage in the Claims Period, it is not possible to quantify the total value of reimbursements for out-of-pocket expenses claimed by Settlement Class Members.  As of January 6, 2014, the Settlement Administrator had received 4,385 claims reimbursement.  However, the Settlement Administrator has not finished evaluating and tabulating the claims, *see* Admin. Decl. ¶ 18; and Settlement Class Members have through April 10, 2014, to submit claims, *see* Exh. A ("Notice Packet") to Admin. Decl. at 5.

The potential value the of warranty extension provision of the settlement, however, was estimated by AHM during the course of confirmatory discovery.  At that time, AHM projected the maximum increased costs for eligible future Engine Misfire extended warranty claims to be $39.9 million.  *See* Exh. D (Excerpt of Tr. of AHM's 30(b)(6) designee (July 16, 2013)) to Jan. Berk Decl. at 2.  This represents the potential future value of repairs related to Engine Misfire under the proposed extended warranty that would not have been covered by the Settlement Class Vehicles' original 5-year / 60,000 mile Powertrain warranties.  Without the settlement and the proposed warranty extension, the Settlement Class Members will bear their own costs of repair if the defect manifests in their vehicles outside the existing Powertrain Warranty; or they will suffer the ongoing symptoms if they forgo repairs in order to avoid the out-of-pocket expenses.

## B.        Percentage of the Fund Analysis

Under longstanding Ninth Circuit law, reasonable attorneys' fees may be based on a percentage of the common fund (or other monetizable benefit) recovered for the class.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *In re. Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994) and *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)).  The Ninth Circuit has established twenty-five percent (25%) of the common fund as a "benchmark" for attorneys' fees in common fund cases, with most fees falling somewhere between twenty and thirty percent (20-30%).  *See Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson*, 886 F.2d at 272.  Here Class Counsel requests (and AHM has agreed to pay) fees and expenses of approximately two percent (2%).

In determining whether to use the twenty-five percent benchmark or to award fees at the higher or lower end of the usual range, courts in the Ninth Circuit consider several factors, including (1) the results achieved, (2) the risks of litigation, (3) the skill and quality of counsel's work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; (5) whether there were benefits to the class beyond the immediate generation of a cash fund; and (6) the range of awards from comparable common funds.  *See Vizcaino*, 290 F.3d at 1048-50.  Each of the factors more than supports an award for Class Counsel equal to 2%.  First, the proposed settlement confers valuable benefits on the Settlement Class, including extension of the Powertrain Warranty as to Engine Misfire for a total of eight years and with no mileage limitation.  As described above, the monetary value of the extended warranty provision of the class settlement alone is substantial:  potentially as high as $39.9 million, *see* Exh. D to Jan. Berk Decl. at 2.  In addition, class members will receive full reimbursement of their expenses for all past repairs occasioned by Engine Misfire.  Well over 4,000 claims for reimbursement have already been received and it is likely thousands more will be received before the deadline.  These claims range from as little as $200 to more than $4,000.

Class Counsel have pursued this litigation and invested their time and money despite significant risks, including the complex engineering issues at play, the uncertainty of well-defined,

1   comprehensive industry standards, the age of many of the vehicles, and the potentially crushing

2   resources of a multinational corporate defendant.  As a result of the skill and quality of counsel's

3   early and aggressive work, Plaintiffs expeditiously achieved a valuable settlement that will deliver

4   prompt relief.

5        While an objector might argue that not every class member will receive the relief the

6   settlement provides, a percentage fee is properly calculated based on the entire benefit made

7   available to the class members.  *See Williams v. MGM-Pathe Commc'ns. Co.*, 129 F.3d 1026,

8   1027 (9th Cir. 1997) ("the district court abused its discretion by basing the fee on the class

9   members' claims against the fund rather than on a percentage of the entire fund or on the

10  lodestar"); *Hopson v. Hanesbrands Inc.*, No. CV-08-0844 EDL, 2009 WL 928133 at *11 (N.D.

11  Cal. Apr. 3, 2009) ("The appropriate measure of the fee amount is against the potential amount

12  available to the class, not a lesser amount reflecting the amount actually claimed by the

13  members.").

14       **C.    Lodestar Cross-Check**

15       The Ninth Circuit also recognizes the lodestar method for calculating attorneys' fees.

16  *Wash. Pub. Power*, 19 F.3d at 1295-96.  Calculating counsel's lodestar begins by multiplying the

17  number of hours expended by a reasonable hourly rate.  *Blum v. Stenson*, 465 U.S. 886, 897

18  (1984).  "The resulting figure may be adjusted upward or downward to account for several factors

19  including the quality of the representation, the benefit obtained for the class, the complexity and

20  novelty of the issues presented, and the risk of nonpayment."  *Hanlon,* 150 F.3d at 1029.

