1 | MICHAEL L. MALLOW (SBN 188745)
mmallow@loeb.com
2 | DENISE A. SMITH-MARS (SBN 215057)
dmars@loeb.com
3 | MICHAEL B. SHORTNACY (SBN 277035)
mshortnacy@loeb.com
4 | LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
5 | Los Angeles, CA 90067
Telephone: 310.282.2000
6 | Facsimile: 310.282.2200

7 | Attorneys for Defendant
American Honda Motor Co., Inc.
8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEX SOTO and VINCE EAGEN, on behalf of themselves and all others similarly situated, | Case No.: 3:12-cv-01377-SI |
| | Assigned to Hon. Susan Illston |
| Plaintiffs, | |
| v. | **NOTICE OF FILING OF CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |
| AMERICAN HONDA MOTOR CO., INC., | CLASS ACTION |
| Defendant. | Complaint Filed: March 19, 2012 |
| | Trial Date: None set |

**TO CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant American Honda Motor Co., Inc. ("Honda"), hereby files with the Court and attaches hereto as Exhibit 1 the Class Action Settlement Agreement and Release (the "Settlement Agreement"), together with the exhibits annexed and incorporated therein, between and among: (1) Alex Soto and Vince Eagen (collectively, "Named Plaintiffs"), on behalf of themselves and as representatives of the Settlement Class as defined in the Settlement

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2319529.1
218800-10002

NOTICE OF FILING OF CLASS ACTION
SETTLEMENT AGREEMENT AND RELEASE
Case No.: 3:12-cv-01377-SI

1  Agreement (the Named Plaintiffs and members of the Settlement Class collectively

2  referred to as "Settlement Class Members") on the one hand, and (2) Defendant

3  American Honda Motor Co., Inc. ("Honda"), on the other hand.

4

5  Dated:   September 11, 2013                LOEB & LOEB LLP
                                             MICHAEL L. MALLOW
6                                            DENISE A. SMITH-MARS
                                             MICHAEL B. SHORTNACY
7

8                                            By: /s/ Michael B. Shortnacy
                                                 Michael B. Shortnacy
9                                                Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2319529.1
218800-10002

2

NOTICE OF FILING OF CLASS ACTION
SETTLEMENT AGREEMENT AND RELEASE
Case No.: 3:12-cv-01377-SI

1    **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

2        This Class Action Settlement Agreement and Release ("Settlement Agreement") is

3    entered into between and among: (1) Alex Soto and Vince Eagen (collectively, "Named

4    Plaintiffs"), on behalf of themselves and as representatives of the Settlement Class defined

5    herein (the Named Plaintiffs and members of the Settlement Class collectively referred to

6    as "Settlement Class Members") on the one hand, and (2) Defendant American Honda

7    Motor Co., Inc. ("Honda"), on the other hand, (collectively with Settlement Class

8    Members, the "Parties") by and through their undersigned counsel, in order to fully and

9    finally settle and resolve the litigation and to effect dismissal with prejudice of all of the

10   Released Claims (defined herein) asserted against Honda in the action captioned: *Alex*

11   *Soto and Vince Eagen v. American Honda Motor Co., Inc.,* Case No. 3:12-cv-1377-SI

12   (N.D. Cal.) (the "Litigation") on the terms set forth herein, subject to the final approval of

13   the Court.

14       WHEREAS, Named Plaintiffs Alex Soto and Vincent Eagen filed their putative

15   class action complaint on March 19, 2012 (the "Complaint"), and amended their complaint

16   on May 18, 2012 (the "Amended Complaint");

17       WHEREAS, the Parties have conducted a thorough examination and investigation

18   of the facts and law relating to the matters set forth in the Litigation, which included,

19   among other things: (1) review and analysis by Class Counsel, as defined herein, of

20   documents and native data produced by Honda; (2) review and analysis by Honda of

21   documents and information produced by the Named Plaintiffs; (3) Honda's physical

22   inspection and examination of Plaintiff Vince Eagen's vehicle; (4) the depositions of each

23   of the Named Plaintiffs; (5) the depositions of Honda witnesses pursuant to FED. R. CIV. P.

24   30(b)(6); (6) each party propounding and responding to written requests for the production

25   of documents; (7) each party propounding and responding to written interrogatories;

26       WHEREAS, Honda denies all of the allegations in the Litigation, denies that it has

27   engaged in any wrongdoing, denies Named Plaintiffs' claims are meritorious and has

28   denied and continues to deny that it is legally responsible or liable to Named Plaintiffs or

LA2317871.1
218800-10002                                    1

1 any Settlement Class Member, as defined herein, for any of the matters asserted in this
2 Litigation;

3       WHEREAS, the Parties agree that neither this Settlement Agreement nor the
4 settlement it represents shall be construed as an admission by Honda of any wrongdoing
5 whatsoever including an admission of a violation of any statute or law, or of liability on
6 the claims or allegations in the Litigation;

7       WHEREAS, the Parties agree and understand that neither this Settlement
8 Agreement nor the settlement it represents shall be construed or admissible as an
9 admission by Honda in the Litigation or any other proceedings that the Named Plaintiffs'
10 claims or similar claims are or would be suitable for class treatment if the Litigation
11 proceeded through both litigation and trial;

12       WHEREAS, the Parties seek to compromise and resolve, finally and completely, all
13 pending and potential claims of the Settlement Class Members relating to claims which
14 were or could have been asserted in this Litigation by Named Plaintiffs and/or the
15 Settlement Class arising from or relating to the alleged Excessive Oil Consumption and
16 Engine Misfire issues;

17       WHEREAS, Class Counsel are experienced in this type of class litigation, and
18 therefore recognize the costs and risks of prosecution of this Litigation and believe that it
19 is in the Named Plaintiffs' interest, and the interest of all Settlement Class Members, to
20 resolve this Litigation, and any and all claims against Honda arising from the conduct
21 alleged in the Litigation as set forth in this Settlement Agreement;

22       WHEREAS, the Named Plaintiffs and Class Counsel have examined the benefits to
23 be obtained under the terms of this Settlement Agreement, have considered the risks
24 associated with the continued prosecution of the Litigation and the likelihood of success on
25 the merits of the Litigation and believe that, after considering all of the facts and
26 circumstances, the proposed settlement set forth in this Settlement Agreement offers
27 significant benefits to Settlement Class Members and is fair, reasonable, adequate and in
28 the best interests of the Settlement Class Members;

1    WHEREAS, this Settlement Agreement is the result of significant arm's-length
2  settlement negotiations that have taken place between the Parties;

3    WHEREAS, the Parties agree that this Settlement Agreement supersedes any and
4  all agreements previously entered into by the Parties with respect to claims asserted in the
5  Litigation;

6    NOW, THEREFORE, it is hereby stipulated and agreed, by and between the Parties
7  and their counsel, as follows:

8  **I.    DEFINITIONS**

9    **A.    "Claim"**

10    A "Claim" is a request for reimbursement under this Settlement Agreement.

11    **B.    "Claim Form"**

12    "Claim Form" refers to a form to be completed by a Settlement Class Member  to
13  request reimbursement under this Settlement Agreement, which shall be without material
14  alteration from Exhibit A attached hereto.

15    **C.    "Claims Period"**

16    "Claims Period" means the time period during which a Settlement Class Member
17  may submit a Claim Form, which period shall be ninety (90) days, beginning as of the
18  Notice Date.

19    **D.    "Class Counsel"**

20    "Class Counsel" means: (1) Berk Law PLLC; (2) Terrell Marshall Daudt & Willie
21  PLLC; (3) Ram, Olson, Cereghino & Kopczynski; and (4) Berger & Montague, P.C., all of
22  which appear on the signature page of this Settlement Agreement.

23    **E.    "Class Counsel Fees and Expenses Award"**

24    "Class Counsel Fees and Expenses Award" means the total amount of reasonable
25  attorneys' fees and expenses sought by and apportioned between Class Counsel, subject to
26  the approval of the Court, in an amount not to exceed eight hundred thousand dollars and
27  no cents ($800,000.00) which is the maximum amount that Class Counsel agrees to request
28  the Court approve, and the maximum amount that Honda agrees it will not contest. The

1 Class Counsel Fees and Expenses Award will be paid separate and apart from any relief
2 provided to the Settlement Class pursuant to this Settlement Agreement, and shall be paid
3 by Honda no later than thirty (30) days after the Effective Date provided that Class
4 Counsel provide Honda with completed W-9 forms and completed wire transfer forms.

5     **F.**    **"Class List"**

6     "Class List" shall mean the complete listing of the names and addresses obtained by
7 Honda of all persons Honda determines, after a good faith search, are Settlement Class
8 Members and thereby eligible to receive the Notice. Honda shall obtain from R.L. Polk &
9 Co., or a similar entity, the most current available names and addresses of all current and
10 former owners and lessees of Settlement Class Vehicles in order to develop the Class List.
11 The Class List shall be run through the National Change of Address database for the
12 purpose of updating addresses before the Notice is mailed.

13     **G.**    **"Court"**

14     "Court" shall mean the United States District Court for the Northern District of
15 California, the Honorable Susan Illston presiding, or her duly appointed successor.

16     **H.**    **"Effective Date"**

17     The "Effective Date" of this Settlement Agreement means the date when each and
18 all of the following conditions have occurred: (1) this Settlement Agreement has been
19 fully executed by the Parties and their counsel; (2) orders have been entered by the Court
20 certifying a Settlement Class, granting preliminary approval of this Settlement Agreement
21 and approving the form of Notice, CAFA Notice and Claim Form, all as provided herein;
22 (3) the Court-approved Notice and Settlement Website (as defined in Section IV,
23 Paragraphs 2 and 3 below) have been duly created and/or disseminated as ordered by the
24 Court; (4) the Court has entered a Final Approval Order and Judgment (as defined in
25 Section I, Paragraph M below) finally approving this Settlement Agreement as provided
26 below; and (5) the Final Order and Judgment has become Final as defined in Section I,
27 Paragraph K, below, and no longer subject to any review or appeal.

28

1     **I.**    **"Engine Misfire"**

2     "Engine Misfire" shall mean the alleged condition in the Settlement Class Vehicles

3 equipped with engines with variable cylinder management ("VCM-2"), where the cycling

4 of the cylinder under certain drive conditions allows for spark plug cooling, which may

5 result in carbon fouling of the spark plugs, and is defined by the diagnostic trouble code

6 ("DTC") numbers P0301, P0302, P0303, or P0304.

7     **J.**    **"Excessive Oil Consumption"**

8     "Excessive Oil Consumption" shall mean the alleged condition in Model Year

9 2008, 2009, and 2010 Honda Accord vehicles that may permit oil to enter into those

10 vehicles' engines' combustion chambers, except to the extent that the alleged Excessive

11 Oil Consumption is a cause and/or symptom of Engine Misfire.

12     **K.**    **"Final"**

13     "Final" when referring to a judgment or order means that: (1) the judgment is a

14 final, appealable judgment; and (2) either (a) no appeal has been taken from the judgment

15 relating to the merits of the settlement (as opposed to any appeals relating solely to the

16 Class Counsel Fees and Expenses Award, which will not affect finality as defined herein)

17 as of the date on which all times to appeal therefrom have expired, or (b) an appeal or

18 other review proceeding of the judgment relating to the merits of the settlement having

19 been commenced, such appeal or other review is finally concluded and no longer is subject

20 to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions

21 for rehearing *en banc*, petitions for writ of *certiorari*, or otherwise, and such appeal or

22 other review has been finally resolved in a manner that affirms the Final Order and

23 Judgment in all material respects.

24     **L.**    **"Final Approval Hearing"**

25     "Final Approval Hearing" shall mean the fairness hearing at which the Court

26 considers the fairness, reasonableness and adequacy of the proposed settlement and

27 whether the settlement should be finally approved by the Court, such Final Approval

28

1  Hearing to be no earlier than ninety (90) days after the Notice Date, subject to the approval
2  of the Court.

3  **M.    "Final Approval Order and Judgment"**

4  "Final Approval Order and Judgment" shall mean the Court order that approves this
5  Settlement Agreement, which shall be without material alteration from Exhibit B attached
6  hereto.

7  **N.    "Honda"**

8  "Honda" shall mean American Honda Motor Co., Inc., and its predecessors,
9  successors, assigns, directors, officers, agents, attorneys, representatives and employees.

10  **O.    "Honda's Counsel"**

11  "Honda's Counsel" shall mean Loeb & Loeb LLP.

12  **P.    "Incentive Award"**

13  "Incentive Award" shall mean the payment not to exceed one thousand dollars and
14  no cents ($1,000.00) that Honda has agreed to pay to Named Plaintiff Vince Eagen to
15  compensate him for his time and effort on behalf of the Settlement Class, subject to
16  approval of the Court, to be paid no later than thirty (30) days after the Effective Date,
17  provided that Named Plaintiff Eagen provides to Honda a completed W-9 form. No
18  Named Plaintiff shall be eligible for an Incentive Award if he elects to exclude himself
19  (*i.e.*, becomes an "Opt-Out") from this settlement.

20  **Q.    "Named Plaintiffs"**

21  "Named Plaintiffs" shall mean Plaintiff Alex Soto and Plaintiff Vince Eagen.

22  **R.    "Notice"**

23  "Notice" shall mean the Court-approved form of notice of the settlement provided
24  to the Settlement Class, by first class mail, postage prepaid, which shall be without
25  material alteration from Exhibit C attached hereto.

26  **S.    "Notice Date"**

27  "Notice Date" means the date by which the Settlement Administrator completes the
28  mailing of a copy of the Notice by first class mail, postage prepaid, to each person on the

1  Class List.  The Notice Date shall be no later than ninety (90) days after the Court enters
2  the Preliminary Approval Order, defined herein, or such earlier practicable date.

3       **T.     "Out-of-Pocket Expense"**

4       "Out-of-Pocket Expense" shall mean a Settlement Class Member's direct outlay of
5  funds to pay for Engine Misfire repairs prior to the end of the Claims Period.  Out-of-
6  Pocket Expense does not include any amounts previously reimbursed by any party,
7  including pursuant to other litigation, warranty or customer goodwill, or any amounts
8  previously reimbursed by any third party through insurance, vehicle service contracts, or
9  otherwise.  In no event shall monetary compensation be issued to Settlement Class
10 Members by Honda prior to the Effective Date.

11      **U.     "Preliminary Approval Order"**

12      "Preliminary Approval Order" means the order to be entered by the Court
13 preliminarily approving the settlement and (among other things) directing that Notice be
14 given to the Settlement Class, which Preliminary Approval Order shall be without material
15 alteration from Exhibit D attached hereto.

16      **V.     "Proof of Repair Expense"**

17      "Proof of Repair Expense" shall mean an original invoice, legible photocopy
18 thereof, or other record, or some combination thereof, identifying the Out-of-Pocket
19 Expense paid by the Settlement Class Member for a repair related to Engine Misfire.
20 Sufficient proof shall consist of one or more contemporaneous writings, including but not
21 limited to original third-party receipts, invoices, and repair orders or bills, which, either
22 singly or collectively, prove the existence of an Engine Misfire issue and repair made prior
23 to the end of the Claims Period, and the amount of the Out-of-Pocket Expense.  In no event
24 shall monetary compensation be issued to Settlement Class Members by Honda prior to the
25 Effective Date.

