1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                       SAN FRANCISCO DIVISION

6

7   VINCE EAGEN, on behalf of himself and all      )   Case No. 3:12-CV-01377-SI
    others similarly situated,                      )
8                                                   )   Assigned to:  Hon. Susan Illston
                    Plaintiff,                      )
9                                                   )   **ORDER GRANTING JOINT MOTION**
          v.                                        )   **TO PARTIALLY REOPEN THE FINAL**
10                                                  )   **JUDGMENT FOR THE SOLE PURPOSE**
    AMERICAN HONDA MOTOR CO., INC.,                 )   **OF PROVIDING DIRECT NOTICE TO**
11                                                  )   **SETTLEMENT CLASS MEMBERS IN**
                    Defendant.                      )   **WASHINGTON STATE TO WHOM**
12                                                  )   **DIRECT NOTICE WAS**
                                                    )   **INADVERTENTLY NOT MADE**
13                                                  )
                                                    )
14                                                  )
                                                    )
15  _____)

16
        The parties' joint motion to partially reopen the final judgment is scheduled for a hearing on
17
    December 18, 2015.  Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is
18
    appropriate for resolution without oral argument, and VACATES the hearing.  The Court
19
    GRANTS the motion.
20

21

22                                    **DISCUSSION**

23        The parties to the above-captioned litigation (the "Litigation") entered into a Class Action

24  Settlement Agreement and Release, dated September 9, 2013, together with exhibits (collectively,

25  the "Settlement Agreement"), that set forth the terms and conditions for a proposed settlement.

26  The Settlement Agreement was submitted to this Court on September 11, 2013 (Dkt. 73-1). Unless

27  otherwise defined herein, terms and phrases in this Order shall have the same meaning as ascribed

28  to them in the Settlement Agreement, which is incorporated herein by reference.

211079532v.1

[PROPOSED] ORDER GRANTING JOINT MOTION TO PARTIALLY REOPEN THE FINAL JUDGMENT FOR
THE SOLE PURPOSE OF PROVIDING DIRECT NOTICE TO SETTLEMENT CLASS MEMBERS IN
WASHINGTON STATE TO WHOM DIRECT NOTICE WAS INADVERTENTLY NOT MADE

The Settlement Agreement provides Settlement Class Members full cash reimbursement of out-of-pocket expenses for repairs incurred relating to Engine Misfire, *i.e.*:

> the alleged condition in the Settlement Class Vehicles equipped with engines with variable cylinder management ("VCM-2") where the cycling of the cylinder under certain drive conditions allows for spark plug cooling, which may result in carbon fouling of the spark plugs, and is defined by the diagnostic trouble code ("DTC") numbers P0301, P0302, P0303, or P0304.

Settlement Agreement (Dkt. 73-1) at Section I(I).  This specific form of relief required Settlement Class Members[1], who did not exclude themselves from the settlement, to submit to the Settlement Administrator a signed Claim Form together with proof of payment and documentation indicating the date of the repair.  *Id.* at Sections III(B) & IV(B).

Separately, the Settlement Agreement provides to all Settlement Class Members (who did not exclude themselves) a three-year extension of the Settlement Class Vehicles' 5-year / 60,000 mile Powertrain Warranty as to Engine Misfire for a total of eight (8) years from the original purchase or lease date with no mileage limitation.  *Id.* at Section III(A).

On October 9, 2013, the Court entered its Order Preliminarily Approving Class Action Settlement ("Preliminary Approval Order") (Dkt. 89) and also specified the manner by which Defendant American Honda Motor Co., Inc. ("AHM") was to provide notice to the Settlement Class Members.   Specifically, the Preliminary Approval Order, incorporating the Settlement

---

[1] The Settlement Agreement defines the Settlement Class Members as:

> All purchasers and lessees who reside in, and who purchased or leased their vehicles in the United States (other than for purposes of resale or distribution), of any:  (a) Model-Year 2008, 2009, 2010, 2011, and 2012 Honda Accord vehicles equipped with a 6-cylinder engine with VCM-2; (b) Model-Year 2008, 2009, 2010, 2011, 2012, and 2013 Honda Odyssey vehicles equipped with a 6-cylinder engine with VCM-2; (c) Model-Year 2008, 2009, 2010, 2011, 2012, and 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with VCM-2; (d) Model-Year 2010 and 2011 Honda Accord Crosstour vehicles equipped with a 6-cylinder engine with VCM-2; and (e) Model Year 2012 Crosstour vehicles equipped with a 6-cylinder engine with VCM-2.

