+

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX SOTO, *et al.*, <br><br>     Plaintiffs, <br><br>     v. <br><br> AMERICAN HONDA MOTOR CO., INC., <br><br>     Defendant. | Case No. 12-cv-01377-SI <br><br> **ORDER CLOSING FINAL JUDGMENT** |

On March 27, 2014, following the March 21, 2014 Final Approval Hearing in this class action settlement, the Court issued an Order Granting Final Approval of Class Action Settlement and Application for Attorneys' Fees, and Class Representative Payment, and Final Judgment and Order of Dismissal with Prejudice ("Final Order and Judgment"). Dkt. No. 109. The Final Order and Judgment approved the settlement described in the Settlement Agreement.[1]

On November 18, 2015, pursuant to Rule 60(b)(6), the parties filed a Joint Motion to Partially Reopen the Final Order and Judgment for the Sole Purpose of Providing Direct Notice to Settlement Class Members in Washington State to Whom Direct Notice Was Inadvertently Not Made (the "Joint Motion"). Dkt. No. 114. The basis for the Joint Motion is that the vendor hired by Defendant American Honda Motor Co., Inc. ("AHM") to mail settlement class Notice to all Settlement Class Members in the nationwide settlement class inadvertently failed to mail notice to

---

[1] The parties to the above-captioned litigation (the "Litigation") entered into a Class Action Settlement Agreement and Release, dated September 9, 2013, together with exhibits (collectively, the "Settlement Agreement"), that set forth the terms and conditions for a proposed settlement. The Settlement Agreement was submitted to this Court on September 11, 2013. Dkt. No. 73-1. Unless otherwise defined herein, terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, which is incorporated herein by reference.

1  the Settlement Class Members with Settlement Class Vehicles registered in the state of
2  Washington as of September 18, 2013 (the "Omitted Owner Group"). The Joint Motion requested
3  that the Court partially reopen the Final Judgment only as to the Omitted Owner Group for the
4  sole purpose of giving the Omitted Owner Group direct notice of the Settlement and affording
5  them an opportunity to opt-out, object, and to exercise all rights under the terms of the Settlement
6  Agreement.

7  On December 7, 2015, for good cause shown, the Court granted the Joint Motion and
8  issued an Order Partially Reopening the Final Judgment for the Sole Purpose of Providing Direct
9  Notice to Settlement Class Members in Washington State to Whom Direct Notice was
10 Inadvertently Not Made (the "Supplemental Order"). Dkt. No. 116. The Supplemental Order
11 partially reopened the Final Order and Judgment solely as to the Omitted Owner Group, and
12 directed dissemination of Supplemental Notice and a revised Claim Form to the Omitted Owner
13 Group. The Supplemental Order stated that the Final Order and Judgment remained and remains
14 final as to all parties other than the Omitted Owner Group. *Id*. at ¶ 1.

15 On or before January 29, 2016, the Settlement Administrator caused the Supplemental
16 Notice and revised Claim Form to be mailed to the Omitted Owner Group. Dkt. No. 123, ¶¶ 3-5.
17 The Omitted Owner Group's mailing addresses were obtained by R.L. Polk & Co. via good faith
18 search of Polk's proprietary database of vehicle title and record owner information. *Id.* R.L.
19 Polk ran the resulting owner addresses through the National Change of Address Service to
20 obtain the most current mailing address available, and procedures were put into place for the
21 handling and re-mailing of returned mail. *Id*. In addition, the Settlement Administrator
22 maintained a dedicated settlement website containing the Settlement Agreement, the
23 Supplemental Notice, and the revised Claim Form, and other relevant settlement and Court
24 documents. *See* Dkt. No. 122.

25 Following the dissemination of the Supplemental Notice by mail, and the posting of the
26 Supplemental Notice and revised Claim Form on the settlement website, members of the
27 Omitted Owner Group were given an opportunity to: (i) submit timely requests for exclusion
28

from the Settlement Class; or (ii) object to the Settlement Agreement and provide notice of their intent to appear at the Supplemental Hearing.

From among an Omitted Owner Group of over 28,177 current or former owners or lessees of Settlement Class Vehicles registered in the state of Washington as of September 18, only one objection was received. The Court has reviewed the sole objection letter, and finds that the objections asserted therein relate to issues of oil consumption that are not germane to the Engine Misfire issues that are the subject of the Settlement Agreement. Accordingly, the Court overrules the objection. However, at the hearing counsel for AHM stipulated that, with respect to the objector, the statute of limitations on claims regarding oil consumption would be tolled through April 22, 2016. The Court also directed plaintiffs' counsel to write a letter to the objector informing the objector of that stipulation and explaining that the settlement did not cover or release claims regarding oil consumption.

The Court also received from the Settlement Administrator copies of six (6) timely requests by members of the Omitted Owner Group for exclusion from the settlement. Dkt. Nos. 120 ¶¶ 4-6; 120-1; 120-2; 121, ¶¶ 4-7, 121-1; 121-2; 121-3.