21       As of January 6, 2014, Class Counsel has invested **$1,667,693.36** in attorneys' fees and

22  expenses of **$48,098.15**.  It should be recognized that this fee request necessarily reflects the fees

23  associated with future services that Class Counsel must provide to carry out the settlement,

24  including preparation for and attendance at the Final Approval Hearing and ongoing and frequent

25  conferral with and counseling of Settlement Class Members during the notice and claims periods.

26  Future work might also include enforcement of the settlement and aid to class members who

27  encounter difficulties.  *See Hanlon v. Chrysler*, 150 F.3d 1011, 1029 (9th Cir. 1998).

28

MEMO ISO PL.'S UNOPPOSED MOT. FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT &
AWARD OF ATTORNEYS' FEES & EXPENSES

## VIII.  CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court enter the [Proposed] Final Approval Order and Judgment (submitted herewith) (i) granting final approval of the proposed settlement, as set forth in the Settlement Agreement, as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23; (ii) finally certifying the Settlement Class; (iii) appointing, for settlement purposes only, Named Plaintiff Vince Eagen and Class Counsel as representative of and attorneys for the Settlement Class; (iv) confirming the ongoing appointing, for settlement purposes only, of American Honda Motor Co., Inc., as Settlement Administrator; (v) finding that the Notice was the best practicable under the circumstances and satisfied all Constitutional and other requirements; (vi) confirming Settlement Class Members who have timely submitted requests for exclusion; (vii) dismissing the action pursuant to the terms and conditions of the Settlement Agreement; (viii) retaining jurisdiction over the enforcement and implementation of the Settlement Agreement and any amendments thereto; (ix) awarding Plaintiff an Incentive Award of $1,000 to compensate him for his time and effort on behalf of the Settlement Class and (x) awarding Class Counsel a Class Counsel Fees & Expenses Award of $800,000.

Dated:    January 10, 2014             BERK LAW PLLC
                                       Attorneys for Individual and Representative Plaintiff
                                       VINCE EAGEN


                              By: _____/s/ Matthew J. Bonness_____
                                       MATTHEW J. BONNESS, CSB #229226
                                       Email:  matt@berklawdc.com
                                       STEVEN N. BERK, *Admitted P.H.V.*
                                       Email:  steven@berklawdc.com
                                       BERK LAW PLLC
                                       2002 Massachusetts Ave., NW, Suite 100
                                       Washington, District of Columbia  20036
                                       Telephone:   (202) 232-7550
                                       Facsimile:    (202) 232-7556

CERTIFICATE OF SERVICE

I, Matthew J. Bonness, hereby certify that on January 14, 2014, I electronically filed the

foregoing **[*CORRECTED*] PLAINTIFF'S UNOPPOSED MOTION FOR FINAL**

**APPROVAL OF CLASS ACTION SETTLEMENT & AWARD OF ATTORNEYS' FEES &**

**EXPENSES**, **MEMORANDUM OF LAW IN SUPPORT** thereof, and accompanying

**[PROPOSED] ORDER** granting the same with the Clerk of the Court using the CM/ECF system

which will send notification of such filing to the following:

> Michael L. Mallow, CSB #188745
> Email:  mmallow@loeb.com
> Denise A. Smith-Mars, CSB # 215057
> Email:  dmars@loeb.com
> Michael B. Shortnacy, CSB #277035
> Email:  mshortnacy@loeb.com
> LOEB & LOEB LLP
> 10100 Santa Monica Blvd., Suite 2200
> Los Angeles, California  90067
> Telephone:      (310) 282-2000
> Facsimile:      (310) 282-2200
>
> *Attorneys for Defendant*

DATE:  January 14, 2014                              BERK LAW PLLC


                                    By:  /s/ Matthew J. Bonness, CSB #229226
                                         Matthew J. Bonness, CSB #229226
                                         Email:  matt@berklawdc.com
                                         2002 Massachusetts Avenue, NW, Suite 100
                                         Washington, DC  20036
                                         Telephone:      (202) 232-7550
                                         Facsimile:      (202) 232-7556

                                         *Attorneys for Individual and Representative Plaintiff*
                                         *Vince Eagen*