26      **W.     "Released Claims"**

27      "Released Claims" means any and all claims, actions, causes of action, rights,
28 demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not

1  limited to tort claims, claims for breach of contract, breach of the duty of good faith and
2  fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations,
3  fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair
4  business or trade practices, restitution, rescission, compensatory and punitive damages,
5  injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other
6  claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or
7  unsuspected, contingent or matured, under federal, state or local law, which the Named
8  Plaintiffs and/or any Settlement Class Member had, have or may in the future have with
9  respect to any conduct, act, omissions, facts, matters, transactions or oral or written
10 statements or occurrences prior to the Effective Date of this Settlement Agreement relating
11 to or arising out of Engine Misfire, including causes or symptoms thereof, as asserted in
12 the Litigation by the Named Plaintiffs and/or Settlement Class Members including, without
13 limitation, causes of action for violations of Cal. Bus. & Prof. Code § 17200, *et seq.*,
14 Cal. Civ. Code § 1750, *et seq.* and similar claims under the statutes and common law of
15 other states as well as claims for unjust enrichment and breach of warranty, subject to the
16 exclusions in Section V, Paragraph D.

17  **X.    "Releasees"**

18  "Releasees" shall mean Honda and its authorized dealers, subsidiaries, affiliates,
19 and suppliers.

20  **Y.    "Settlement Class Member"**

21  "Settlement Class Member" means a person who falls within the definition of the
22 Settlement Class and who does not validly opt out of the Settlement Class pursuant to the
23 procedure set forth in the Court's Preliminary Approval Order.

24  **Z.    "Settlement Class Vehicle"**

25  "Settlement Class Vehicle" means any and all: (1) Model-Year 2008, 2009, 2010,
26 2011, and 2012 Honda Accord vehicles equipped with a 6-cylinder engine with VCM-2,
27 (2) Model-Year 2008, 2009, 2010, 2011, 2012, and 2013 Honda Odyssey vehicles
28 equipped with a 6-cylinder engine with VCM-2, (3) Model-Year 2009, 2010, 2011, 2012,

1  and 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with VCM-2, (4) Model-

2  Year 2010 and 2011 Honda Accord Crosstour vehicles equipped with a 6-cylinder engine

3  with VCM-2; and (5) Model Year 2012 Crosstour vehicles equipped with a 6-cylinder

4  engine with VCM-2, distributed for sale or lease in the United States.

5      **AA.  "VIN"**

6      "VIN" shall mean the vehicle identification number of a Settlement Class Vehicle.

7  **II.    SETTLEMENT CLASS**

8      1.    The Parties stipulate to certification, for settlement purposes only, of a

9  Settlement Class defined as follows:

10      All purchasers and lessees who reside in, and who purchased or leased their

11      vehicles in the United States (other than for purposes of resale or

12      distribution), of any: (a) Model-Year 2008, 2009, 2010, 2011, and 2012

13      Honda Accord vehicles equipped with a 6-cylinder engine with VCM-2; (b)

14      Model-Year 2008, 2009, 2010, 2011, 2012, and 2013 Honda Odyssey

15      vehicles equipped with a 6-cylinder engine with VCM-2; (c) Model-Year

16      2009, 2010, 2011, 2012, and 2013 Honda Pilot vehicles equipped with a 6-

17      cylinder engine with VCM-2; (d) Model-Year 2010 and 2011 Honda

18      Accord Crosstour vehicles equipped with a 6-cylinder engine with VCM-2;

19      and (e) Model Year 2012 Crosstour vehicles equipped with a 6-cylinder

20      engine with VCM-2.

21  Excluded from the stipulated Settlement Class are: (1) Honda; (2) any affiliate,

22  parent, or subsidiary of Honda; (3) any entity in which Honda has a controlling

23  interest; (4) any officer, director, or employee of Honda; (5) any successor or

24  assign of Honda; (6) any Judge to whom the Litigation is assigned; (7) anyone

25  who purchased a Settlement Class Vehicle for the purpose of resale; and (8) any

26  owners or lessees of Settlement Class Vehicles that were not distributed for sale or

27  lease in the United States.

28

LA2317871.1
218800-10002                    9

2.      Solely for purposes of implementing this Settlement Agreement and effectuating the settlement, Honda stipulates to the Court entering an order preliminarily certifying the Settlement Class, appointing Named Plaintiff Vince Eagan as representative of the Settlement Class, and appointing Class Counsel to serve as class counsel for the Settlement Class.

3.      Solely for the purpose of implementing this Settlement Agreement and effectuating the settlement, the Parties stipulate that Honda will be appointed as Settlement Administrator, subject to the approval of the Court.

4.      Solely for the purpose of implementing this Settlement Agreement and effectuating the settlement, Honda stipulates that Named Plaintiff Vince Eagan and Class Counsel are adequate representatives of the Settlement Class.

## III.   SETTLEMENT CONSIDERATION

In exchange for the dismissal of the Litigation, with prejudice, of the Released Claims as provided herein, Honda agrees to provide the following consideration to the Settlement Class:

### A.      Extension of Powertrain Warranty For Engine Misfire-Related Repairs

Effective as of the Notice Date, Honda will extend the Powertrain Limited Warranty of each Settlement Class Vehicle to cover Engine Misfire until eight (8) years after the original sale or lease of each Settlement Class Vehicle with no mileage limitation (the "Warranty Extension"). Settlement Class Members who obtain repairs performed pursuant to this section after the Notice Date and prior to the Effective Date are precluded from opting out of the Settlement Class.

The Warranty Extension is subject to the same terms and conditions as the original, written Powertrain Limited Warranty issued at the original point of sale or lease of each Settlement Class Vehicle as it relates to Engine Misfire, except as specifically modified herein. Nothing in this Settlement Agreement will be construed as adding to, diminishing or otherwise affecting any express or implied warranty, duty or contractual obligation of

1 | Honda in connection with the Settlement Class Vehicles, except as it relates to Engine
2 | Misfire as set forth herein.

3 | Honda may continue to implement any customer satisfaction or goodwill policy,
4 | program or procedure at its discretion, and may extend goodwill consideration to
5 | individual Settlement Class Members on a case-by-case basis, without regard to their
6 | entitlement to relief under the Settlement Agreement, except that in no case shall a
7 | Settlement Class Member obtain more than one recovery (*e.g.*, any good will or other
8 | payment will reduce or eliminate the right to recover for the same benefit previously
9 | provided) for any incident of Engine Misfire during the Warranty Extension for any
10 | Settlement Class Vehicle.

11
12

**B.    Reimbursements for Engine Misfire Repairs Occurring Before the Notice Date**

13 | Settlement Class Members who paid for repairs as a result of Engine Misfire may
14 | submit a claim for reimbursement of Out-of-Pocket Expense. To be eligible for
15 | reimbursement, Settlement Class Members must provide Honda with Proof of Repair
16 | Expense and submit a valid Claim Form within the Claims Period. In no event shall
17 | monetary compensation be issued to Settlement Class Members by Honda prior to the
18 | Effective Date.

19

**C.    Dismissal of Oil Consumption Claims**

20 | Upon the execution of the Settlement Agreement, Plaintiffs will seek leave of Court
21 | to file a Second Amended Complaint, to which Honda will consent, and, upon obtaining
22 | leave, will thereafter file a Second Amended Complaint removing: (1) all substantive
23 | claims and allegations concerning vehicles equipped with a 4-cylinder engine; (2) all
24 | substantive claims and allegations concerning Excessive Oil Consumption; and (3)
25 | Plaintiff Alex Soto as a Named Plaintiff. The Second Amended Complaint will contain
26 | allegations relating solely to Engine Misfire in Settlement Class Vehicles.

27 | The Parties deem that the statute(s) of limitations applicable to claims advanced by
28 | any members of the proposed class, as defined in the Complaint and Amended Complaint,

1  concerning Excessive Oil Consumption, as alleged in the Complaint and Amended

2  Complaint, in Model Year 2008, 2009, or 2010 Honda Accord vehicles equipped with 4-

3  cylinder engines, is tolled during the period beginning with the date of the filing of the

4  Complaint and ending on the Notice Date.

5        **D.     Costs of Administration and Notice**

6        The Parties agree that Honda shall serve as Settlement Administrator, subject to the

7  approval of the Court, to administer specific components of the settlement, including

8  providing Notice, processing Claim Forms, and maintaining the Website, as defined

9  below. Honda shall be responsible for all costs of class notice and settlement

10 administration. In no event shall Class Counsel be responsible for any costs associated

11 with class notice or settlement administration.

12 **IV.    SETTLEMENT ADMINISTRATION**

13       **A.     Notice Plan and Settlement Website; CAFA Notice**

14       1.      The Settlement Administrator will be responsible for implementing the

15 Notice Plan, maintaining the Website and providing the CAFA Notice.

16       2.      The Settlement Administrator shall be responsible for providing notice to the

17 Settlement Class and shall undertake various administrative tasks, including without

18 limitation: (1) mailing or arranging for the mailing by first-class mail, postage prepaid of

19 the Notice and Claim Form from the information compiled from the Class List to each

20 Settlement Class Member on the Class List; (2) the creation and maintenance of the

21 Website; (3) developing processes and procedures for handling returned mail and deficient

22 Claim Forms; (4) providing to Class Counsel and Honda Counsel within ten (10) business

23 days of receipt copies of notices of intention to appear at the Final Approval Hearing and

24 requests for exclusion from the Settlement Class; (5) preparing an Opt-Out list of the

25 Settlement Class Members requesting exclusion and submitting an affidavit to the Court

26 before the Final Approval Hearing attesting to the accuracy of that list; (6) preparing a list

27 of all persons who submitted objections to the settlement and submitting an affidavit to the

28 Court attesting to the accuracy of that list; (7) maintaining a P.O. Box to which Settlement

1  Class Members can send requests for exclusion, objections, Claim Forms and other
2  correspondence; and, (8) processing Claim Forms submitted.

3      3.      The Settlement Administrator will establish and maintain a Website which
4  will make available documents relating to the settlement (including the Notice and Claim
5  Form) available for download. Within fourteen (14) days of the entry of the Preliminary
6  Approval Order, the Settlement Administrator will post the Settlement Agreement, the
7  Notice and Claim Form on the settlement website.

8      4.      During the Claims Period, the Settlement Administrator will post on the
9  Website a toll-free telephone number that will be staffed during normal business hours
10 with operators who can answer questions about and provide information to Settlement
11 Class Members about the settlement and provide the Notice and Claim Form to any
12 Settlement Class Member upon request.

13     5.      The Settlement Administrator, upon request, will provide available
14 information to Class Counsel on a monthly basis as to the number of Claims submitted, the
15 amount of each Claim, and (after the Effective Date) Claims decisions so that Class
16 Counsel may monitor the claims process.

17     6.      In compliance with the attorney general notification provision of the Class
18 Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Honda shall cause notice of this
19 proposed Settlement to be sent to the Attorney General of the United States, and the
20 attorneys general of each state in which a Settlement Class Member resides ("CAFA
21 Notice"), which shall be without material alteration from Exhibit E attached hereto.

22     **B.      Claim Evaluation Procedure**

23         1.      Settlement Class Members who believe they are eligible for
24 reimbursement of Out-of-Pocket Expense under the Settlement Agreement must send the
25 Settlement Administrator a completed copy of the Claim Form and Proof of Repair
26 Expense postmarked during the Claims Period. Upon receiving a Claim Form and
27 accompanying Proof of Repair Expense, the Settlement Administrator will review the
28

1  documentation and either confirm or deny the Settlement Class Member's eligibility for
2  reimbursement within the timeframes set forth in the Settlement Agreement.

3          2.      All Claim Forms submitted to the Settlement Administrator must be
4  postmarked within the Claims Period. Any Settlement Class Member who fails to submit
5  a Claim Form postmarked during the Claims Period shall not be entitled to receive any
6  payment pursuant to the Settlement Agreement, but shall in all respects be bound by the
7  terms of the Settlement Agreement.

8          3.      Promptly after the Effective Date, the Settlement Administrator will
9  send reimbursement payments pursuant to this paragraph directly to eligible Settlement
10 Class Members who submitted a valid and timely Claim Form. To be eligible for
11 payment, a Settlement Class Member cannot have been previously reimbursed for his or
12 her Out-of-Pocket Expense and any reimbursement made under the Settlement Agreement
13 will exclude any prior good-will reimbursement paid by Honda, and/or any monies paid by
14 any insurer or anyone else, to the Settlement Class Member. The Settlement Class
15 Member must provide the following information, as indicated on the Claim Form:

16          (a)     Name and mailing address of the Settlement Class Member;
17          (b)     Identification of the Settlement Class Vehicle for which a claim is
18                  being made, including the VIN and dates of ownership;
19          (c)     Proof of Payment for Out-of-Pocket Expense; and
20          (d)     The following attestation: "I declare under penalty of perjury that the
21                  foregoing is true and correct. Executed on (date)."

22         4.      Claims that do not meet the requirements set forth in the Settlement
23 Agreement shall be denied. Grounds for rejection include, but are not limited to, failure to
24 provide Proof of Repair Expense or any other required information, untimely submission
25 of the Claim Form, or submission of ineligible repair expenses. Within sixty (60) days
26 after expiration of the Claims Period, the Settlement Administrator shall notify in writing
27 any claimant whose Claim has been denied, in whole or in part, setting forth the reason(s)
28 for the denial, as well as providing notice of the claimant's right to contest the denial and

1 request reconsideration and/or to attempt to cure any defect within thirty (30) days. Class
2 Counsel will be provided with a list of all Claims that have been denied.

3      5.     A Settlement Class Member whose Claim has been denied, may contest that
4 decision by mailing the Settlement Administrator at the P.O. Box for the administration of
5 this Settlement, written notice containing a statement of reasons the Settlement Class
6 Member contests the denial, along with any additional supporting documentation (the
7 "Contest Notice"). Any Contest Notice must be postmarked within forty-five (45) days
8 after the date of mailing by the Settlement Administrator of the notice of the denial of the
9 Claim. The Contest Notice procedures shall be posted on the Settlement Website and shall
10 also be provided in writing to any Settlement Class Member whose Claim is denied.

11      6.     Within sixty (60) days after the Settlement Class Member mails the Contest
12 Notice, the Settlement Administrator shall consider the claimant's request for
13 reconsideration and any materials submitted by the Settlement Class Member in support
14 thereof, and mail to the Settlement Class Member a final determination of the Claim. The
15 decision of the Settlement Administrator shall be final unless the Settlement Class Member
16 submits the denied Claim to the Better Business Bureau for resolution as described in
17 paragraph 7 below.

18      7.     If the Settlement Administrator finally denies a Claim, the Settlement Class
19 Member may appeal the denial to the Better Business Bureau for binding resolution in
20 accordance with the terms and conditions of the new vehicle limited warranty that
21 accompanied the Settlement Class Vehicle at the original point of sale or lease, except that
22 any such appeal must be filed within ninety (90) days of final denial by the Settlement
23 Administrator and any decision by the Better Business Bureau will be final and binding
24 upon all parties. Honda will pay any cost charged by the Better Business Bureau for
25 resolving the dispute. Each party shall be responsible for paying his, her or its own
26 attorneys' fees and other expenses if he, she, or it decide to retain counsel.