The Settlement Agreement excluded from the Settlement Class:  (1) Honda; (2) any affiliate, parent, or subsidiary of Honda; (3) any entity in which Honda has a controlling interest; (4) any officer, director, or employee of Honda; (5) any successor or assign of Honda; (6) any Judge to whom the Litigation is assigned; (7) anyone who purchased a Settlement Class Vehicle for the purpose of resale; and (8) any owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the United States.

[PROPOSED] ORDER GRANTING JOINT MOTION TO PARTIALLY REOPEN THE FINAL JUDGMENT FOR THE SOLE PURPOSE OF PROVIDING DIRECT NOTICE TO SETTLEMENT CLASS MEMBERS IN WASHINGTON STATE TO WHOM DIRECT NOTICE WAS INADVERTENTLY NOT MADE

Agreement, required AHM to "mail[] or arrang[e] for the mailing by first-class mail, postage prepaid of the Notice and Claim Form from the information complied from the Class List to each Settlement Class member on the Class List." (Dkt. No. 73-1, Settlement Agreement, Section IV.)

After entry of the Preliminary Approval Order directing dissemination of Notice in accordance with the Notice plan set forth in the Settlement Agreement, the Settlement Administrator caused the Notice to be mailed to Settlement Class Members via first class U.S. Mail, postage prepaid. (*See* Dkt. 106 ¶¶ 4-7.) Settlement Class Members' mailing addresses were obtained via a good faith search of Department of Motor Vehicle registration data for each State, the District of Columbia, Puerto Rico and Saipan, and procedures were put into place for updating mailing addresses and the handling of returned mail. (*Id.*) In addition, a dedicated settlement website containing the Settlement Agreement, the Notice, the Claim Form, and other relevant settlement and Court documents was created, and a toll-free telephone number with live-agent support and prerecorded frequently asked questions dedicated to this settlement was also put into place. (*Id.* ¶¶ 8-9, 12.) Both remain operative to this day. (*Id.* ¶¶ 10, 12.)

Following the dissemination of the Notice, and the posting of the Notice on the settlement website, Settlement Class Members were given an opportunity to: (i) submit timely requests for exclusion from the Settlement Class; or (ii) object to the Settlement Agreement (including the Class Counsel Fees and Expenses Award and Named Plaintiff's Incentive Award) and provide notice of their intent to appear at the Final Approval Hearing.

From among a Settlement Class of over 1.87 million current or former owners or lessees of Settlement Class Vehicles (Dkt. 106, ¶ 4-5), the Court reviewed each of the objection letters submitted by the parties (Dkt. 103-2; 104-4; 104-5; 106-1; 106-2), which were less than 25 in number—some of which were procedurally deficient, and one of which was withdrawn (*see* Dkt. 103 at 1 n.1; 104 ¶¶ 9-12). The Court also received from the Settlement Administrator copies of two-hundred and eighteen (218) requests for exclusion from the settlement (Dkt. 104 ¶¶ 5-6; 104-1; 104-2).

The Final Approval Hearing was held on March 21, 2014, at 9:00 a.m. No Settlement Class

3

[PROPOSED] ORDER GRANTING JOINT MOTION TO PARTIALLY REOPEN THE FINAL JUDGMENT FOR THE SOLE PURPOSE OF PROVIDING DIRECT NOTICE TO SETTLEMENT CLASS MEMBERS IN WASHINGTON STATE TO WHOM DIRECT NOTICE WAS INADVERTENTLY NOT MADE

Members provided notice of their intent to appear at the Final Approval Hearing to object to, or otherwise comment on, the settlement, and, in fact, no Settlement Class Members did appear at the Final Approval Hearing.