The Supplemental Hearing was held on April 22, 2016, at 10:00 a.m. No members of the Omitted Owner Group provided notice of their intent to appear at the Supplemental Hearing to object to, or otherwise comment on, the settlement, and, in fact, no members of the Omitted Owner Group did appear at the Supplemental Hearing.

NOW THEREFORE, this matter having been brought before the Court on the Joint Motion of the parties, the Court having fully considered the evidence and submissions of the parties and the Settlement Administrator on the Joint Motion, and the positions of the parties as expressed on the record at the Supplemental Hearing, the Court hereby makes the following findings of fact and conclusions of law:

1. The Court reaffirms its finding in Supplemental Order that the Final Order and Judgment remained and remains final as to all parties other than the Omitted Owner Group, and has in no way been affected by the parties' Joint Motion, which sought limited relief affecting only the Omitted Owner Group.

2. The Court finds that the manner of dissemination and content of the Supplemental Notice as specified in detail in the Settlement Agreement and the Supplemental Order (Dkt. No. 116), and as revised jointly by the parties (Dkt. No. 119):

    i. constituted the best notice practicable;

    ii. constituted notice that was reasonably calculated under the circumstances to apprise member of the Omitted Owner Group of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed settlement, of their right to appear at the Supplemental Hearing, and of their right to seek monetary and other relief;

    iii. constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and

    iv. met all applicable requirements of Due Process and any other applicable law or requirement. Full and fair opportunity has been afforded to the members of the Omitted Owner Group to be heard at and to participate in the Supplemental Hearing.

3. The Court finds that the parties and the Settlement Administrator have fully complied with their respective obligations as set forth in the Supplemental Order entered by this Court on December 7, 2015.

Based upon the foregoing findings of fact and conclusions of law, which are based upon and supported by the substantial evidence presented by the Parties hereto and members of Omitted Owner Group, all of which the Court has considered and is in the record before the Court,

IT IS HEREBY ORDERED as follows:

4. Pursuant to Fed. R. Civ. P. 60(b), the Final Order and Judgment, which was partially opened solely to afford direct notice of the Settlement to the Omitted Owner Group is hereby CLOSED, and is in all respects Final as to the Omitted Owner Group.

5. The Court hereby overrules the objections raised by the sole objecting member of the Omitted Owner Group on the merits, and directs consummation and/or continuance of all of the Settlement Agreement's terms and provisions as to the Omitted Owner Group.

6. The Court approves the list of Opt-Outs attached hereto as Exhibit A and determines that Exhibit A is a complete list of all members of the Omitted Owner Group who timely have requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, subject to the terms of the Settlement Agreement. Members of the Omitted Owner Group appearing on this Opt-Out list that elect to receive benefits under the Settlement Agreement shall be deemed to have rescinded their request to exclude themselves from the settlement, thereby once again becoming members of the Settlement Class and subject to the terms of the Settlement Agreement and this Court's orders.

7. The Court adjudges that the Omitted Owner Group has conclusively compromised, settled, dismissed and released any and all Released Claims against AHM and the Releasees.

8. The Court declares that the Settlement Agreement and the Final Order and Judgment to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release and the Released Claims maintained by or on behalf of the Named Plaintiff and all other Settlement Class Members, including the Omitted Owner Group, as well as their successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs.

9. By operation of the Final Order and the Judgment, which is now closed by this Order, and in consideration of the Settlement Agreement and the benefits extended to the members of the Omitted Owner Group, on behalf of themselves, or their respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, are deemed to have fully released and forever discharged the Releasees from the Released Claims in accordance and consistent with the terms of the Settlement Agreement, but not as to any obligations created or owed to them under the terms of the Settlement Agreement.

10. Effective as of the date of this Order, to the fullest extent permitted by law, the Court orders and enters a permanent injunction barring and enjoining the Omitted Owner Group, from: (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; and (ii) organizing the Omitted Owner Group, who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; the terms of the Release shall not apply to the Opt-Outs listed on Exhibit A hereto or to any other persons the Parties agree in writing submitted timely and valid requests for exclusion and should also be listed as Opt-Outs unless such persons elect to claim the benefits set forth in the Settlement Agreement thereby choosing to rescind their requests for exclusion from the Settlement Class.

11. Without affecting in any way the finality of the judgment entered under the Final Order and Judgment, this Court reserves continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members and members of the Omitted Owner Group, and the execution, consummation, administration and enforcement of the terms of the Settlement Agreement.

12. The Court finds that there is no reason for delay and directs the Clerk to enter this Order Closing Final Judgment in accordance with the terms of this Order as of the date of this Order.

**IT IS SO ORDERED**.

Dated: May 3, 2016

_____
SUSAN ILLSTON
United States District Judge