27      8.     No cash payment shall be paid to any Settlement Class Member until after
28 the Effective Date.

1      9.      If this settlement never becomes final for any reason, no reimbursement of

2 any kind shall be made pursuant to the Settlement Agreement.

3      **C.**      **Objections and Requests for Exclusion**

4      1.      The Parties agree to ask the Court to require any Settlement Class Member

5 who intends to object to the fairness, reasonableness or adequacy of the settlement to file

6 any objection via the Court's electronic filing system (if represented by counsel) or to send

7 the objection to the Settlement Administrator and mail a copy to Honda' Counsel and

8 Class Counsel via first-class postage prepaid mail. Objections must be filed electronically

9 or postmarked not later than a date to be set by the Court, which date the Parties shall ask

10 the Court to set forty-five (45) days after the Notice Date. Any objecting Settlement Class

11 Member must:

12          (a)      set forth his, her or its full name, current address and telephone

13                  number;

14          (b)      identify the date of acquisition and Vehicle Identification Number for

15                  his, her or its Settlement Class Vehicle;

16          (c)      state that the objector has reviewed the Settlement Class definition

17                  and understands that he, she or it is a Settlement Class Member;

18          (d)      explain the bases for any objection; and

19          (e)      provide copies of any documents the objector wants the Court to

20                  consider.

21      2.      In addition, any Settlement Class Member objecting to the settlement shall

22 provide a list of all other objections submitted by the objector, or the objector's counsel, to

23 any class action settlements submitted in any court in the United States in the previous five

24 years. If the Settlement Class Member or his, her or its counsel has not objected to any

25 other class action settlement in the United States in the previous five years, he, she or it

26 shall affirmatively so state in the objection.

27      3.      An objection must be filed with the Court if the objector is represented by

28 counsel, or if not represented by counsel, must be sent to the Settlement Administrator via

1   first-class mail, postage prepaid, and must also be served by first-class mail, postage

2   prepaid, upon both of the following:

3        Honda's Counsel at:

4        Michael L. Mallow
5        Loeb & Loeb LLP
        10100 Santa Monica Boulevard, Suite 2200
6        Los Angeles, CA 90067-4120

7
       Class Counsel at:
8

9        Steven N. Berk
        Berk Law PLLC
10       2002 Massachusetts Avenue, NW, Suite 100
        Washington, DC 20036
11

12        4.      Subject to approval of the Court, any objecting Settlement Class Member

13   may appear, in person or by counsel, at the Final Approval Hearing to explain why the

14   proposed settlement should not be approved as fair, reasonable, and adequate, or to object

15   to any petitions for Class Counsel Fees and Expenses Award or Incentive Awards. Any

16   such objecting Settlement Class Member must file with the Clerk of the Court and serve

17   upon all counsel designated in the Notice a notice of intention to appear at the Final

18   Approval Hearing by the objection deadline. The notice of intention to appear must

19   include copies of any papers, exhibits, or other evidence that the objecting Settlement

20   Class Member (or the objecting Settlement Class Member's counsel) will present to the

21   Court in connection with the Final Approval Hearing. Any Settlement Class Member who

22   does not provide a notice of intention to appear in accordance with the deadlines and other

23   specifications set forth in the Notice, or who has not filed an objection in accordance with

24   the deadlines and other specifications set forth in the Settlement Agreement and the

25   Notice, will be deemed to have waived any objections to the settlement, subject to the

26   discretion of the Court.

27        5.      The submission of an objection allows Class Counsel or Honda's Counsel to

28   take the deposition of the objecting Settlement Class Member pursuant to the Federal

1 Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence
2 relevant to the objection. Failure by an objector to make himself or herself available for a
3 deposition or comply with expedited discovery requests may result in the Court striking
4 the objection. The Court may tax the costs of any such discovery to the objector or the
5 objector's counsel if the Court determines that the objection is frivolous or is made for an
6 improper purpose.

7       6.      Settlement Class Members may exclude themselves from the settlement (*i.e.*,
8 "Opt-Out"), relinquishing their rights to any benefits under the Settlement Agreement. A
9 Settlement Class Member wishing to exclude himself, herself or itself must send the
10 Settlement Administrator a letter postmarked by a date to be set by the Court, which date
11 the Parties shall request the Court set forty-five (45) days after the Notice Date, containing:
12 (1) the Settlement Class Member's name, current address, and telephone number; (2) the
13 approximate date of acquisition and VIN for his, her or its Settlement Class Vehicle; and
14 (3) a clear statement communicating that he, she or it elects to be excluded from the
15 Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded
16 from any judgment entered pursuant to the settlement. Any request for exclusion must be
17 postmarked on or before the deadline provided in the Notice. Settlement Class Members
18 who fail to submit a valid and timely request for exclusion shall be bound by the
19 Settlement Agreement.

20       7.      Any Settlement Class Member who submits a request for exclusion with a
21 timely postmark has no standing to object to the settlement and shall be deemed to have
22 waived any rights or benefits under the Settlement Agreement. If a Settlement Class
23 Member files a Claim Form, or receives repairs for Engine Misfire under the Warranty
24 Extension, and also requests exclusion from the settlement, then the Settlement Class
25 Member will remain in the Settlement Class and the request for exclusion will be deemed
26 void. If a Settlement Class Member opts out and files a separate action based on the same
27 or similar facts, in any tribunal, and also submits a Claim Form, the Settlement Class
28

1 Member shall be deemed to be a member of the Settlement Class and his or her claims
2 shall be deemed Released Claims.

3         8.      Not later than fourteen (14) days after the deadline for submission of
4 requests for exclusion, the Settlement Administrator shall provide the Court, Class Counsel
5 and Honda's Counsel with a list identifying each Settlement Class Member who submitted
6 an exclusion request together with copies of the exclusion requests, together with a
7 declaration attesting to the completeness and accuracy thereof.

8 **V.     SETTLEMENT APPROVAL PROCESS**

9         **A.    Preliminary Approval of Settlement**

10      Promptly after the execution of this Settlement Agreement, Plaintiff shall present
11 this Settlement Agreement to the Court, along with a motion requesting that the Court
12 issue a Preliminary Approval Order, which shall be without material alteration from
13 Exhibit D attached hereto.

14         **B.    Final Order and Judgment**

15      If this Settlement Agreement is preliminarily approved by the Court, Plaintiff shall
16 present a motion requesting that the Court issue a Final Order and Judgment directing the
17 entry of judgment pursuant to FED. R. CIV. P. 54(b) which shall be without material
18 alteration from Exhibit B attached hereto.

19         **C.    Class Counsel's Application for Class Counsel Fees and Expenses**
20             **Award and Named Plaintiff Incentive Award**

21         1.      Class Counsel will apply to the Court for a Class Counsel Fees and Expenses
22 Award concurrently with the submission of their motion in support of the Final Order and
23 Judgment. Honda agrees that it will not oppose an application to the Court for a Class
24 Counsel Fees and Expenses Award that does not exceed eight hundred thousand dollars
25 and no cents ($800,000.00) and Plaintiffs and Class Counsel agree that they will not apply
26 to the Court for a Class Counsel Fees and Expenses Award in an amount exceeding eight
27 hundred thousand dollars and no cents ($800,000.00). In no event will the Class Counsel
28 Fees and Expenses Award be paid by Honda: (a) prior to the Effective Date, or (b) prior to

1  the date that the order awarding the Class Counsel Fees and Expenses Award becomes
2  Final.

3      2.      Class Counsel will apply to the Court to approve an Incentive Award for
4  Named Plaintiff Vince Eagen in an amount not to exceed one thousand dollars and no
5  cents ($1,000.00), and Honda agrees not to oppose such application, subject to the
6  approval of the Court. In no event will the Incentive Award be paid by Honda prior to the
7  Effective Date.

8      3.      The Parties agree that Honda will not in any event or circumstance be
9  required to pay a Class Counsel Fees and Expenses Award in an amount exceeding eight
10 hundred thousand dollars and no cents ($800,000.00) or be required to pay an Incentive
11 Award greater than one thousand dollars and no cents ($1,000.00), subject to the approval
12 of the Court.

13     4.      Any order or proceedings relating to the Application for Class Counsel Fees
14 and Expenses Award or Incentive Award, or any appeal from any order related thereto or
15 reversal or modification thereof, will not operate to terminate or cancel this Settlement
16 Agreement, or effect or delay the Effective Date of this Settlement Agreement as it relates
17 to benefits conferred to Settlement Class Members, provided that the Settlement
18 Agreement is otherwise in all respects Final.

19     5.      Class Counsel agree that upon payment by Honda of the Class Counsel Fees
20 and Expenses Award as specified by the Court, pursuant to wire transfer information
21 provided by Class Counsel, Honda's obligations to Class Counsel shall be fully satisfied
22 and discharged.

23     **D.      Release by Plaintiffs and Class Members**

24     1.      Upon the Effective Date, the Plaintiffs and each Settlement Class Member
25 shall be deemed to have, and by operation of the Final Order and Judgment shall have,
26 released, waived, and forever discharged the Releasees from all Released Claims.
27
28

2.     The Plaintiffs and Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

3.     Notwithstanding the foregoing Release, the following claims are not released: (a) claims for personal injuries (defined as any identifiable injury to a person's body according to objective medical criteria as adjudged by a licensed medical healthcare professional pursuant to an appropriate standard of care), or (b) claims of damage to property alleged to have been caused by Engine Misfire (except for claims of damage to any Settlement Class Vehicle itself, including without limitation, claims of diminution in the Settlement Class Vehicle's value, all and any of which are Released Claims).

## VI.   MISCELLANEOUS PROVISIONS

### A.     Effect of Exhibits

The exhibits to this Settlement Agreement are an integral part of the settlement and are expressly incorporated and made a part of this Settlement Agreement.

### B.     No Admission

Neither the fact of, nor any provision contained in this Settlement Agreement, nor any action taken hereunder, shall constitute, or be construed as, an admission of the validity of any Claim or any fact alleged in the Litigation or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Honda or any admissions by Honda of any Claim or allegation made in any action or proceeding against Honda or any of the Releasees. This Settlement Agreement shall not be offered or be admissible in evidence against Honda, the Plaintiffs, or the Settlement Class Members or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms or to enjoin or bar a competing action brought on the same grounds as the claims or cases dismissed pursuant to this Settlement Agreement.

1      **C.     Entire Agreement**

2           This Agreement represents the entire agreement and understanding among the
3    Parties and supersedes all prior proposals, negotiations, agreements, and understandings
4    relating to the subject matter of this Settlement Agreement. The Parties acknowledge,
5    stipulate, and agree that no covenant, obligation, condition, representation, warranty,
6    inducement, negotiation, or understanding concerning any part or all of the subject matter
7    of this Settlement Agreement has been made or relied on except as expressly set forth in
8    this Settlement Agreement. No modification or waiver of any provisions of this Settlement
9    Agreement shall in any event be effective unless the same shall be in writing and signed by
10   the person or party against whom enforcement of the Agreement is sought.

11     **D.     Arm's-Length Negotiations and Good Faith**

12          The Parties have negotiated all of the terms and conditions of this Settlement
13   Agreement at arm's length. All terms, conditions, and exhibits in their exact form are
14   material and necessary to this Settlement Agreement and have been relied upon by the
15   Parties in entering into this Settlement Agreement. The Parties agree to act in good faith
16   during the settlement administration process.

17     **E.     Continuing Jurisdiction**

18          The Parties agree that the Court may retain continuing and exclusive jurisdiction
19   over them, including all Settlement Class Members, for the purpose of the administration
20   and enforcement of this Settlement Agreement.

21     **F.     Binding Effect of Settlement Agreement**

22          This Settlement Agreement shall be binding upon and inure to the benefit of the
23   Parties and their representatives, heirs, successors, and assigns.

24     **G.     Governing Law**

25          The Settlement Agreement will be construed and enforced in accordance with, and
26   governed by, the substantive laws of California, without giving effect to that state's
27   choice-of-law principles. However, the Parties acknowledge that federal law (including
28   FED. R. CIV. P. 23 and federal case law) applies to consideration and approval of the

1  settlement, certification of the Settlement Class, and all related issues such as any petition
2  for Class Counsel Fees and Expenses Award.

3  **H.     Construction of Settlement Agreement Terms**

4          The determination of the terms of, and the drafting of, this Settlement Agreement
5  has been by mutual agreement after arm's length negotiation, with consideration by and
6  participation of all Parties and their counsel. Since this Settlement Agreement was drafted
7  with the participation of all Parties and their counsel, the presumption that ambiguities
8  shall be construed against the drafter does not apply. The Parties were represented by
9  competent and effective counsel throughout the course of settlement negotiations and in
10 the drafting and execution of this Settlement Agreement, and there was no disparity in
11 bargaining power among the Parties to this Settlement Agreement. None of the Parties
12 will be deemed the drafter of the Settlement Agreement for purposes of construing its
13 provisions. The language in all parts of the Settlement Agreement will be interpreted
14 according to its fair meaning, and will not be interpreted for or against any of the Parties as
15 the drafter.

16 **I.     Confidentiality Agreements**

17         All agreements made and orders entered during the Litigation relating to the
18 confidentiality of information will survive the Settlement Agreement.

19 **J.     Extensions of Time**

20         The Parties may agree upon a reasonable extension of time for deadlines and dates
21 reflected in this Settlement Agreement, without further notice (subject to Court approval as
22 to Court dates).

23 **K.     Authority to Execute Settlement Agreement**

24         Each counsel or other person executing this Settlement Agreement or any of its
25 exhibits on behalf of any Party hereto warrants that such person has the authority to do so.

26 **L.     Right to Rescind**

27         If one thousand (1,000) Settlement Class Members properly and timely exercise
28 their right to opt out of the settlement, Honda shall have the right to terminate this

1 Settlement Agreement without penalty or sanction, without prejudice to its position on the

2 issue of class certification and the amenability of the claims asserted in the Litigation to

3 class treatment, and the Parties shall be restored to their litigation position existing

4 immediately before the execution of this Settlement Agreement.

5       **M.     Public Statements**

6       The Parties will not make any public statement about the settlement, including any

7 representations by their counsel on their websites or otherwise except for noting the

8 caption of the case, the fact it was filed as a proposed class action and resolved and Class

9 Counsel appeared as counsel of record for their respective clients. Any other statements,

10 regardless of format or forum, must be agreed to in writing by the Parties prior to

11 publication.

12       **N.     Full and Final Agreement**

13       The Settlement Agreement constitutes the entire agreement among the Parties, and

14 no other representations, warranties or inducements have been made to any party

15 concerning the Settlement Agreement.

16       **O.     Counterparts**

17       This Settlement Agreement may be executed in one or more counterparts.

18       IN WITNESS HEREOF, the Parties hereby execute, and cause this Settlement

19 Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on

20 the lines below.

21

22 **NAMED PLAINTIFFS:**

23 Dated: ~~August~~ 9, 2013
        September

24                                          ALEX SOTO

25

26 Dated:  August __, 2013

                                            VINCENT EEAGEN

27

28

1  Settlement Agreement without penalty or sanction, without prejudice to its position on the
2  issue of class certification and the amenability of the claims asserted in the Litigation to
3  class treatment, and the Parties shall be restored to their litigation position existing
4  immediately before the execution of this Settlement Agreement.