On March 27, 2014, following the March 21, 2014 Final Approval Hearing, the Court issued its Order Granting Final Approval of Class Action Settlement and Application for Attorneys' Fees, and Class Representative Payment, and Final Judgment and Order of Dismissal with Prejudice ("Final Order and Judgment") (Dkt. 109).  The Final Order and Judgment approved the settlement described in the Settlement Agreement.

On November 18, 2015, the parties filed a Joint Motion to Partially Reopen the Final Order and Judgment for the Sole Purpose of Providing Direct Notice to Settlement Class Members in Washington State to Whom Direct Notice Was Inadvertently Not Made (the "Motion").  The Motion is made on the grounds that the vendor hired by AHM to mail settlement class Notice to all Settlement Class Members in the nationwide settlement class inadvertently failed to mail notice to the Settlement Class Members with Settlement Class Vehicles registered in the state of Washington (the "Omitted Owner Group"), and the requested relief is necessary to ensure that the Omitted Owner Group is afforded an opportunity to exercise all rights afforded to them under the Settlement Agreement and the Final Order and Judgment entered in this case.

Accordingly, the parties move the Court to exercise its powers under Rules 60(b)(6) and 23(d)(2) of the Federal Rules of Civil Procedure to: (1) partially reopen the Final Order and Judgment for the sole purpose of permitting supplemental notice of the Settlement to be directly mailed to the Omitted Owner Group, and afford an opportunity for them to be heard; (2) approve the supplemental settlement Notice to the Omitted Owner Group that is attached to this Order; (3) approve a schedule for members of the Omitted Owner Group to take action, if desired, concerning the settlement; and (4) grant all other appropriate relief.

The Court has read and considered the Motion, and all documents and evidence in support, including the revised supplemental Notice and revised Claim Form, and finds that there is sufficient basis to grant the relief requested in the Motion.

211079532v.1

1   NOW THEREFORE, for good cause shown, the Court GRANTS the Motion and makes the

2   following findings and orders:

3   1.      The Final Order and Judgment (Dkt. 109) remains in all respects final as to all

4   parties other than the Omitted Owner Group.

5   2.      The Court hereby partially reopens the Final Order and Judgment solely as to the

6   Omitted Owner Group consisting of:

7       All purchasers and lessees who reside in the State of Washington, and
8       who purchased or leased their vehicles in the United States (other than
        for purposes of resale or distribution), of any: (a) Model-Year 2008,
9       2009, 2010, 2011, and 2012 Honda Accord vehicles equipped with a
        6-cylinder engine with VCM-2; (b) Model-Year 2008, 2009, 2010,
10      2011, 2012, and 2013 Honda Odyssey vehicles equipped with a 6-
        cylinder engine with VCM-2; (c) Model-Year 2009, 2010, 2011, 2012,
11      and 2013 Honda Pilot vehicles equipped with a 6-cylinder engine with
        VCM-2; (d) Model-Year 2010 and 2011 Honda Accord Crosstour
12      vehicles equipped with a 6-cylinder engine with VCM-2; and (e)
        Model Year 2012 Crosstour vehicles equipped with a 6-cylinder
13      engine with VCM-2.

14  Excluded from the Omitted Owner Group are: (1) AHM; (2) any affiliate, parent, or subsidiary of

15  AHM; (3) any entity in which AHM has a controlling interest; (4) any officer, director, or

16  employee of AHM; (5) any successor or assign of AHM; (6) any Judge to whom the Litigation is

17  assigned; (7) anyone who purchased a Settlement Class Vehicle for the purpose of resale; (8) any

18  owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the

19  United States; and (9) any Settlement Class Members that previously received Notice.

20  3.      The parties stipulate, and Court approves, the Settlement Administrator being

21  charged with mailing Supplemental Notice to the Omitted Owner Group, and administering the

22  relief to the Omitted Owner Group provided in the Settlement Agreement, pursuant to the terms of

23  that agreement and pursuant to the Final Judgment and Order.  AHM, or its indemnitees, will bear

24  all costs and expenses related to the supplemental Notice.