5      **M.    Public Statements**

6      The Parties will not make any public statement about the settlement, including any
7  representations by their counsel on their websites or otherwise except for noting the
8  caption of the case, the fact it was filed as a proposed class action and resolved and Class
9  Counsel appeared as counsel of record for their respective clients. Any other statements,
10 regardless of format or forum, must be agreed to in writing by the Parties prior to
11 publication.

12     **N.    Full and Final Agreement**

13     The Settlement Agreement constitutes the entire agreement among the Parties, and
14 no other representations, warranties or inducements have been made to any party
15 concerning the Settlement Agreement.

16     **O.    Counterparts**

17     This Settlement Agreement may be executed in one or more counterparts.

18     IN WITNESS HEREOF, the Parties hereby execute, and cause this Settlement
19 Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on
20 the lines below.

21

22 NAMED PLAINTIFFS:

23 Dated: August __, 2013
                                            ALEX SOTO
24

25
26 Dated: August __, 2013
                                            VINCENT EBAGEN
27                                          Vincent Eagen
28

LA2317871.1
218800-10002                   24

1  ON BEHALF OF NAMED PLAINTIFFS
2  AND THE SETTLEMENT CLASS:

3  Dated: ~~August~~ 2, 2013

   September

5

6

7

8

9          September 6, 2013
   Dated: ~~August ___, 2013~~

10

11

12

13

14

15
   Dated: August__, 2013
16

17

18

19

20

21
   Dated: August__, 2013
22

23

24

25

26

27

28

Steven N. Berk, Admitted PHV
Email: steven@berklawdc.com
Matthew J. Bonness, CSB #229226
Email: matt@berklawdc.com
BERK LAW PLLC
2002 Massachusetts Ave., NW, Suite 100
Washington, DC 20036
Telephone:   (202) 232-7550
Facsimile:   (202) 232-7556

Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Kimberlee L. Gunning, Admitted PHV
Email: kgunning@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone:   (206) 816-6603
Facsimile:  (206) 350-3528

Michael F. Ram, CSB #104805
Email: mram@rocklawcal.com
RAM, OLSON, CEREGHINO
   & KOPCZYNSKI
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone:   (415) 433-4949
Facsimile:   (415) 433-7311

Lawrence Deutsch, Admitted PHV
Email: ldeutsch@bm.net
Shanon Carson, Admitted PHV
Email: scarson@bm.net
Eugene Tompkins, Admitted PHV
Email: gtompkins@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone:   (215) 875-3062
Facsimile:   (215) 875-4604

LA2317871.1
218800-10002

25

1 | ON BEHALF OF NAMED PLAINTIFFS
2 | AND THE SETTLEMENT CLASS:

3 | Dated: August __, 2013

Steven N. Berk, Admitted PHV
4 | Email: steven@berklawdc.com
Matthew J. Bonness, CSB #229226
5 | Email: matt@berklawdc.com
BERK LAW PLLC
6 | 2002 Massachusetts Ave., NW, Suite 100
Washington, DC 20036
7 | Telephone: (202) 232-7550
Facsimile: (202) 232-7556

8 |

9 | Dated: August __, 2013

Beth E. Terrell, CSB #178181
10 | Email: bterrell@tmdwlaw.com
Kimberlee L. Gunning, Admitted PHV
11 | Email: kgunning@tmdwlaw.com
936 North 34th Street, Suite 400
12 | Seattle, Washington 98103-8869
Telephone: (206) 816-6603
13 | Facsimile: (206) 350-3528

14 |

15 | Dated: ~~August~~ Sept. 6, 2013

_Michael F. Ram_
16 | Michael F. Ram, CSB #104805
Email: mram@rocklawcal.com
17 | RAM, OLSON, CEREGHINO
& KOPCZYNSKI
18 | 555 Montgomery Street, Suite 820
San Francisco, California 94111
19 | Telephone: (415) 433-4949
Facsimile: (415) 433-7311

20 |

21 | Dated: August__, 2013

Lawrence Deutsch, Admitted PHV
22 | Email: ldeutsch@bm.net
Shanon Carson, Admitted PHV
23 | Email: scarson@bm.net
Eugene Tompkins, Admitted PHV
24 | Email: gtompkins@bm.net
BERGER & MONTAGUE, P.C.
25 | 1622 Locust Street
Philadelphia, Pennsylvania 19103
26 | Telephone: (215) 875-3062
Facsimile: (215) 875-4604

27 |

28 |

1 | ON BEHALF OF NAMED PLAINTIFFS
2 | AND THE SETTLEMENT CLASS:

3 | Dated: August 2, 2013

4 | September

5 |

Steven N. Berk, Admitted PHV
Email: steven@berklawdc.com
Matthew J. Bonness, CSB #229226
Email: matt@berklawdc.com
BERK LAW PLLC
6 | 2002 Massachusetts Ave., NW, Suite 100
Washington, DC 20036
7 | Telephone: (202) 232-7550
Facsimile: (202) 232-7556

8 |

9 | Dated: August __, 2013

10 | Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
11 | Kimberlee L. Gunning, Admitted PHV
Email: kgunning@tmdwlaw.com
12 | 936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
13 | Telephone: (206) 816-6603
Facsimile: (206) 350-3528

14 |

15 | Dated: August__, 2013

16 | Michael F. Ram, CSB #104805
Email: mram@rocklawcal.com
17 | RAM, OLSON, CEREGHINO
& KOPCZYNSKI
18 | 555 Montgomery Street, Suite 820
San Francisco, California 94111
19 | Telephone: (415) 433-4949
Facsimile: (415) 433-7311

20 |

21 | Dated: August 8, 2013

22 | September

Lawrence Deutsch, Admitted PHV
Email: ldeutsch@bm.net
23 | Shanon Carson, Admitted PHV
Email: scarson@bm.net
24 | Eugene Tompkins, Admitted PHV
Email: gtompkins@bm.net
25 | BERGER & MONTAGUE, P.C.
1622 Locust Street
26 | Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3062
27 | Facsimile: (215) 875-4604

28 |

1

2 | AMERICAN HONDA MOTOR CO., INC.:

3

Dated: August 5, 2013

4 _____
Bruce T. Smith

5 Senior Vice President,
Parts, Service and Technical Division,

6 AMERICAN HONDA MOTOR CO., INC.

ON BEHALF OF

7 | AMERICAN HONDA MOTOR CO., INC.:

8

Dated: August 5, 2013

9 _____
Michael L. Mallow

10 LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200

11 Los Angeles, CA 90067-4120

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2317871.1
218800-10002

26

# EXHIBIT A

Soto, et al. v. American Honda Motor Co., Inc.
**Case No. 3:12-cv-1377-SI**

Name/Address Changes (if any):

Barcode #:
JOHN DOE
1334 STEPHEN COURT
ORANGE, CA 92867

| First Name | Last Name | |
|---|---|---|

Address

| City | State | Zip |
|---|---|---|

Please provide the information below for all claims so we may contact you if necessary or notify you of status:

Daytime Phone _____ Evening Phone _____

Cell Phone _____ e-mail (optional) _____

## Claim Form Instructions:

**Read over the Class Notice. Completely fill out this form and attach all the necessary documents and mail to the address listed. Your Claim Form must be postmarked no later than [      ]. Please note the following:**

1. Potentially eligible repairs require on-board diagnostic codes or diagnostic trouble ("DTC") codes: P0301, P0302, P0303, or P0304, which will likely appear on your repair invoice or other documentation. Please see the Notice or settlement website (enginemisfiresettlement.com) for additional information.

2. Potentially eligible repairs include, but are not limited to, spark plug replacement and certain engine repairs (including replacement of pistons and/or piston rings).

1. Did you incur any Out-Of-Pocket Expense for repairs due to Engine Misfire?
   ☐No        ☐Yes
   **If you answered "No" to question 1, you are not eligible to submit a claim.**
   If you answered "Yes", complete the following:

   Year _____ Model _____

   Vehicle Identification Number:

Repair Order Number _____ Date of Repair _____

Amount of Repair: $_____

Repair Order Number _____ Date of Repair _____

Amount of Repair: $_____

To make a claim you must submit a Claim Form. For additional information, call 1-888-888-3082 or visit the settlement website at: enginemisfiresettlement.com.

Return this claim form and the requisite documentation to:

Settlement Administrator
Soto Class Action Settlement
P.O. Box [        ]
Torrance, CA 90509

## PART TWO – REIMBURSEMENT FOR REPAIRS

**Include an original repair invoice or receipt (or other comparable documentation) PLUS**
**proof of payment for each eligible repair or replacement for which you claim reimbursement of Out-Of-Pocket expenses for Engine Misfire.**
Your documentation **must also include all items below**:

- The date the replacement was made and vehicle mileage at the time of replacement;
- The amount you paid for engine repairs; and
- Information that shows that the repair was performed to your Class Vehicle for Engine Misfire (such as the appearance of diagnostic trouble ("DTC") code P0301, P0302, P0303, or P0304).

**Keep a copy for your records. Documents will NOT be returned.**

## PART THREE – CERTIFICATION AND RELEASE OF CLAIM

**SIGN AND DATE THE CERTIFICATION BELOW.**

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing information is true and correct and the documentation I have provided in support of each of my claim(s) for reimbursement is authentic.

_____
Signature                              Date

Note: If you are submitting this Claim Form on behalf of another person who is a Settlement Class Member, please explain why you have the authority to do so and attach a copy of any Power of Attorney or other documents that you may have.

For assistance completing this form or for answers to your questions, please consult the Notice, contact the Settlement Administrator at 1-888-888-3082, or go to the settlement website at enginemisfiresettlement.com.

## PART FOUR – CHECKLIST

1. Filled out the Settlement Class Member Information.

2. Provided proof of claim(s), which at minimum must include a copy of the original repair invoice or receipt or invoice plus proof of payment.

3. Completed the Certification in Part **Three**.

4. Kept a copy of your completed Claim Form (plus documentation submitted) for your records.

5. Mailed your Claim Form so that it is postmarked on or before the Claim Form deadline.
   The Claim Form deadline will be no sooner than [        ], but may be later.
   The Effective Date, once known, will be posted on the settlement website at enginemisfiresettlement.com.

6. Mailed the Claim Form to:

   Settlement Administrator
   Soto Class Action Settlement
   P.O. Box [        ]
   Torrance, CA 90509

**Claim Forms will be processed and approved reimbursements will be mailed after the settlement has been approved by the Court and become in all respects Final.[1]  Please check the settlement website** enginemisfiresettlement.com **for updates.**

---

[1] Capitalized terms used herein have the same meaning ascribed to them in the Class Action Settlement Agreement and Release, which can be viewed on the settlement website at enginemisfiresettlement.com.

**EXHIBIT B**

1  UNITED STATES DISTRICT COURT

2  NORTHERN DISTRICT OF CALIFORNIA

3

4  ALEX SOTO and VINCE EAGEN, on
   behalf of themselves and all others
5  similarly situated,

6  Plaintiffs,

7  v.

8  AMERICAN HONDA MOTOR CO.,
   INC.,
9
   Defendant.
10

11

12

13

14

) Case No.: 3:12-cv-01377-SI
)
) Assigned to Hon. Susan Illston
)
) Courtroom: 10
)
) **ORDER GRANTING FINAL**
) **APPROVAL OF CLASS ACTION**
) **SETTLEMENT AND APPLICATION**
) **OF ATTORNEYS, COSTS, AND**
) **CLASS REPRESENTATIVE**
) **PAYMENTS, FINAL JUDGMENT**
) **AND ORDER OF DISMISSAL WITH**
) **PREJUDICE**
)
) CLASS ACTION
)
) Complaint Filed:  March 19, 2012
)
)
)

15  ## [PROPOSED] FINAL ORDER AND JUDGMENT

16  On September [20], 2013, the Court entered a Preliminary Approval Order that

17  preliminarily approved the Settlement Agreement in this Litigation and specified the

18  manner in which the Settlement Administrator, Defendant American Honda Motor Co.,

19  Inc. ("AHM"), was to provide notice to the Settlement Class. The Settlement Agreement,

20  which is incorporated herein by reference, sets forth the terms and conditions for a

21  settlement and dismissal with prejudice of the Litigation. Terms and phrases in this Final

22  Order and Judgment, unless otherwise defined herein, shall have the same meaning as

23  ascribed to them in the Settlement Agreement.

24  After entry of the Preliminary Approval Order directing dissemination of Notice in

25  accordance with the Notice plan set forth in the Settlement Agreement, the Settlement

26  Administrator caused the Notice to be mailed to Settlement Class Members via first class

27  U.S. Mail, postage prepaid. Settlement Class Members' mailing addresses were obtained

28  via a good faith search of Department of Motor Vehicle registration data for each State and

1 the District of Columbia, and procedures were put into place for updating addresses and
2 the handling of returned mail. In addition, a dedicated settlement website containing the
3 Settlement Agreement, the Notice, the Claim Form, and other relevant settlement and
4 Court documents was created, and a toll-free telephone number staffed with operators
5 during regular business hours was also put into place. Both remain operative.

6 Following the dissemination of the Notice and the posting of the Notice on the
7 settlement website, Settlement Class Members were given an opportunity to: (i) submit
8 timely requests for exclusion from the Settlement Class; or (ii) object to the Settlement
9 Agreement (including the Class Counsel Fees and Expenses Award and Named Plaintiff's
10 Incentive Award).

11 A Final Approval Hearing was held on _____, 2014 at 9:00 a.m. at which
12 time each person filing timely written objection to the settlement and a notice of his/her
13 intent to appear were given a full opportunity to state any objections to the settlement.

14 NOW THEREFORE, this matter having been brought before the Court on the
15 motion of Named Plaintiff Vince Eagen, through his attorneys, the Court having fully
16 considered the terms of the Settlement Agreement and all submissions made in connection
17 with it, finds that the Settlement Agreement and the settlement should be finally approved
18 as fair, reasonable and adequate and the Litigation dismissed with prejudice as to all
19 Settlement Class Members who have not excluded themselves from the Settlement Class,
20 and without prejudice as to all persons who timely and validly excluded themselves from
21 the Settlement Class as set forth on the list of Opt Outs, and further finds the Released
22 Claims are subject to the Release in accordance with FED. R. CIV. P. 54 and other
23 applicable laws.

24 The Court hereby makes the following findings of fact and conclusions of law:

25 1. The Court finds it has personal jurisdiction over the Named Plaintiff and all
26 members of the Settlement Class and has subject matter jurisdiction to approve the
27 settlement and Settlement Agreement and all Exhibits thereto.

28

2

ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

2.     The Court finds this order is being entered more than ninety (90) days after AHM provided notice of the proposed settlement to the Attorney General of the United States and the attorneys general of the States as required by 28 U.S.C. § 1715(b), complying fully with 28 U.S.C. § 1715(d).