25  4.      The Settlement Administrator will continue to maintain the website

26  (www.enginemisfiresettlement.com), which makes available documents relating to the settlement

27  (including the supplemental Notice and revised Claim Form) available for download.

28  5.      The Court hereby approves the form of the supplemental Notice, without material

211079532v.1

alteration from Exhibit D annexed to the Declaration of Michael B. Shortnacy filed concurrently with the Joint Motion to Partially Reopen the Judgment (Dkt. 114-6), and the procedure for disseminating supplemental Notice to the Omitted Owner Group. The parties are directed to correct the time of the supplemental hearing at stated in the supplemental Notice; the supplemental hearing shall be held on **April 22, 2016 at 10:00 a.m**.

6.      The Court finds that the supplemental Notice posted on the Website and mailed to the Omitted Owner Group informs the Omitted Owner Group of the material terms of the Settlement Agreement and their rights and responsibilities in connection with the settlement, and further finds that the supplemental Notice: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise members of the Omitted Owner Group of the existence of the Litigation and of their right to object or to exclude themselves from the proposed settlement; (iii) is reasonable, and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of Due Process and applicable law.

7.      Pursuant to Rule 23(c)(2)(B) and Rule 23(e), the Court orders that the Settlement Administrator mail the supplemental Notice via postage prepaid first class U.S. mail to the persons on the Omitted Owner Group list, and that such mailing be completed no later than January 29, 2016. The supplemental Notice shall be accompanied by a Claim Form that does not materially differ from the form annexed as Exhibit F to Declaration of Michael B. Shortnacy filed concurrently with AHM's Motion to Partially Reopen the Judgment.

8.      The Court further orders the posting of the supplemental Notice and revised Claim Form on the Website as promptly as practicable subsequent to the date of entry of this Order. The Court further orders the Settlement Administrator to file with the Court proof of mailing of the supplemental Notice and publication of both the supplemental Notice and revised Claim Form on the Website at or before the Supplemental Hearing.

9.      The Court orders each member of the Omitted Owner Group who has not submitted a timely request for exclusion from the Settlement Class and who wishes to object to the fairness,

211079532v.1

reasonableness or adequacy of the Settlement Agreement as to the Omitted Owner Group only, to: (i) mail to the Settlement Administrator, and serve upon Class Counsel and AHM's Counsel at the addresses listed on the supplemental Notice, (ii) postmarked no later than March 15, 2016, (iii) a statement of the objection signed by the member of the Omitted Owner Group and containing all of the following information:

(a) the objector's full name, current address and telephone number;

(b) identify the date of acquisition and Vehicle Identification Number for his, her or its Settlement Class Vehicle;

(c) state that the objector has reviewed the Settlement Class definition and understands that he, she or it is a member of the Omitted Owner Group;

(d) provide a written statement of all grounds for the objection accompanied by any legal support for such objections;

(e) copies of any papers, briefs or other documents upon which the objection is based; and

(f) a statement of whether the objector intends to appear at the Supplemental Hearing.

10.     In addition, any member of the Omitted Owner Group objecting to the settlement shall provide a list of all other objections submitted by the objector and/or by the objector's counsel, to any class action settlements submitted in any state or federal court in the United States in the previous five (5) years.  If the member of the Omitted Owner Group or his, her or its counsel has not objected to any other class action settlement in the previous five years, he, she or it shall affirmatively so state in the objection.

11.     No later than March 30, 2016, the Settlement Administrator will submit to the Court all objections it received from members of the Omitted Owner Group.

12.     Any member of the Omitted Owner Group who does not both provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the supplemental Notice, and file an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the supplemental Notice (as applicable), will be deemed to have waived any objections to the settlement, and shall be foreclosed from

Case 3:12-cv-01377-SI   Document 116   Filed 12/07/15   Page 8 of 10

seeking any adjudication or review of the settlement by appeal or otherwise, subject to the discretion of the Court.