3.     The Court finds that the manner of dissemination and content of the Notice as specified in detail in the Settlement Agreement:

   i. constituted the best notice practicable;

   ii. constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed settlement, of their right to appear at the Final Approval Hearing and of their right to seek monetary and other relief;

   iii. constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and

   iv. met all applicable requirements of Due Process and any other applicable law or requirement. Full and fair opportunity has been afforded to the members of the Settlement Class to be heard at and to participate in the Final Approval Hearing.

4.     According to its terms, the settlement provides cash reimbursements to Settlement Class Members for eligible Out-of-Pocket expenses relating to previous repairs for Engine Misfire, and provides an extension of the Powertrain Limited Warranty for Engine Misfire for a total period of eight years from date of original purchase or lease without mileage limitation. The Court therefore finds that the settlement set forth in the Settlement Agreement is fair, reasonable and adequate as to each of the Parties and as it applies to the Settlement Class, and in compliance with all requirements of Due Process and applicable law, as to and in the best interests of each of the Parties and members of the Settlement Class, and directs consummation of all of its terms and provisions, and any timely and valid objections thereto are hereby overruled.

3

5.     With respect to the Settlement Class, the Court finds and concludes, for
settlement purposes only, that: (i) the Settlement Class Members are so numerous as to
make joinder impracticable; (ii) there are questions of law and fact common to the
Settlement Class, and such questions predominate over any questions affecting only
individual Settlement Class Members; (iii) the Named Plaintiff's claims and the defenses
thereto are typical of the claims of Settlement Class Members and the defenses thereto; (iv)
the Named Plaintiff and his counsel can protect and have fairly and adequately protected
the interests of the Settlement Class Members in the Litigation; and (v) a class action is
superior to all other available methods for fairly and efficiently resolving the Litigation
and provides substantial benefits to the Settlement Class Members and the Court. The
Court therefore determines that this action satisfies the prerequisites for class certification
for settlement purposes pursuant to FED. R. CIV. P. 23.

6.     The Court further finds that the Settlement Agreement is supported by the
vast majority of the members of the Settlement Class. As of the last date by which
requests for exclusion were to be postmarked in accordance with the terms of the
Preliminary Approval Order, the Settlement Class Members who have opted out of the
Settlement Class and any objections submitted are relatively few when compared to the
total number of members of the Settlement Class. The terms of this Final Order and
Judgment and the Settlement Agreement do not apply to the Opt-Outs or to any other
persons the Parties agree in writing submitted timely and valid requests for exclusion,
unless such Opt-Outs or persons elect to claim the benefits set forth in the Settlement
Agreement, thereby choosing to rescind their requests for exclusion from the Settlement
Class.

7.     The Court finds that the Settlement Agreement and the settlement provided
for therein and any proceeding taken pursuant thereto are not and should not in any event
be offered or received as evidence of, a presumption, concession or an admission of
liability, a defect, or of any misrepresentation or omission in any statement or written
document approved or made by AHM or any Releasee of the suitability of these or similar

claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the settlement provided for therein in such proceedings as may be necessary to effectuate the settlement.

8. The Court finds that the Parties and the Settlement Administrator have fully complied with their respective obligations as set forth in the Preliminary Approval Order entered by this Court on September [20], 2013.

Based upon the foregoing findings of fact and conclusions of law, which are based upon and supported by the substantial evidence presented by the Parties hereto and members of the Settlement Class, all of which the Court has considered and is in the record before the Court,

IT IS HEREBY ORDERED as follows:

9. The preliminary certification of the Settlement Class in the Preliminary Approval Order is hereby confirmed and made final for purposes of the Settlement Agreement as approved by this Final Order and Judgment. Pursuant to FED. R. CIV. P. 23, the Court hereby certifies, for settlement purposes only, a Settlement Class defined as follows:

> All purchasers and lessees who reside in, and who purchased or leased their vehicles in the United States (other than for purposes of resale or distribution), of any: (a) Model-Year 2008, 2009, 2010, 2011, and 2012 Honda Accord vehicles equipped with a 6-cylinder engine with VCM-2; (b) Model-Year 2008, 2009, 2010, 2011, 2012, and2013 Honda Odyssey vehicles equipped with a 6-cylinder engine with VCM-2; (c) Model-Year 2009, 2010, 2011, 2012, and 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with VCM-2; (d) Model-Year 2010, and 2011 Honda Accord Crosstour vehicles equipped with a 6-cylinder engine with VCM-2, and (e) Model Year 2012 Crosstour vehicles equipped with a 6-cylinder engine with VCM-2.

10. Specifically excluded from the Settlement Class are the following persons: (a) AHM; (b) any affiliate, parent or subsidiary of AHM; (c) any entity in which AHM has a controlling interest; (d) any officer, director, or employee of AHM; (e) any successor or assign of AHM; (f) any Judge to whom the Litigation is assigned; (g) anyone who purchased a Settlement Class Vehicle for purposes of resale; (h) any owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the United States;

1 and (i) all persons who have timely elected to opt out of or exclude themselves from the
2 Settlement Class in accordance with this Court's Orders.

3     11.    The Settlement Class shall include all original purchasers and lessees as well
4 as subsequent purchasers and lessees who purchased or leased a Class Vehicle.

5     12.    The proposed method for providing relief to Settlement Class Members, as
6 set forth in the Settlement Agreement, is finally approved as fair, reasonable, adequate,
7 just, and in the best interests of the Settlement Class, and the Parties are hereby ordered to
8 provide and comply with the relief described in the Settlement Agreement in accordance
9 with its terms.

10     13.    For settlement purposes only, the Court confirms its appointment of AHM as
11 Settlement Administrator, and finds the Settlement Administrator has fully discharged its
12 duties as set forth in the Settlement Agreement.

13     14.    The Court confirms its appointment of Class Counsel, for settlement
14 purposes only, of: (1) Berk Law PLLC; (2) Terrell Marshall Daudt & Willie PLLC; (3)
15 Ram, Olson, Cereghino & Kopczynski; and (4) Berger & Montague, P.C., and finds Class
16 Counsel adequately represents the Settlement Class for purposes of entering into and
17 implementing the settlement and Settlement Agreement.

18     15.    The Court confirms its appointment of Named Plaintiff Vince Eagen, for
19 settlement purposes only, and finds Named Plaintiff adequately represents the Settlement
20 Class for purposes of entering into and implementing the settlement and Settlement
21 Agreement.

22     16.    The Court awards a Named Plaintiff's Incentive Award of $_____$
23 to Named Plaintiff Vince Eagen and a Class Counsel Fees and Expenses Award in the
24 amount of $_____$ to Class Counsel. These amounts shall be paid and
25 distributed in accordance with the provisions of the Settlement Agreement.

26     17.    The motion for final approval of all the terms set forth in the Settlement
27 Agreement is GRANTED, and the Court hereby overrules all objections, as either

28

1 untimely, not in accordance with the Court's previous order or on their merits, and directs
2 consummation of all of its terms and provisions.

3     18.    The Court approves the list of Opt-Outs attached hereto as Exhibit __ and
4 determines that Exhibit __ is a complete list of all Settlement Class Members who timely
5 have requested exclusion from the Settlement Class and, accordingly, shall neither share in
6 nor be bound by the Final Order and Judgment, subject to the terms of the Settlement
7 Agreement.

8     19.    The Court adjudges that the Named Plaintiff and Settlement Class Members
9 have conclusively compromised, settled, dismissed and released any and all Released
10 Claims against AHM and the Releasees.

11     20.    The Court declares that the Settlement Agreement and this Final Order and
12 Judgment to be binding on, and have *res judicata* and preclusive effect in all pending and
13 future lawsuits or other proceedings encompassed by the Release and the Released Claims
14 maintained by or on behalf of the Named Plaintiff and all other Settlement Class Members,
15 as well as their successors, assigns, past, present, and future parents, subsidiaries, joint
16 venturers, partnerships, related companies, affiliates, unincorporated entities, divisions,
17 groups, directors, officers, shareholders, employees, agents, representatives, servants,
18 partners, executors, administrators, assigns, predecessors, successors, descendants,
19 dependents, and heirs.

20     21.    By operation of this Final Order and the Judgment entered therewith,
21 effective as of the Effective Date, and in consideration of the Settlement Agreement and
22 the benefits extended to the Settlement Class, the Named Plaintiff, on behalf of himself
23 and the Settlement Class Members, and each Settlement Class Member, on behalf of
24 himself or herself or itself and his or her or its respective successors, assigns, past, present,
25 and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates,
26 unincorporated entities, divisions, groups, directors, officers, shareholders, employees,
27 agents, representatives, servants, partners, executors, administrators, assigns, predecessors,
28 successors, descendants, dependents, and heirs, do or by operation of this Final Order and

1  Judgment are deemed to have fully released and forever discharged the Releasees from the
2  Released Claims in accordance and consistent with the terms of the Settlement Agreement,
3  but not as to any obligations created or owed to them under the terms of the Settlement
4  Agreement.

5      22.    The Court dismisses on the merits and with prejudice the Second Amended
6  Complaint in this Litigation without fees or costs except as provided in the Settlement
7  Agreement. Upon the Effective Date, the Named Plaintiff and all members of the
8  Settlement Class who have not been excluded from the settlement, whether or not they
9  submit a Claim Form within the time and in the manner provided for, shall be barred from
10 asserting any Released Claim against AHM, and any such members of the Settlement
11 Class shall have released any and all Released Claims against the Releasees.

12     23.    Effective as of the date of this Order, to the fullest extent permitted by law,
13 the Court orders and enters a permanent injunction barring and enjoining the Settlement
14 Class Members from: (i) filing, commencing, prosecuting, intervening in or participating
15 (as class members or otherwise) in any other lawsuit or administrative, regulatory,
16 arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the
17 claims and causes of action or the facts and circumstances arbitration or other proceeding
18 in any jurisdiction based on, relating to or arising out of the claims and causes of action or
19 the facts and circumstances giving rise to the Litigation or the Released Claims; and (ii)
20 organizing Settlement Class Members who have not been excluded from the class into a
21 separate class for purposes of pursuing as a purported class action any lawsuit or
22 arbitration or other proceeding (including by seeking to amend a pending complaint to
23 include class allegations or seeking class certification in a pending action) based on,
24 relating to or arising out of the claims and causes of action or the facts and circumstances
25 giving rise to the Litigation and/or the Released Claims; the terms of the Release shall not
26 apply to the Opt-Outs listed on Exhibit __ hereto or to any other persons the Parties agree
27 in writing submitted timely and valid requests for exclusion and should also be listed as
28 Opt-Outs unless such persons elect to claim the benefits set forth in the Settlement

1  Agreement thereby choosing to rescind their requests for exclusion from the Settlement
2  Class.

3      24.    The Court hereby authorizes the Parties, without further approval from the
4  Court, to adopt such amendments, modifications and expansions of the Settlement
5  Agreement and all Exhibits hereto as: (i) shall be consistent in all material respects with
6  this Final Order and Judgment; and (ii) do not limit the rights of the Parties or Settlement
7  Class Members.

8      25.    If (i) the Effective Date does not occur for any reason whatsoever, or (ii) the
9  Settlement Agreement becomes null and void pursuant to the terms of the Settlement
10 Agreement, this Final Order and Judgment shall be deemed vacated and shall have no
11 force or effect whatsoever.

12     26.    Without affecting in any way the finality of the judgment entered under this
13 Final Order and Judgment, this Court reserves continuing and exclusive jurisdiction over
14 the Parties, including all Settlement Class Members, and the execution, consummation,
15 administration and enforcement of the terms of the Settlement Agreement.

16     27.    The Court finds that there is no reason for delay and directs the Clerk to
17 enter this Final Order and Judgment in accordance with the terms of this Final Order and
18 Judgment as of the date of this Order.

19

20     IT IS SO ORDERED.

21

22 Dated: _____        _____
23                                SUSAN ILLSTON
                                UNITED STATES DISTRICT JUDGE
24

25

26

27

28

LA2318805.1                        9          ORDER GRANTING FINAL APPROVAL OF CLASS
218800-10002                                                   ACTION SETTLEMENT

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**A federal court authorized this notice.**
*This is not a solicitation from a lawyer.*

**If you are a current or former owner or lessee of any of the following Honda vehicles** *equipped with a 6-cylinder* **("V6")** *engine with Variable Cylinder Management* **("VCM-2") you could receive benefits from a class action settlement concerning** *Engine Misfire,*[1] **including a limited warranty extension and reimbursement of Out-Of-Pocket Expenses for Engine Misfire-related repairs:**

- **2008-2012 Honda Accord;**
- **2008-2013 Honda Odyssey;**
- **2009-2013 Honda Pilot;**
- **2010-2011 Honda Accord Crosstour**
- **2012 Honda Crosstour**

*Your legal rights are affected whether you act or don't act. Read this notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **SUBMIT A CLAIM FORM** | **The only way to get reimbursement for Out-Of-Pocket Expenses.** If you <u>timely</u> submit a valid Claim Form (enclosed) with a repair invoice or receipt or similar documentation and proof of payment for a qualified repair, you can obtain full reimbursement of eligible repair expenses. |
| **ASK TO BE EXCLUDED** | **Receive no warranty extension and no reimbursement. Get out of this lawsuit, but keep your rights to sue.** If you ask to be excluded, you will not be eligible for benefits from this lawsuit, but will maintain your right to pursue a claim against Honda separately about the claims in this lawsuit. |
| **COMMENT OR OBJECT** | **Write the Court about why you like or don't like the settlement.** You may write the Court indicating why you like or dislike the settlement by sending the letter in care of the Settlement Administrator or hiring an attorney at your own expense to appear for you to file your objection with the Court. You must remain a member of the Settlement Class (*i.e.*, you cannot ask to be excluded) in order to object to the settlement. |
| **DO NOTHING** | **Receive the warranty extension, but get no reimbursement. Give up your rights to sue.** By doing nothing, you will benefit from the warranty extension, but exclude yourself from eligibility for reimbursement of Out-Of-Pocket Expenses. You will also give up any rights to sue Honda separately about the claims in this lawsuit. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

---

[1] Capitalized terms used herein have the same meaning ascribed to them in the Class Action Settlement Agreement and Release, which can be viewed on the settlement website at <u>enginemisfiresettlement.com</u>.

■ The Court in charge of this case still has to decide whether to approve the settlement. Claim Forms will be processed and approved, and payments will be issued **after** the settlement has been approved by the Court and become in all respects Final.

## CONTENTS

**Basic Information**
1. What is the purpose of this notice?
2. What is this lawsuit about?
3. What is a class action lawsuit and who is involved?
4. Why is there a settlement?

**Who Is In The Settlement?**
5. Am I part of this Class?
6. I'm still not sure if I am included.

**Settlement Benefits—What You Get**
7. What benefits are available and for whom?
8. How do I get reimbursed?
9. What if I don't mail my Claim Form & documentation by the deadline?
10. When do I get reimbursed?
11. What am I giving up in order to receive the benefits of the settlement?

**Excluding Yourself From The Settlement**
12. How do I get out of this settlement?
13. If I don't exclude myself, can I sue Honda later?
14. If I exclude myself can I get money from this Settlement?

**The Lawyers Representing You**
15. Do I have a lawyer in this case?
16. Should I get my own lawyer?
17. How will the lawyers be paid?

**Objecting To The Settlement**
18. How do I tell the Court that I like or do not like the settlement?
19. What is the difference between objecting and excluding?