13.     The submission of an objection shall allow Class Counsel or AHM's Counsel to take the deposition of the objecting member of the Omitted Owner Group pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection.  Failure by an objector to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection.  The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

14.     Members of the Omitted Owner Group may exclude themselves from the settlement (i.e., "Opt-Out"), relinquishing their rights to any benefits under the Settlement Agreement. A member of the Omitted Owner Group wishing to exclude himself, herself or itself must send the Settlement Administrator a letter postmarked no later than March 15, 2016, containing: (i) the name of the member of the Omitted Owner Group, current address, and telephone number; (ii) the approximate date of acquisition and VIN for his, her or its Settlement Class Vehicle; and (iii) a clear statement communicating that he, she or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any amended final judgment entered pursuant to the settlement.

15.     Any request for exclusion must be postmarked no later than March 15, 2016.  Any member of the Omitted Owner Group who does not submit a timely, written Opt-Out from the Omitted Owner Group in accordance with the requirements set forth in the Notice will be bound by all proceedings, orders, and judgments in the Litigation, even if such member of the Omitted Owner Group has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release and the Released Claims, as defined in the Settlement Agreement.

16.     Not later than March 30, 2016, the Settlement Administrator shall provide the Court, Class Counsel and AHM's Counsel a list identifying each member of the Omitted Owner

8

211079532v.1

[PROPOSED] ORDER GRANTING JOINT MOTION TO PARTIALLY REOPEN THE FINAL JUDGMENT FOR THE SOLE PURPOSE OF PROVIDING DIRECT NOTICE TO SETTLEMENT CLASS MEMBERS IN WASHINGTON STATE TO WHOM DIRECT NOTICE WAS INADVERTENTLY NOT MADE

Group who submitted an exclusion request together with copies of the exclusion requests together with a declaration attesting to the completeness and accuracy thereof.

17.     The Court hereby enjoins members of the Omitted Owner Group from asserting Engine Misfire claims as set forth in the Second Amended Complaint (and anyone who purports to act on the behalf of any such member of the Omitted Owner Group) unless and until they have timely excluded themselves from the Settlement Class as set forth in the Notice: (i) from filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action asserted by the Second Amended Complaint, or the facts and circumstances alleged in the Second Amended Complaint, and/or the Released Claims; (ii) from filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any members of the Omitted Owner Group who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action asserted by the Second Amended Complaint, or the facts and circumstances alleged in the Second Amended Complaint, and/or the Released Claims; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action asserted by the Second Amended Complaint, or the facts and circumstances alleged in the Second Amended Complaint, and/or the Released Claims.

18.     The Court hereby directs the Settlement Administrator to maintain a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion, objections, notices of intention to appear and any other communications.

19.     The Court hereby approves the revised Claim Form, which is annexed as Exhibit F to the Declaration of Michael B. Shortnacy filed concurrently with, and in support of, the Motion.

20.     The parties shall file any memoranda or other materials in response to any timely

and properly filed objection to the Settlement Agreement by a member of the Omitted Owner Group, no later than April 8, 2016.  Such materials shall be served on Class Counsel, AHM's Counsel, and on any member of the Omitted Owner Group (or his, her or its counsel, if represented) to whose objection to the Settlement Agreement the memoranda or other materials respond.

21.    Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure and in accordance with 28 U.S.C. § 1715(d), the Court sets **April 22, 2016 at 10:00 a.m.**, as the date and time of the Supplemental Hearing, at which the Court will determine whether there is any reason not to issue an Order entering an amended Final Approval Order and Judgment as to the Omitted Owner Group.  The Supplemental Hearing shall be held at the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 10 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

22.    The Court reserves the right to adjourn or continue the Supplemental Hearing, or any further adjournment or continuance thereof, and to approve modifications to the Settlement Agreement as applied to the Omitted Owner Group, if any, consented to by the Class Counsel and AHM's Counsel without further notice.

**IT IS SO ORDERED.**

Dated:  December 7, 2015

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

211079532v.1

[PROPOSED] ORDER GRANTING JOINT MOTION TO PARTIALLY REOPEN THE FINAL JUDGMENT FOR THE SOLE PURPOSE OF PROVIDING DIRECT NOTICE TO SETTLEMENT CLASS MEMBERS IN WASHINGTON STATE TO WHOM DIRECT NOTICE WAS INADVERTENTLY NOT MADE