**Final Approval Hearing**
20. When and where will the Court decide to approve the settlement?
21. Do I have to come to the Final Approval Hearing?
22. May I speak at the Final Approval Hearing?

**If You Do Nothing**
23. What happens if I do nothing at all?

**Additional Information**
24. Are there more details available?

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

If you are a current or former owner or lessee of one of the Honda vehicles listed below equipped with a 6-cylinder ("V6") engine with Variable Cylinder Management ("VCM-2") (each a "Settlement Class Vehicle") and purchased or leased your vehicle in the United States, then you are a Settlement Class Member in a proposed settlement of a federal class action lawsuit pending in the United States District Court for the Northern District of California, *Soto, et al. v. American Honda Motor Co., Inc.*, case no. 3:12-cv-1377-SI:

- 2008-2012 Honda Accord;
- 2008-2013 Honda Odyssey;
- 2009-2013 Honda Pilot; or
- 2010-2011 Honda Accord Crosstour
- 2012 Honda Crosstour

As a member of the proposed Settlement Class, you have a right to know about the Litigation and proposed settlement. The judge who is overseeing the case, the Honorable Susan Illston, authorized this Notice, which explains the Litigation, the proposed settlement, your legal rights, what benefits are available, who is eligible for them, and how to obtain them. You have various options that you may exercise before the Court decides whether to approve the proposed settlement. If the Court approves the settlement and the settlement becomes in all respects Final, then the Defendant, American Honda Motor Co., Inc. ("Honda") will provide certain benefits to the Settlement Class Members, including a limited warranty extension and reimbursement of Out-Of-Pocket Expenses for qualifying repairs to Settlement Class Members who submit timely and valid Claim Forms.

### 2. What is this lawsuit about?

This lawsuit is about Engine Misfire and its symptoms and causes in the Settlement Class Vehicles. **The Engine Misfire at issue generates one or more of the following vehicle diagnostic trouble ("DTC") codes: P0301, P0302, P0303, or P0304.**

The Plaintiff, Vince Eagen, alleges that the engines in some Settlement Class Vehicles suffer from Engine Misfire and related symptoms and conditions, including premature spark plug fouling. Plaintiff claims that Settlement Class Vehicles have a defect that Honda should have disclosed and/or remedied the defect and related conditions, at no charge, under warranty. Honda expressly denies the allegations in the Litigation, denies that it has engaged in any wrongdoing, and specifically denies the claims described above and asserted in the Litigation.

You can read all of Plaintiff's allegations in the Second Amended Class Action Complaint, available at **enginemisfiresettlement.com**.

### 3. What is a class action lawsuit and who is involved?

In a class action lawsuit, one or more persons, called "Named Plaintiffs" sue on behalf of other people who have similar claims ("Proposed Class"). The Named Plaintiff and the Proposed Class are collectively called the "Plaintiffs," and their attorneys are referred to as "Class Counsel." The company that has been sued (here, Honda) is called the "Defendant." In a class action lawsuit, all factual questions and legal issues are resolved for all Plaintiffs, except for those people who choose to exclude themselves from the Class. Judge Susan Illston is presiding over this class action.

### 4. Why is there a settlement?

Here, the Court has not decided in favor of Plaintiff or Defendant. Instead, both sides agreed

to a settlement on behalf of everyone in the proposed Settlement Class. That way, all parties avoid the cost of a trial, and Settlement Class Members will receive certain agreed-upon benefits which will be provided if the settlement is approved and becomes Final. The Class Representative and Class Counsel think this proposed settlement is in the Settlement Class Members' best interests.

## WHO IS IN THE SETTLEMENT?

| **5.** | **Am I part of this Class?** |
|---|---|

Judge Illston approved the following class for settlement purposes only:

> All purchasers and lessees who reside in, and who purchased or leased their vehicles in the United States (other than for purposes of resale or distribution), of any: (a) Model-Year 2008, 2009, 2010, 2011, and 2012 Honda Accord vehicles equipped with a 6-cylinder engine with VCM-2; (b) Model-Year 2008, 2009, 2010, 2011, 2012, and 2013 Honda Odyssey vehicles equipped with a 6-cylinder engine with VCM-2; (c) Model-Year 2009, 2010, 2011, 2012, and 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with VCM-2; (d) Model-Year 2010, and 2011 Honda Accord Crosstour vehicles equipped with a 6-cylinder engine with VCM-2; and (e) Model Year 2012 Crosstour vehicles equipped with a 6-cylinder engine with VCM-2.

| **6.** | **I'm still not sure if I am included.** |
|---|---|

If you are still not sure whether you are included, you can get free help at **enginemisfiresettlement.com,** or by writing to Class Counsel at the address listed in response to Question 19, below.

## SETTLEMENT BENEFITS – WHAT YOU GET

| **7.** | **What benefits are available and for whom?** |
|---|---|

- Beginning on the Notice Date, the Powertrain Limited Warranty that you received from Honda at the original point of sale or lease of your Class Vehicle is extended to cover Engine Misfire repairs (the "Warranty Extension"). Such repairs will be covered under the Warranty Extension if the vehicle is within eight (8) years of the original purchase or lease date of the car, without limitation as to mileage.

- The Warranty Extension is subject to the same terms and conditions as the original, written Powertrain Limited Warranty issued at the original point of sale or lease of each Settlement Class Vehicle, except that the Warranty is extended to cover Engine Misfire. **If you obtain coverage for Engine Misfire repairs pursuant to the Extended Warranty, you may not exclude yourself from this settlement.**

Additionally, each Settlement Class Member who does not exclude him- or herself from the settlement <u>and</u> who <u>timely</u> submits a valid Claim Form with a copy of an original repair invoice or receipt or similar documentation plus proof of payment(s) for repair(s) to or replacement(s) of parts on his or her Settlement Class Vehicle will receive full reimbursement of the payment(s) *if*:

- The repair invoice other documentation indicates that the repair(s) or replacement(s) were performed in connection with the Settlement Class Vehicle's generating the following Diagnostic trouble codes ("DTC") P0301, P0302, P0303, or P0304 (note: this information should be on the repair invoice you received from your dealer or mechanic);

- The Settlement Class Member previously has not been reimbursed for the repair (for instance, by Honda, a Honda dealer, or an insurance provider, etc.); and
- The Settlement Class Member follows each step listed in response to Question 8.

*Repair(s) or replacement(s) performed by mechanics other than Honda-authorized dealerships are eligible for reimbursement if they meet these conditions.*

| POTENTIALLY ELIGIBLE REPAIRS |
| --- |

Services commonly performed in attempts to remedy qualifying Engine Misfire may include repair or replacement of:

- spark plugs;
- valve stem seals; and
- engine pistons and/or pistons rings (a "ring job").

Services *less* commonly performed in attempts to remedy qualifying Engine Misfire include, but are not limited to, repair or replacement of:

- ignition coils;
- the engine long block;
- the engine short block; and
- the valve timing chain and/or valve timing tensioner.

However, Out-Of-Pocket Expenses for services(s) are eligible for reimbursement only if the repair invoice or other documentation indicates that they were performed in connection with a Settlement Class Vehicle's generating the following diagnostic trouble codes ("DTC"): P0301, P0302, P0303, or P0304.

## 8. How do I get reimbursed?

**To get receive reimbursement, you must to do 4 things:**

(1) On the Claim Form, **write the total amount you paid** for eligible repair(s) to or replacement(s) of part(s) on your Settlement Class Vehicle;

(2) **Enclose a copy of a repair invoice or receipt** (or other documentation) **for each** eligible repair or replacement for which you seek reimbursement of Out-Of-Pocket Expenses **plus proof of payment**. The repair invoice, or other documentation MUST indicate the date of service and indicate that the repair or replacement was performed in connection with your Settlement Class Vehicle's generating the following diagnostic trouble codes ("DTC"): P0301, P0302, P0303, or P0304;

(3) **Sign and date** your Claim Form; and

(4) **Mail the Claim Form to the address indicated by the deadline. Your Claim Form(s) must be postmarked by [INSERT DATE].**

The Claim Form is enclosed with this Notice, and you can obtain additional copies to print at **www.enginemisfiresettlement.com**.

## 9. What if I don't mail my Claim Form & documentation by the deadline?

If you fail to mail the Claim Form and supporting documents by the required deadline, your Claim will be denied as untimely. Submitting a Claim Form late or without documentation will be the same as doing nothing (*see* Question 25).

| 10. When do I get reimbursed? |
| --- |

The Court will hold a hearing (the "Final Approval Hearing") on **[INSERT DATE]** at **[INSERT TIME]** at **[INSERT LOCATION]** to decide whether the settlement is fair, reasonable, and adequate. Even if the Court approves the settlement, there might be appeals that delay the conclusion of case and prevent it from becoming Final. It is always uncertain whether such appeals can be resolved, and resolving them can take months or even years. For that reason, at this time there is no way to determine if and when reimbursement payments will be issued. Information about the progress of the case will be available on the settlement website: **enginemisfiresettlement.com**.

If the Settlement Administrator determines your claim should not be paid or should be paid only in part, you will be mailed a letter telling you the amount you are to receive, if any, and explaining how you can appeal the decision, if you wish to do so.

| 11. What am I giving up in order to receive the benefits of the settlement? |
| --- |

Unless you exclude yourself, you will remain a member of the Settlement Class. That means that you will not be able to sue, continue to sue, or be a part of any other lawsuit against Honda about the same legal issues in this case. It also means that all of the Court's orders in this case will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue, or continue to sue Honda, on your own, about the legal issues in this case, then you must take steps to exclude yourself from the Settlement Class and the settlement. This is sometimes referred to as "opting out."

| **12. How do I get out of this settlement?** |
| --- |

To exclude yourself from the settlement, you must send a letter ("Exclusion Request") by U.S. mail (or an express mail carrier) saying that you want to be excluded from *Soto, et al. v. American Honda Motor Co., Inc.*, Case No. 3:12-cv-1377-SI and including your:

- full name;
- mailing address;
- telephone number;
- approximate purchase / lease date
- model year(s) of your Class Vehicle(s);
- vehicle identification number(s) ("VIN") of your Class Vehicle(s); and
- a clear statement communicating that you want to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and want to be excluded from any judgment entered pursuant to the settlement
- signature.

You cannot exclude yourself from the class action on the phone or by e-mail. You must mail your Exclusion Request to the following, postmarked no later than [INSERT DATE]:

**Settlement Administrator**
**Soto Class Action Settlement**
**P.O. Box [INSERT]**
**Torrance, CA 90509**

If you submit a valid Exclusion Request, you will not receive any benefits of the settlement and you cannot object to the settlement. You will not be legally bound by anything that happens in this proposed settlement.

| **13. If I don't exclude myself, can I sue Honda later?** |
| --- |

No. If you do not timely submit a valid Exclusion Request, you will remain a part of the Settlement Class and you will not be able to sue Honda for the same legal claims that are Released Claims.

| **14. If I exclude myself can I get money from this Settlement?** |
| --- |

No. If you submit a valid Exclusion Request, you will not receive any benefits of the settlement and you cannot object to the settlement. If you exclude yourself, you should not submit a Claim Form seeking reimbursement. You cannot both exclude yourself and seek any benefits of the settlement. If you receive benefits under the settlement, including repairs pursuant to the Warranty Extension, you cannot exclude yourself from the settlement.

## THE LAWYERS REPRESENTING YOU

| **15. Do I have a lawyer in this case?** |
|---|

The Court has decided that the following law firms are qualified to represent you and all Settlement Class Members for purposes of this proposed settlement:

- Berk Law PLLC, of Washington, D.C.;
- Terrell Marshall Daudt & Willie PLLC, of Seattle, Washington;
- Ram, Olson, Cereghino, & Kopczynski LPP, of San Francisco, California; and
- Berger & Montague, P.C., of Philadelphia, Pennsylvania

Together these law firms are called "Class Counsel." They are experienced in handling similar cases against other automotive manufacturers. More information about these law firms, their practices, and their lawyers' experience is available at www.berklawdc.com, www.tmdwlaw.com, www.ramolson.com, and www.bergermontague.com.

| **16. Should I get my own lawyer?** |
|---|

You do not need to hire your own lawyer because Class Counsel is working on your behalf. However, if you want to hire your own lawyer, you may do so at your own expense.

| **17. How will the lawyers be paid?** |
|---|

Class Counsel has not received any fees or reimbursement for any of their expenses associated with this case, but they will ask the Court for a Class Counsel Fees and Expenses Award if the Court approves the settlement. Any fees or expenses that Class Counsel request must be approved by the Court. If the Court approves the settlement, Class Counsel have agreed to request a Class Counsel Fees and Expenses Award totaling no more than $800,000, and Honda has agreed not to oppose such request. **The Class Counsel Fees and Expenses Award will not reduce any of the benefits you may receive under the proposed settlement.**

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do or do not agree with the settlement or some part of it.

| **18. How do I tell the Court that I like or do not like the settlement?** |
| --- |

If you remain a Settlement Class Member (that is, if you do not exclude yourself, or opt-out, from the settlement), then you can tell the Court that you like the settlement and it should be approved, or you object to all or part of the settlement. The Court will consider all comments from Settlement Class Members.

To comment or object you must send a letter the Settlement Administrator, to Class Counsel, or Honda's Counsel at the addresses indicated below, saying that you are commenting on the settlement in *Soto, et al. v. American Honda Motor Co., Inc.*, case no. 3:12-cv-1377-SI, and including your:

- full name;
- mailing address;
- telephone number;
- approximate date of purchase or lease
- model year(s) of your Class Vehicle(s)
- vehicle identification number(s) ("VIN") of your Class Vehicle(s);
- statement that you have reviewed the Settlement Class definition and understand that you are a Settlement Class Member
- explanation of your factual and legal grounds for objecting;
- copies of any documents supporting your objection; and
- signature.

If you are represented by legal counsel, you must also file your comment or objection to the settlement electronically with the Court.

Any Settlement Class Member objecting to the settlement (each an "Objector") must also provide a detailed list of all objections to any other class action settlements submitted by him or her, or his or her legal counsel, to any court in connection with a class action settlement in the previous five (5) years. If the Objector or his or her counsel has *not* objected to any other class action settlement in any court in the United States in the previous five (5) years, he or she must affirmatively state as much in their submission to the Court.

The filing of an objection allows Class Counsel or Honda's Counsel to take the Objector's deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an Objector to make himself or herself available for a deposition or otherwise comply with expedited discovery requests may result in the Court striking the Objector's objection and otherwise denying the Objector the opportunity to make an objection or be further heard. The Court may tax the costs of any such discovery to the Objector or the Objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

If you intend to appear at the Final Approval Hearing through counsel, your comment or objection must also state the identity of all attorneys representing you who will appear at the Final Approval Hearing. To appeal from any provision of any order approving the settlement as fair, reasonable, and adequate, the award of incentive payments, or to the award of Class Counsel Fees and Expenses Award, you must appear in person, or through your counsel, at the Final Approval Hearing, or seek leave of Court excusing such appearance prior to the Final

**Questions? Visit <u>enginemisfiresettlement.com</u> or call free 1-888-888-3082.**

LA2318616.2
218800-10002
9

Approval Hearing, or as otherwise may be permitted by the Court at the Final Approval Hearing.

You must mail your comment or objection to the Settlement Administrator, Class Counsel or Honda's Counsel at the following addresses, and they must *receive* your comment or objection no later than **[INSERT DATE]**:

| Settlement Administrator | Class Counsel | Defense Counsel |
|---|---|---|
| Settlement Administrator | **BERK LAW PLLC** | **LOEB & LOEB LLP** |
| Soto Class Action | c/o Steven N. Berk | c/o Michael L. Mallow |
| Settlement | "Honda Misfire Case" | "Honda Misfire Case" |
| P.O. Box [_____] | 2002 Massachusetts Ave, | 10100 Santa Monica |
| Torrance, CA 90509 | NW | Blvd., Suite 2200 |
|  | Suite 100 | Los Angeles, CA 90067 |
|  | Washington, DC 20036 |  |

## 19. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to finally approve the settlement. You may attend and you may ask to speak, but you do not have to attend or speak.

| **20. When and where will the Court decide to approve the settlement?** |
| --- |

The Court will hold a hearing (the "Final Approval Hearing") on **[INSERT DATE]** at **[INSERT TIME]** at **[INSERT LOCATION]** to decide whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Illston may listen to people who have asked to speak at the hearing. The Court might also decide how much Class Counsel should be paid for representing the Class. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court to make its decision.

| **21. Do I have to come to the Final Approval Hearing?** |
| --- |

No, but you are welcome to come at your own expense if you do not exclude yourself from the settlement. Class Counsel will answer questions Judge Illston might have. If you send a comment or objection, you do not have to come to the Final Approval Hearing to talk about it. As long as you sent your comment or objection such that it was received on time, the Court will consider it. If you decide to hire your own attorney, he or she may also attend the Final Approval Hearing, but it is not necessary.

| **22. May I speak at the Final Approval Hearing?** |
| --- |

If you do not exclude yourself, you may ask the Court's permission to speak at the Final Approval Hearing concerning the proposed settlement or Class Counsel's request for attorneys' fees and expenses. To do so, you must send a letter to the Court, and provide a copy to Class Counsel and Honda's Counsel, indicating that you intend to appear at the Final Approval Hearing in *Soto, et al. v. American Honda Motor Co., Inc.*, Case No. 3:12-cv-1377-SI. The letter must state the position you intend to present at the hearing, state the identities of all attorneys, if any, who will represent you, and must include your full name, current address, telephone number, model year and VIN of your Class Vehicle(s), and your signature. You must send your notice to the Clerk of the Court, Class Counsel, and Honda's Counsel at the three addresses listed under Question 18 above, such that it is received no later than **[INSERT DATE]**. You may combine this notice and your comment or objection (described under Question 20) in a single letter. You cannot speak at the Final Approval Hearing if you exclude yourself from the proposed settlement.

## IF YOU DO NOTHING

### 23. What happens if I do nothing at all?

If you do nothing, you will remain a member of the Settlement Class and benefit from the limited Powertrain Warranty Extension described under Question 7 above, but you will receive no reimbursement of Out-Of-Pocket Expenses for eligible repairs or replacements. Furthermore, you will not be permitted to appear and speak at the Final Approval Hearing.

## ADDITIONAL INFORMATION

### 24. Are there more details available?

You can obtain more information by visiting the website **www.enginemisfiresettlement.com**, where you can find extra Claim Forms, information about the history of this litigation and the status of the settlement, and documents such as the Second Amended Class Action Complaint filed by the Plaintiff.

You may also call Class Counsel at [**INSERT PHONE NUMBER**] or write them at:

**BERK LAW PLLC**
c/o Steven Berk
"Honda Misfire Case"
2002 Massachusetts Ave NW
Suite 100
Washington, DC 20036

**EXHIBIT D**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX SOTO and VINCE EAGEN, on behalf of themselves and all others similarly situated, | Case No.: 3:12-cv-01377-SI |
| | Assigned to Hon. Susan Illston |
| Plaintiffs, | Courtroom: 10 |
| v. | **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | CLASS ACTION |
| | Complaint Filed:   March 19, 2012 |

The parties to the above-captioned litigation (the "Litigation") have entered into a Class Action Settlement Agreement and Release, dated September 9, 2013, together with exhibits (collectively, the "Settlement Agreement"), that sets forth the terms and conditions for a proposed settlement, which if approved by the Court, would fully and finally resolve this proposed class action. The Settlement Agreement was submitted to this Court on September __, 2013 (Dkt.#__). Unless otherwise defined herein, terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, which is incorporated herein by reference.

Plaintiffs have filed a motion for preliminary approval of the Settlement Agreement and for an order directing dissemination of class notice, which Defendant American Honda Motor Co., Inc., ("Honda") does not oppose. The motion came for hearing on September 20, 2013, at 9:00 a.m. before the undersigned. The Court has read and considered the Settlement Agreement including the Notice and Claim Form, has considered the submissions in support of the preliminary approval motion and the pleadings and other papers on file in this action, and has heard the statements and presentations of counsel at the hearing on this motion, and finds there is sufficient basis

for: (i) granting preliminary approval of the Settlement Agreement; (ii) preliminarily

certifying a class for settlement purposes; (iii) appointing Named Plaintiff Vince Eagan as

"Settlement Class Representative" and his counsel as Class Counsel; (iv) directing that

Notice be disseminated to the Settlement Class Members; and (v) setting a Final Approval

Hearing at which the Court will consider whether to grant final approval of the proposed

settlement and Settlement Agreement.

The Court now GRANTS the motion for preliminary approval and makes the

following findings and orders:

1.    The Court preliminarily certifies, for settlement purposes only, the following

Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All purchasers and lessees who reside in, and who purchased or
> leased their vehicles in the United States (other than for purposes of
> resale or distribution), of any: (a) Model-Year 2008, 2009, 2010,
> 2011, and 2012 Honda Accord vehicles equipped with a 6-cylinder
> engine with VCM-2; (b) Model-Year 2008, 2009, 2010, 2011, 2012,
> and 2013 Honda Odyssey vehicles equipped with a 6-cylinder
> engine with VCM-2; (c) Model-Year 2009, 2010, 2011, 2012, and
> 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with
> VCM-2; (d) Model-Year 2010 and 2011 Honda Accord Crosstour
> vehicles equipped with a 6-cylinder engine with VCM-2; and
> (e) Model Year 2012 Crosstour vehicles equipped with a 6-cylinder
> engine with VCM-2.

Excluded from the stipulated Settlement Class are: (1) Honda; (2) any affiliate, parent, or

subsidiary of Honda; (3) any entity in which Honda has a controlling interest; (4) any

officer, director, or employee of Honda; (5) any successor or assign of Honda; (6) any

Judge to whom the Litigation is assigned; (7) anyone who purchased a Settlement Class

Vehicle for the purpose of resale; and (8) any owners or lessees of Settlement Class

Vehicles that were not distributed for sale or lease in the United States.

2.    The preliminary certification of the Settlement Class and the Litigation as a

class action is for settlement purposes only and shall be terminated and without further

force or effect and without prejudice to either party in connection with any future

proceedings in the Litigation, including any future motion with respect to class

certification, if: (i) the Court fails to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified; or (ii) the Final Approval Order and Judgment is not entered by the Court or is reversed or modified on appeal or otherwise fails for any reason.

3.     For settlement purposes only, the Court appoints Mr. Vince Eagen as Settlement Class Representative and his counsel, Berk Law PLLC; Terrell Marshall Daudt & Willie PLLC; Ram, Olson, Cereghino & Kopczynski; and Berger & Montague, P.C. as Class Counsel pursuant to Rule 23(g)(1).

4.     The Court preliminarily approves the settlement and Settlement Agreement as sufficiently fair, reasonable, and adequate to warrant dissemination of Notice of the proposed settlement to the Settlement Class, the posting of the Notice on the Website, and the scheduling of a formal Final Approval Hearing.

5.     The Court further finds that the Settlement Agreement contains no obvious deficiencies and that the parties entered into the settlement in good faith, following arm's length negotiation between their respective counsel.

6.     Solely for the purpose of implementing this Settlement Agreement and effectuating the settlement, the Parties stipulate that Honda shall be appointed as Settlement Administrator.

7.     The Settlement Administrator will administer this settlement in accordance with the Settlement Agreement and the Notice Plan therein, and this Order, and Honda will bear all costs and expenses related to the administration of this settlement.

8.     The Settlement Administrator shall be responsible for providing notice to the Settlement Class in accordance with the Notice Plan set forth in the Settlement Agreement and this Order, and shall assist with various administrative tasks, including, without limitation: (i) mailing or arranging for the mailing by first-class mail, postage prepaid of the Notice and Claim Form from the information compiled from the Class List to each Settlement Class Member on the Class List; (ii) the creation and maintenance of the Website; (iii) developing processes and procedures for handling returned mail and

deficient Claim Forms; (iv) providing to Class Counsel and Honda's Counsel within ten (10) business days of receipt copies of notices of intention to appear and requests for exclusion from the Settlement Class; (v) preparing a list of the Settlement Class Members requesting exclusion and submitting a declaration to the Court before the Final Approval Hearing attesting to the accuracy of that list; (vi) providing true and correct copies of all objections to the settlement submitted to the Settlement Administrator by Settlement Class Members who are not represented by counsel and submitting a declaration to the Court attesting to the copies of all such objections have been provided; (vii) maintaining a P.O. Box to which Settlement Class Members can send requests for exclusion, objections, Claim Forms and other correspondence; and, (viii) processing Claim Forms submitted.

9.     The Court hereby approves the form of the Notice, without material alteration from Exhibit C annexed to the Settlement Agreement, and the procedure for disseminating Notice to the proposed Settlement Class as set forth in the Notice Plan. The Court finds that the Notice and Notice posted on the Website inform the Settlement Class Members of the material terms of the Settlement Agreement and their rights and responsibilities in connection with the settlement, and further finds that the Notice and Notice posted on the Website: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation and of their right to object or to exclude themselves from the proposed settlement; (iii) is reasonable, and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of Due Process and applicable law.

10.     Pursuant to Rule 23(c)(2)(B) and Rule 23(e), the Court orders that the Settlement Administrator mail the Notice via postage prepaid first class U.S. mail to the persons on the Class List, and that such mailing be completed no later than 90 days from the date of entry of this Order. The Notice shall be accompanied by a Claim Form that does not materially differ from the form annexed as Exhibit A to the Settlement Agreement.

1      11.    The Court further orders the posting of the Notice and Claim Form on the Website as promptly as practicable subsequent to the date of entry of this Order. The Court further orders the Settlement Administrator to file with the Court proof of mailing of the Notice and publication of both the Notice and Claim Form on the Website at or before the Final Approval Hearing.

12.    The Court orders each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or the proposed settlement or to the Class Counsel Fees and Expenses Award to: (i) file with the Court (if represented by counsel) or, if not, mail to the Settlement Administrator and serve upon Class Counsel and Honda's Counsel at the addresses listed on the Notice, (ii) postmarked no later than forty-five (45) days after the Notice Date, (iii) a statement of the objection signed by the Settlement Class Member and containing all of the following information:

          (a)    the objector's full name, current address and telephone number;

          (b)    identify the date of acquisition and Vehicle Identification Number for his, her or its Settlement Class Vehicle;

          (c)    state that the objector has reviewed the Settlement Class definition and understands that he, she or it is a Settlement Class Member;

          (d)    provide a written statement of all grounds for the objection accompanied by any legal support for such objections;

          (e)    copies of any papers, briefs or other documents upon which the objection is based; and

          (f)    a statement of whether the objector intends to appear at the Final Approval Hearing.

13.    In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector and/or by the objector's counsel, to any class action settlements submitted in any state or federal court in the United States in the previous five (5) years. If the Settlement Class Member or his, her or its

LA2319383.1
218800-10002

5

1  counsel has not objected to any other class action settlement in the previous five years, he,
2  she or it shall affirmatively so state in the objection.

3  14.    No later than fourteen (14) days after the deadline for submission of
4  objections, the Settlement Administrator will submit to the Court all objections received by
5  Settlement Class Members who are not represented by counsel.

6  15.    Any Settlement Class Member who does not provide a notice of intention to
7  appear in accordance with the deadlines and other specifications set forth in the Notice, or
8  who has not filed an objection in accordance with the deadlines and other specifications set
9  forth in the Settlement Agreement and the Notice (as applicable), will be deemed to have
10 waived any objections to the settlement, and shall be foreclosed from seeking any
11 adjudication or review of the settlement by appeal or otherwise, subject to the discretion of
12 the Court.

13 16.    The submission of an objection shall allow Class Counsel or Honda's
14 Counsel to take the deposition of the objecting Settlement Class Member pursuant to the
15 Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any
16 evidence relevant to the objection. Failure by an objector to make himself or herself
17 available for a deposition or comply with expedited discovery requests may result in the
18 Court striking the objection. The Court may tax the costs of any such discovery to the
19 objector or the objector's counsel if the Court determines that the objection is frivolous or
20 is made for an improper purpose.

21 17.    Settlement Class Members may exclude themselves from the settlement (*i.e.*,
22 "Opt-Out"), relinquishing their rights to any benefits under the Settlement Agreement. A
23 Settlement Class Member wishing to exclude himself, herself or itself must send the
24 Settlement Administrator a letter postmarked no later than forty-five (45) days after the
25 Notice Date, containing: (i) the Settlement Class Member's name, current address, and
26 telephone number; (ii) the approximate date of acquisition and VIN for his, her or its
27 Settlement Class Vehicle; and (iii) a clear statement communicating that he, she or it elects
28 to be excluded from the Settlement Class, does not wish to be a Settlement Class Member

1  and elects to be excluded from any judgment entered pursuant to the settlement.

2       18.    Any request for exclusion must be postmarked on or before the deadline
3  provided in the Notice. Any member of the Settlement Class who does not submit a
4  timely, written Opt-Out from the Settlement Class in accordance with the requirements set
5  forth in the Notice will be bound by all proceedings, orders, and judgments in the
6  Litigation, even if such member of the Settlement Class has previously initiated or
7  subsequently initiates individual litigation or other proceedings encompassed by the
8  Release and the Released Claims, as defined in the Settlement Agreement.

9       19.    Not later than fourteen (14) days after the deadline for submission of
10 requests for exclusion, the Settlement Administrator shall provide the Court, Class Counsel
11 and Honda's Counsel a list identifying each Settlement Class Member who submitted an
12 exclusion request together with copies of the exclusion requests together with a declaration
13 attesting to the completeness and accuracy thereof.

14      20.    The Court hereby enjoins Settlement Class Members (and anyone who
15 purports to act on the behalf of any Settlement Class Member) unless and until they have
16 timely excluded themselves from the Settlement Class as set forth in the Notice: (i) from
17 filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or
18 class member in any other lawsuit or administrative, regulatory, arbitration or other
19 proceeding in any jurisdiction based on, relating to or arising out of the claims and causes
20 of action or the facts and circumstances giving rise to the Litigation and/or the Released
21 Claims; (ii) from filing, commencing or prosecuting a lawsuit or administrative,
22 regulatory, arbitration or other proceeding as a class action on behalf of any Settlement
23 Class Members who have not timely excluded themselves (including by seeking to amend
24 a pending complaint to include class allegations or seeking class certification in a pending
25 action), based on, relating to or arising out of the claims and causes of action or the facts
26 and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) from
27 attempting to effect an opt-out of a class of individuals in any lawsuit or administrative,
28 regulatory, arbitration or other proceeding based on, relating to or arising out of the claims

1 and causes of action or the facts and circumstances giving rise to the Litigation and/or the
2 Released Claims.

3      21.     The Court hereby directs the Settlement Administrator to establish a post
4 office box in the name of the Settlement Administrator to be used for receiving requests
5 for exclusion, objections, notices of intention to appear and any other communications.

6      22.     The Court hereby approves the Claim Form, which is annexed as Exhibit A
7 to the Settlement Agreement.

8      23.     Based on the Declaration submitted by _____ on
9 _____, 2013 (Dkt.#\_\_), the Court finds that Honda filed proof of timely mailing
10 of notices required pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.
11 § 1715(b). The Court therefore finds that Honda fully complied with the requirements of
12 28 U.S.C. § 1715(b) and served notice of the proposed settlement upon the appropriate
13 federal official and appropriate State official of each State in which a Settlement Class
14 Member resides the information required to be provided pursuant to that statute Honda
15 shall file any additional documents required by the statute (as applicable), evidencing
16 continued compliance with CAFA in advance of the Final Approval Hearing.

17      24.     The parties shall file any memoranda or other materials in support of final
18 approval of the Settlement Agreement and motion for entry of Final Approval Order and
19 Judgment, including response to any timely and properly filed objection to the Settlement
20 Agreement, no later than ten (10) days prior to the Final Approval Hearing. Such
21 materials shall be served on Class Counsel, Honda's Counsel, and on any Settlement Class
22 Member (or his, her or its counsel, if represented) to whose objection to the Settlement
23 Agreement the memoranda or other materials respond.

24      25.     Class Counsel may apply to the Court for Class Counsel Fees and Expenses
25 Award at the same time that it files its motion in support of the Final Approval Order and
26 Judgment. Class Counsel agree not to seek from the Court or to accept a Class Counsel
27 Fees and Expenses Award in excess of eight hundred thousand dollars and no cents
28 ($800,000.00), and Honda agrees not to contest an award of that sum.

26.     Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure and in accordance with 28 U.S.C. § 1715(d), the Court sets March 21, 2014, at 9:00 a.m., as the date and time of the Fairness Hearing, at which the Court will determine: (i) whether the proposed settlement is fair, reasonable and adequate and should finally be approved by the Court; (ii) whether to issue a Final Approval Order and Judgment without material alteration from Exhibit B to the Settlement Agreement; and (iii) whether to approve any application for a Class Counsel Fees and Expenses Award, and/or an Incentive Award. The Final Approval Hearing shall be held at the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 10 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

27.     The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by the Class Counsel and Honda's Counsel without further notice.

28.     Pending final determination of the application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

IT IS SO ORDERED.

Dated:   September __, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

LA2319383.1
218800-10002

9

[PROPOSED] ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT

**EXHIBIT E**



**MICHAEL L. MALLOW**
Partner and Chair, Consumer
Protection Defense

10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067

**Direct** 310.282.2287
**Main** 310.282.2000
**Fax** 310.919.3883
mmallow@loeb.com

Via Overnight Delivery

September 10, 2013

The Attorneys General of the United States and
the District of Columbia

Re: Notice of Proposed Class Action Settlement in *Soto, et al. v. American Honda Motor Co.,
Inc.*; Case No. 3:12-cv-1377-SI (N.D. Cal. filed March 19, 2012)

Dear Sir or Madam:

We write to serve upon you notice pursuant to 28 U.S.C. § 1715 of the Class Action
Fairness Act of 2005 ("CAFA") of a proposed class action settlement in the above-referenced
matter, with approval pending in the U.S. District Court for the Northern District of California,
San Francisco Division (the "Litigation").

In conjunction with this CAFA notice, please find copies of the following documents[1] on
the enclosed CD:

1.  The Complaint, First Amended Complaint, and proposed Second Amended
    Class Action Complaint in the Litigation (anticipated to be filed with the court on
    or before September __, 2013);

2.  The notice of the scheduled judicial hearing on preliminary approval (currently set
    for September 20, 2013 at 9:00 a.m.);

3.  Proposed notification to class members of: (a) the members' rights to request
    exclusion from the class action; and (b) the proposed settlement;

4.  Proposed settlement agreement; and

5.  A reasonable estimate of the number of class members who reside in each state
    and the estimated proportionate share of the claims of such members to the
    entire settlement, pursuant to 28 U.S.C. § 1715(b)(7)(B), because it is not
    feasible at this time to provide the names of class members who reside in each
    state.

We hereby advise you that no other agreements of any kind were made
contemporaneously between class counsel and counsel for American Honda Motor Co., Inc.

---

[1]     Please note that copies of items 1-4, and all filings in the Litigation, may be obtained through the
U.S. District Court for the Northern District of California's CM/ECM electronic case filing system, which
can be accessed at the website: http://www.cand.uscourts.gov/cm-ecf.

Los Angeles  New York  Chicago  Nashville  Washington, DC  Beijing  Hong Kong  www.loeb.com

A limited liability partnership including professional corporations



The Attorneys General of the United States
and the District of Columbia
September 10, 2013
Page 2

Moreover, we are at the preliminary approval stage and, therefore, at this point do not have a final judgment or any written judicial opinions relating to the matters detailed in this notice. We will, however, supplement our submission to you in a timely fashion as required and as additional, relevant materials become available.

In the meantime, if you have questions about this notice, the Litigation, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact the undersigned, or my colleague Michael Shortnacy at (310) 282-2315, counsel to American Honda Motor Co., Inc.  Thank you.

Respectfully,


Michael L. Mallow
Partner and Chair, Consumer Protection Defense

Enclosure



**MICHAEL L. MALLOW**
Partner and Chair, Consumer
Protection Defense

10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067

**Direct** 310.282.2287
**Main** 310.282.2000
**Fax** 310.919.3883
mmallow@loeb.com

Via Overnight Delivery

September 10, 2013

The Honorable Eric H. Holder, Jr.
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Re: Notice of Proposed Class Action Settlement in Soto, et al. v. American Honda Motor Co.,
Inc.; Case No. 3:12-cv-1377-SI (N.D. Cal. filed March 19, 2012)

Dear Mr. Holder:

We write to serve upon you notice pursuant to 28 U.S.C. § 1715 of the Class Action
Fairness Act of 2005 ("CAFA") of a proposed class action settlement in the above-referenced
matter, with approval pending in the U.S. District Court for the Northern District of California,
San Francisco Division (the "Litigation").

In conjunction with this CAFA notice, please find copies of the following documents[1] on
the enclosed CD:

1. The Complaint, First Amended Complaint, and proposed Second Amended
   Class Action Complaint in the Litigation (anticipated to be filed with the court on
   or before September __, 2013);

2. The notice of the scheduled judicial hearing on preliminary approval (currently set
   for September 20, 2013 at 9:00 a.m.);

3. Proposed notification to class members of: (a) the members' rights to request
   exclusion from the class action; and (b) the proposed settlement;

4. Proposed settlement agreement; and

5. A reasonable estimate of the number of class members who reside in each state
   and the estimated proportionate share of the claims of such members to the
   entire settlement, pursuant to 28 U.S.C. § 1715(b)(7)(B), because it is not
   feasible at this time to provide the names of class members who reside in each
   state.

---

[1]     Please note that copies of items 1-4, and all filings in the Litigation, may be obtained through the
U.S. District Court for the Northern District of California's CM/ECM electronic case filing system, which
can be accessed at the website: http://www.cand.uscourts.gov/cm-ecf.

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing   Hong Kong   www.loeb.com

A limited liability partnership including professional corporations



We hereby advise you that no other agreements of any kind were made contemporaneously between class counsel and counsel for American Honda Motor Co., Inc. Moreover, we are at the preliminary approval stage and, therefore, at this point do not have a final judgment or any written judicial opinions relating to the matters detailed in this notice. We will, however, supplement our submission to you in a timely fashion as required and as additional, relevant materials become available.

In the meantime, if you have questions about this notice, the Litigation, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact the undersigned, or my colleague Michael Shortnacy at (310) 282-2315, counsel to American Honda Motor Co., Inc. Thank you.

Respectfully,


Michael L. Mallow
Partner and Chair, Consumer Protection Defense

Enclosure

## Vicki Garza

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Wednesday, September 11, 2013 7:27 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:12-cv-01377-SI Soto et al v. American Honda Motor Co., Inc. Notice (Other) |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### California Northern District

## Notice of Electronic Filing

The following transaction was entered by Shortnacy, Michael on 9/11/2013 at 7:27 PM and filed on 9/11/2013
**Case Name:** Soto et al v. American Honda Motor Co., Inc.
**Case Number:** 3:12-cv-01377-SI
**Filer:** American Honda Motor Co., Inc.
**Document Number:** 73

**Docket Text:**
**NOTICE by American Honda Motor Co., Inc.** *of Filing of Class Action Settlement Agreement and Release* **(Attachments: # (1) Exhibit 1 to Notice of Filing (Class Action Settlement Agreement and Release), # (2) Exhibit A to Class Action Settlement Agreement and Release (Claim Form), # (3) Exhibit B to Class Action Settlement Agreement and Release (Proposed Final Approval Order & Judgment), # (4) Exhibit C to Class Action Settlement Agreement and Release (Class Notice), # (5) Exhibit D to Class Action Settlement Agreement and Release (Proposed Preliminary Approval Order), # (6) Exhibit E to Class Action Settlement Agreement (CAFA Notice Letters))(Shortnacy, Michael) (Filed on 9/11/2013)**

**3:12-cv-01377-SI Notice has been electronically mailed to:**

Beth E. Terrell    bterrell@tmdwlaw.com, bkinsey@tmdwlaw.com, docketrequests@tmdwlaw.com, enordby@tmdwlaw.com, filing@tmdwlaw.com, jchase@tmdwlaw.com

Darlene Mi-Hyung Cho    dcho@loeb.com

Denise A. Smith-Mars    dmars@loeb.com, croybal@loeb.com, dishikawa@loeb.com, jhigashiyama@loeb.com, jshoulders@loeb.com

Eugene Tompkins    gtompkins@bm.net

Kimberlee Gunning    kgunning@tmdwlaw.com, bkinsey@tmdwlaw.com, docketrequests@tmdwlaw.com, enordby@tmdwlaw.com, filing@tmdwlaw.com, jchase@tmdwlaw.com

Lawrence Deutsch    ldeutsch@bm.net, ahickman@bm.net

Matthew Justin Bonness    matt@berklawdc.com

Michael Brian Shortnacy    mshortnacy@loeb.com

Michael Francis Ram    mram@rocklawcal.com, awilliams@rocklawcal.com

Michael Lawrence Mallow    mmallow@loeb.com, dcho@loeb.com, dmars@loeb.com, eguerrero@loeb.com, mshortnacy@loeb.com, vgarza@loeb.com

Shanon Jude Carson    scarson@bm.net

Steven N. Berk    steven@berklawdc.com

### 3:12-cv-01377-SI Please see Local Rule 5-5; Notice has NOT been electronically mailed to:

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**O:\218800-10002 Honda (client documents)\09-06-2013 Filing Documents\Settlement Agreement\09-11-2013 Notice of Filing Settlement Agreement.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/11/2013] [FileNumber=9967846-0]
[a1363fb12ec0d8e40896c12136b8fbd8a1b602d11b60f104685e7b22155b41fb4ae2e
e1c6fb68a31fd624d236e32ca91a20e7a1a7efe58875d46a75b40b77410]]
**Document description:**Exhibit 1 to Notice of Filing (Class Action Settlement Agreement and Release)
**Original filename:**O:\218800-10002 Honda (client documents)\09-06-2013 Filing Documents\Settlement Agreement\08-30-2013 Soto v AHM Settlement Agreement Execution Copy.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/11/2013] [FileNumber=9967846-1]
[5c33d0cdcedd9401787bb729eca64d14bebcaaaa9891bc500f913efb47a4c5c833e00
1b9b6449d9f83ae8842325080f2287c9b9a68167a895290cb4775972fe7]]
**Document description:**Exhibit A to Class Action Settlement Agreement and Release (Claim Form)
**Original filename:**O:\218800-10002 Honda (client documents)\09-06-2013 Filing Documents\Settlement Agreement\Exhibits to Agreement\Exhibit A - Claim Form.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/11/2013] [FileNumber=9967846-2]
[8971970c438df6f9c7a63acb5c067a5b45f1b2db88b3f688dd6e18b96f44afe6bf99f
97c7fb07294f68a435cba38bba4fdb275fb3ae40b3b79404289a1121186]]
**Document description:**Exhibit B to Class Action Settlement Agreement and Release (Proposed Final Approval Order & Judgment)
**Original filename:**O:\218800-10002 Honda (client documents)\09-06-2013 Filing Documents\Settlement Agreement\Exhibits to Agreement\Exhibit B - Final Approval Order & Judgment.pdf
**Electronic document Stamp:**

[STAMP CANDStamp_ID=977336130 [Date=9/11/2013] [FileNumber=9967846-3]
[058684622d3474af944e515d03378141c2e11c4826f246b841e732f062b23af98c8f5
9328970df57f982a07c1036afb3e8355ce357bbae84f0e2c7d352d27e0d]]

**Document description:**Exhibit C to Class Action Settlement Agreement and Release (Class Notice)
**Original filename:**O:\218800-10002 Honda (client documents)\09-06-2013 Filing Documents\Settlement
Agreement\Exhibits to Agreement\Exhibit C - Class Notice.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/11/2013] [FileNumber=9967846-4]
[2ad9f90ac12221b759da3382d6ebef30e37b8309d53b9082cdfaa5eecd86d3bf5ee83
bfb33f4bf6b7259df96e0300167f8cc3769f23c84dcd52d05df5fdbaccb]]

**Document description:**Exhibit D to Class Action Settlement Agreement and Release (Proposed Preliminary
Approval Order)
**Original filename:**O:\218800-10002 Honda (client documents)\09-06-2013 Filing Documents\Settlement
Agreement\Exhibits to Agreement\Exhibit D - [Proposed] Preliminary Approval Order.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/11/2013] [FileNumber=9967846-5]
[8e5bdcecc49f29cd9bc5c2a7cda9b3e1dfa635f48d6f90cb132cb94aeab0e61131fdb
b51fd3e404469c625b5652e9a2fa281b8361992d229342040be15507862]]

**Document description:**Exhibit E to Class Action Settlement Agreement (CAFA Notice Letters)
**Original filename:**O:\218800-10002 Honda (client documents)\09-06-2013 Filing Documents\Settlement
Agreement\Exhibits to Agreement\Exhibit E - CAFA Notice Letters.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/11/2013] [FileNumber=9967846-6]
[393bdd4be6d495e247d445dd1a74fcfd4c3109f4a737ea1cd2c40ae6c5dfa2aa8d990
74bc5d079f79577ebacfd3a4c432c0154667fa188b33c1541359f673388]]

3